1       UNITED STATES DISTRICT COURT

2       SOUTHERN DISTRICT OF CALIFORNIA

3

UNITED STATES OF AMERICA,      )

4                              )

PLAINTIFF,       )      CASE NO. 16CR2892-JAH

5                              )

VS.                            )      SAN DIEGO, CALIFORNIA

6                              )

TYRONE CEDRIC DUREN,           )      MONDAY,

7  JENNIFER LYNN DUREN,           )      FEBRUARY 26, 2018

                               )      10:40 A.M.

8             DEFENDANTS.       )

_____)

9

10

11

12

13        REPORTER'S TRANSCRIPT OF PROCEEDINGS

14              MOTION HEARING

15

BEFORE THE HONORABLE JOHN A. HOUSTON

16        UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22  REPORTED BY:  CAMERON P. KIRCHER

               CSR NO. 9427, RPR, CRR, RMR

23             333 W. BROADWAY, SUITE 420

               SAN DIEGO, CALIFORNIA  92101

24             E-MAIL:  CPKIRCHER@GMAIL.COM

25

COMPUTER-AIDED TRANSCRIPTION

1    APPEARANCES:

2    FOR THE GOVERNMENT:

3                          ALANA WONG, ACTING U.S. ATTORNEY
                           BY:  KEVIN M. RAPP, ESQ.
4                          ASSISTANT U.S. ATTORNEY
                           880 FRONT STREET
5                          SAN DIEGO, CALIFORNIA  92101

6                          U.S. ATTORNEY, DOJ
                           BY:  ABBIE BROUGHTON MARSH, ESQ.
7                          40 N. CENTRAL
                           PHOENIX, ARIZONA  85004

8

9    FOR DEFENDANT TYRONE DUREN:

10                         JOHN D. KIRBY
                           ATTORNEY AT LAW
11                         110 WEST A STREET
                           SUITE 100
12                         SAN DIEGO, CALIFORNIA  92102

13   FOR DEFENDANT JENNIFER DUREN:

14                         ARENDSEN CANE MOLNAR, LLP
                           BY:  HAMILTON E. ARENDSEN, ESQ
15                         550 WEST C STREET
                           SUITE 1150
16                         SAN DIEGO, CALIFORNIA  92101

17

18

19

20

21

22

23

24

25

1    SAN DIEGO, CALIFORNIA - MONDAY, FEBRUARY 26, 2018

2                    10:40 A.M.

3        THE COURT:  GOOD MORNING.

4        THE CLERK:  NO. 7 ON CALENDAR IS 16CR2892, THE

5    UNITED STATES OF AMERICA VERSUS TYRONE CEDRIC DUREN AND

6    JENNIFER LYNN DUREN.

7        MR. RAPP:  GOOD MORNING.  KEVIN RAPP AND ABBIE MARSH

8    ON BEHALF OF THE UNITED STATES.

9        THE COURT:  GOOD MORNING.

10        MR. KIRBY:  GOOD MORNING, YOUR HONOR.  JOHN KIRBY ON

11    BEHALF OF MR. DUREN, WHO IS PRESENT.

12        THE COURT:  GOOD MORNING, SIR.

13        GOOD MORNING, SIR.

14        MR. ARENDSEN:  AND GOOD MORNING, YOUR HONOR.

15    HAMILTON ARENDSEN FOR MS. DUREN.  SHE'S HERE AS WELL, PRESENT

16    ON BOND.

17        THE COURT:  GOOD MORNING.

18        DEFENDANT JENNIFER DUREN:  GOOD MORNING.

19        THE COURT:  WE'RE HERE FOR A STATUS.  WHERE ARE WE?

20        MR. KIRBY:  WELL, YOUR HONOR, FROM OUR PART, WE JUST

21    RECEIVED ADDITIONAL DISCOVERY ON FRIDAY, I BELIEVE.  I'M NOT

22    SURE WHAT THAT BRINGS THE TOTAL TO.  I DON'T HAVE THAT FIGURE

23    RIGHT HERE IN FRONT OF ME, BUT IT'S BEEN THOUSANDS OF PAGES.

24        WE CURRENTLY ARE WORKING ON FILING ANOTHER MOTION OF

25    OUR OWN FOR DISCOVERY.  WE'VE TRIED TO WORK THIS OUT WITH

1    MR. RAPP.  WE'VE BEEN UNSUCCESSFUL.  SO WE'RE GOING TO FILE A

2    MOTION TO HAVE THE COURT DECIDE ON THAT.

3          AT THIS POINT, YOUR HONOR, I DON'T THINK WE'RE GOING

4    TO BE READY FOR TRIAL IN JUNE.  WE'D ASK THE COURT TO

5    CONSIDER GIVING THE DEFENSE ADDITIONAL TIME TO GO THROUGH THE

6    NEW DISCOVERY, PLUS MAKE OUR OWN AFFIRMATIVE REQUEST.

7          THE COURT:  HOW MUCH NEW DISCOVERY DID YOU RECEIVE?

8          MR. KIRBY:  I'M NOT SURE, YOUR HONOR.  I'M SORRY.  I

9    JUST RECEIVED IT FRIDAY.  I HAVEN'T GONE THROUGH THE TOTAL

10   PAGES AT THIS POINT.  BUT MAYBE MR. RAPP KNOWS OFF THE TOP OF

11   HIS HEAD.

12         MR. RAPP:  I'M UNAWARE OF ANY NEW DISCOVERY THAT WAS

13   PROVIDED ON FRIDAY.

14         MR. KIRBY:  WELL, IT WAS GOVERNMENT'S DISCOVERY

15   EIGHT.

16         MR. RAPP:  WELL, I CAN -- IT WOULD BE VERY MINIMAL.

17   IT WOULDN'T HAVE BEEN -- IT WOULDN'T HAVE BEEN -- DO YOU HAVE

18   ANY IDEA HOW MUCH -- WHAT THE QUANTITY WAS?

19         MR. KIRBY:  AGAIN, YOUR HONOR, I DON'T HAVE THAT

20   RIGHT HERE IN FRONT OF ME.

21         MR. RAPP:  WELL, WHAT DEFENSE COUNSEL COULD BE

22   REFERRING TO IS DISCOVERY THAT IS -- NOT DISCOVERY, BUT

23   DOCUMENTS THAT ARE OBLIGATED UNDER THE SCHEDULING ORDER,

24   WHICH WOULD HAVE BEEN SUMMARY CHARTS, THINGS LIKE THAT.  BUT

25   IN TERMS OF ABSOLUTE NEW DISCOVERY, I'M UNAWARE OF ANY

1    DISCOVERY THAT WAS MADE AVAILABLE AS OF LAST FRIDAY.

2            MR. KIRBY:  WELL, YOUR HONOR, THERE WERE R.O.I.'S I

3    KNOW.  LIKE I SAID, I HAVEN'T EVEN GONE THROUGH IT ALL AT

4    THIS POINT, BUT I NOTICED THERE WERE REPORTS REGARDING

5    INTERVIEWS OF INDIVIDUALS.

6            THE COURT:  WHAT'S YOUR TAKE ON CONTINUING THE TRIAL

7    DATE, COUNSEL?

8            MR. RAPP:  JUDGE, WE'D OBJECT TO THAT.  THIS CASE

9    WAS INDICTED IN DECEMBER OF 2016.  WE ENTERED INTO A

10   SCHEDULING ORDER, SET SOME DEADLINES.  BY JUNE, WE WOULD BE A

11   YEAR AND A HALF OUT.  THE CASE HAS BEEN PENDING FOR A LONG

12   TIME.  DISCOVERY HAS BEEN AVAILABLE, THE BULK OF THE

13   DISCOVERY HAS BEEN DISCLOSED OVER A YEAR AGO.

14           WE'VE DONE EXPERT NOTICES.  WE HAVE PROVIDED THE

15   DEFENSE A PRELIMINARY WITNESS LIST AND EXHIBIT LIST.  I CAN'T

16   SPEAK FOR THE SOUTHERN DISTRICT OF CALIFORNIA, BUT I KNOW IN

17   ARIZONA, YOU GENERALLY DON'T GET A WITNESS LIST OR AN EXHIBIT

18   LIST UNTIL A COUPLE WEEKS BEFORE TRIAL.  HERE, THEY HAVE HAD

19   IT FOR QUITE SOME TIME.  SIX MONTHS.

20           IT SEEMS THAT'S SUFFICIENT NOTICE OF WHAT THE THEORY

21   OF THE GOVERNMENT'S CASE IS.  THIS IS A VERY

22   COMPREHENSIVE-SPEAKING INDICTMENT.  THERE SHOULD BE NO

23   SURPRISES AS TO WHAT THE EVIDENCE IS, WHO THE WITNESSES ARE

24   GOING TO BE AND WHAT THE EXHIBITS ARE.

25           AND IN TERMS OF COUNSEL'S CONTENTION THAT THE

1  GOVERNMENT HASN'T BEEN RESPONSIVE ON DISCOVERY ISSUES, I'M

2  AWARE OF A LETTER THAT THEY PROVIDED US SOME SIX MONTHS AGO,

3  REQUESTING SOME DISCOVERY.  WE HAND-WALKED DISCOVERY TO

4  DEFENSE COUNSEL'S OFFICE.

5          WE ARE ALWAYS AVAILABLE TO MEET AND CONFER AND SIT

6  DOWN, GO THROUGH THE DISCOVERY, ANSWER ANY QUESTIONS AS TO

7  WHAT THEY THINK THEY MIGHT BE ENTITLED TO.  AND SO I DON'T

8  THINK THERE IS ANY DELAY HERE OR ANY LAST-MINUTE DISCLOSURES

9  SUCH THAT WOULD PRECIPITATE A CONTINUANCE OF THE TRIAL THAT'S

10  NOW SET THREE MONTHS OFF.

11          THE COURT:  ANYTHING ELSE, SIR?

12          MR. KIRBY:  YES, YOUR HONOR.  JUST THAT WE DID

13  ATTEMPT TO MEET AND CONFER.  AND THERE WERE ITEMS THAT WE

14  BELIEVE WE'RE ENTITLED TO THAT WE HAVE NOT RECEIVED, AND

15  MR. RAPP IS TELLING ME HE IS UNWILLING TO PROVIDE THEM.

16          SO I THINK -- AND, YOU KNOW, WE HAVE PREPARED A

17  DRAFT MOTION FOR ADDITIONAL DISCOVERY, AND WE'D LIKE TO HAVE

18  A CHANCE TO FILE THAT, HAVE A CHANCE FOR THEM TO DECIDE.

19  WHETHER THEY ARE AWARE OF IT OR NOT, WE DID JUST RECEIVE

20  GOVERNMENT DISCOVERY EIGHT.  AND I'M TRYING TO FIND IT ON MY

21  PHONE RIGHT NOW, BUT I CAN -- I CAN TELL THE COURT THAT WE

22  DID JUST RECEIVE IT.  I HAVEN'T HAD A CHANCE TO LOOK AT IT.

23  THERE WERE REPORTS OF INVESTIGATION IN IT.  AND WE NEED TIME

24  TO PREPARE FOR THAT.

25          AND I'M NOT TALKING ABOUT A SIX-MONTH CONTINUANCE.

1    I'M JUST TALKING ABOUT A COUPLE MONTHS SO THAT WE CAN GET

2    READY AND GET OUR DISCOVERY MOTION RULED UPON AND WE CAN GO

3    TO TRIAL.

4            THE COURT:  ALL RIGHT.  ONE SECOND.

5            MR. ARENDSEN, ANY COMMENTS?

6            MR. ARENDSEN:  NO, YOUR HONOR.  WE'VE REACHED AN

7    AGREEMENT IN PRINCIPLE WITH THE GOVERNMENT.  I ANTICIPATE

8    THIS BEING A DISPOSITION ON BEHALF OF OUR CLIENT, SO WE'LL

9    DEFER TO THE COURT WITH REGARD TO THE TRIAL DATE.

10           MR. RAPP:  JUDGE, IF I MAY.  I THINK I HAVE SOME

11   MORE INFORMATION ON THIS DISCOVERY.

12           THE COURT:  SURE.

13           MR. RAPP:  SO WE PROVIDED THE DEFENSE, OVER SIX

14   MONTHS AGO, A HARD DRIVE WITH A LOT OF DISCOVERY.  IT HAD

15   DISCOVERY FROM THE DEFENDANT'S COMPUTERS, DISCOVERY FROM THE

16   SEARCH WARRANT.  WE HAVE GONE BACK -- SO THE DISCOVERY HAS

17   ALREADY BEEN GIVEN.  WE HAVE GONE BACK AND BATE STAMPED THOSE

18   PIECES OF EVIDENCE THAT WE INTEND TO USE AS EXHIBITS, AND

19   THOSE ARE NOW ON OUR EXHIBIT LIST.

20           SO THE DEFENSE HAS HAD THIS DISCOVERY.  WE HAVE --

21   AND, IN FACT, WE INFORMED THE DEFENSE THAT YOU ALREADY HAVE

22   THIS DISCOVERY.  BUT WE HAVE NOW EXTRACTED FROM THIS HARD

23   DRIVE THE EXHIBITS THAT WE INTEND TO USE, AND WE HAVE

24   ASSIGNED THEM A BATES NUMBER.  AND SO IT'S NOT ACCURATE TO

25   SAY THAT THIS IS NEW DISCOVERY.  THIS IS JUST DISCOVERY THAT

1    HAS BEEN BATES'D AND THEN PLACED ON THE EXHIBIT LIST.

2          THE COURT:  ALL RIGHT.  THANK YOU.

3          MR. KIRBY:  YOUR HONOR, TWO OF THE INTERVIEWS THAT

4    WE RECEIVED IN THIS NEW DISCOVERY HAVE NOT BEEN TURNED OVER

5    BEFORE; AT LEAST.

6          MR. RAPP:  MY RESPONSE TO THAT WOULD BE THEY MIGHT

7    BE AN INTERVIEW THAT WAS JUST RECENTLY DONE, SO THEY WERE NOT

8    EVEN IN EXISTENCE; AND SO THEY WOULDN'T BE A LENGTHY

9    INTERVIEW.  I'M NOT SURE WHICH INTERVIEW HE'S REFERRING TO,

10   BUT THEY MAY HAVE NOT EVEN TAKEN PLACE UNTIL IN PREPARATION

11   FOR TRIAL.

12         THE COURT:  ALL RIGHT.  GIVE ME A SECOND.

13         MR. KIRBY, COUNSEL, BASED UPON -- WELL, CONSIDERING

14   HOW LONG THIS CASE HAS BEEN PENDING, THE DISCOVERY THAT HAS

15   BEEN SHARED LONG AGO, AND THE FACT THAT WE'RE MORE THAN THREE

16   MONTHS OUT FROM THE TRIAL DATE NOW, THE COURT DENIES THE

17   REQUEST TO CONTINUE THE TRIAL.

18         THE COURT WILL SET A DISCOVERY CONFERENCE.  THAT IS

19   WITHOUT PREJUDICE.  ALL RIGHT.  THE COURT WILL SET A

20   DISCOVERY CONFERENCE, DISCOVERY MOTION HEARING FOR THE 19TH

21   OF MARCH.  THE DEFENSE SHOULD FILE ITS MOTION BY THE 5TH OF

22   MARCH.  THE GOVERNMENT SHALL RESPOND -- DEFENSE SHALL FILE

23   ITS MOTION BY MARCH 6TH.  THE GOVERNMENT SHALL RESPOND BY THE

24   13TH.  AND THE HEARING WILL BE ON THE 19TH OF MARCH AT

25   11:00 A.M. IN THIS COURT.

1          IF SOMETHING COMES UP DURING THE COURSE OF THAT

2    DISCOVERY MOTION THAT WOULD SUGGEST TO THE COURT THAT MORE

3    TIME IS NEEDED TO PREPARE FOR TRIAL, THEN I'LL RECONSIDER.

4    BUT, OTHERWISE, THE MOTION IS DENIED.  TRIAL IS SET FOR

5    JUNE 5TH.  ALL RIGHT.

6          MR. ARENDSEN:  YOUR HONOR, I APOLOGIZE.  WOULD THE

7    COURT CONSIDER GRANTING A WAIVER FROM MY CLIENT TO BE HERE AT

8    THAT HEARING?  I DON'T BELIEVE THAT WE'RE GOING TO BE FILING

9    ANY DISCOVERY MOTION, SO I BELIEVE HER PRESENCE COULD BE

10   WAIVED FOR THAT HEARING.

11         THE COURT:  YES.

12         MA'AM, YOU ARE -- YOU HAVE THE RIGHT TO ATTEND EVERY

13   CRITICAL STAGE IN THE PROCEEDINGS BEFORE YOU.  IF YOU CARE TO

14   BE ABSENT AT A PARTICULAR HEARING, THE COURT WILL PERMIT

15   THAT, WILL PERMIT YOU TO FILE LEAVE TO REQUEST TO BE ABSENT,

16   AND THAT YOU WILL ACKNOWLEDGE THE NEXT COURT DATE, TO BE HERE

17   AT THE NEXT ASSIGNED COURT DATE.

18         DO YOU UNDERSTAND THAT?

19         DEFENDANT JENNIFER DUREN:  YES, SIR.

20         THE COURT:  ALL RIGHT.  YOUR COUNSEL CAN HELP YOU

21   WITH THAT.

22         DEFENDANT JENNIFER DUREN:  THANK YOU.

23         MR. ARENDSEN:  THANK YOU, YOUR HONOR.

24         THE COURT:  ALL RIGHT.  ANYTHING ELSE?

25         MR. RAPP:  YES, JUDGE.  JUST TWO OTHER MATTERS.

1    IS THE COURT IN RECEIPT OF OUR STATUS REPORT?

2    THE COURT:  YES, SIR.

3    MR. RAPP:  JUDGE, WE'VE HAD PENDING FOR SOME TIME

4    THE GOVERNMENT'S MOTION FOR DEPOSITION.  JUST TO REACQUAINT

5    THE COURT WITH THIS.  THIS INVOLVES TWO WITNESSES THAT ARE

6    NOT UNITED STATES' CITIZENS.  THE GOVERNMENT HAS SPORADIC

7    CONTACT WITH THESE WITNESSES.  WE HAVE REQUESTED A

8    DEPOSITION, A PRE-TRIAL DEPOSITION, IN THE EVENT THAT THEY

9    ARE NOT AVAILABLE AT THE TIME OF TRIAL.

10   THE COURT:  WHO IS THE MAT WIT LAWYER?  THE MATERIAL

11   WITNESS -- IS THERE A MATERIAL WITNESS?

12   MR. RAPP:  NO.  THESE ARE WITNESSES THAT RESIDE IN

13   MEXICO.  THEY DON'T HAVE COUNSEL.  THEY ARE

14   COOPERATIVE WITH -- SEEMINGLY COOPERATIVE WITH THE

15   GOVERNMENT.  WE THINK THAT BECAUSE THEY -- NEITHER HAVE

16   STATUS IN THE UNITED STATES.  THEY DON'T RESIDE IN THE UNITED

17   STATES.  WE HAVE SPORADIC CONTACT WITH THEM.  WE HAVE

18   REQUESTED A DEPOSITION.

19   THIS ISSUE HAS BEEN FULLY BRIEFED.  I'M JUST

20   WONDERING IF -- WHAT THE COURT IS INCLINED TO DO ON THAT

21   ISSUE.

22   THE COURT:  ALL RIGHT.  THANK YOU.

23   MR. KIRBY.

24   MR. KIRBY:  YOUR HONOR, THAT'S -- I THINK THAT'S A

25   HIGHLY UNUSUAL REQUEST.  I DEAL WITH CLIENTS WHO RESIDE IN

1    MEXICO WITH NO STATUS, WHO ARE BROUGHT BACK FOR TRIAL

2    ROUTINELY.  AND THERE HAS BEEN NO SHOWING.  I DON'T BELIEVE

3    THAT THE GOVERNMENT CANNOT PROVIDE THESE WITNESSES AT TRIAL.

4    AND I WOULD LIKE TO HAVE THE CHANCE TO CROSS-EXAMINE THEM IN

5    FRONT OF A JURY, WHICH IS MR. DUREN'S NORMAL RIGHT.

6          THE COURT:  ALL RIGHT.  THE COURT WILL ORDER THE

7    DEPOSITIONS.

8          WHAT TIME DO YOU SUGGEST?

9          MR. RAPP:  WELL, I WOULD LIKE IT AROUND MARCH 19TH,

10   JUST SINCE WE WILL PROBABLY BE HERE IN COURT.

11         THE COURT:  HERE IN SAN DIEGO?

12         MR. RAPP:  YES.

13         THE COURT:  ALL RIGHT.  THE COURT ORDERS THE TAKING

14   OF THE DEPOSITIONS -- VIDEOTAPED DEPOSITIONS?

15         MR. RAPP:  YES.

16         THE COURT:  -- IN SAN DIEGO, NO LATER THAN THE 19TH

17   OF MARCH, 2019 -- '18, 2018.

18         AND THAT WAY, YOU'LL HAVE AN OPPORTUNITY TO

19   CROSS-EXAMINE THEM, SIR, AND IT WILL BE VIDEOTAPED, AND YOU

20   CAN SERVE THEM WITH SUBPOENAS TO COME TO TRIAL ON THE TRIAL

21   DATE.  IF THEY FAIL TO SHOW UP, YOUR CROSS-EXAMINATION WILL

22   BE ON THE VIDEOTAPE, AS WELL AS COUNSEL'S EXAMINATION WILL BE

23   VIDEOD.

24         MR. KIRBY:  OKAY.  YOUR HONOR, IF THE COURT IS SO

25   INCLINED, I WOULD LIKE IN APRIL TO BE ABLE TO DO THAT, SO I

1    HAVE TIME ENOUGH TO GATHER THE MATERIALS SO I CAN DO THE

2    CROSS-EXAMINATION THAT WOULD NORMALLY BE AT TRIAL IN JUNE.

3        THE COURT:  COUNSEL.

4        MR. RAPP:  JUDGE, ALL THE EXHIBITS THAT WOULD BE --

5    AND THOSE -- WE'VE ALREADY PROVIDED.  AND JUST SO THE COURT

6    IS CLEAR, WE'VE ALREADY PROVIDED AN EXHIBIT LIST FOR THE

7    ENTIRE TRIAL.  THOSE EXHIBITS THAT WOULD BE USED, FROM THE

8    GOVERNMENT'S STANDPOINT WITH THESE EXHIBITS, HAVE ALREADY

9    BEEN IDENTIFIED AND PROVIDED TO THE DEFENSE.

10        THIS REQUEST FOR A DEPOSITION WAS MADE IN OCTOBER OF

11    2017.  THIS IS NO SURPRISE THAT THIS WAS A POSSIBILITY.

12    THEIR TESTIMONY IS CRITICAL, IT'S MATERIAL, BUT IT'S NOT

13    LENGTHY.  THEY HAD CONTACT WITH THE DEFENDANT FOR PROBABLY

14    10, 15 MINUTES THAT INVOLVED THE TAKING OF A LARGE AMOUNT OF

15    MONEY.

16        SO GIVEN THAT, IT SEEMS LIKE THE DEFENSE COULD BE

17    PREPARED TO FULLY CROSS-EXAMINE THESE WITNESSES IF THE

18    DEPOSITION WAS TAKEN IN THE NEXT COUPLE OF WEEKS.

19        MR. KIRBY:  WELL, YOUR HONOR, FOR EXAMPLE, THE

20    GOVERNMENT HAS NOT PROVIDED A DOWNLOAD OF EITHER OF THE

21    PHONES OF THESE WITNESSES.  THAT'S ONE OF THE THINGS WE WANT

22    AND ONE OF THE THINGS I MAY WANT.  THEY HAVE GIVEN ME WHAT

23    THEY THINK I NEED TO CROSS-EXAMINE THEM ON, BUT I NEED TO GET

24    WHAT I NEED.  AND PART OF THAT IS THE DOWNLOAD OF THOSE CELL

25    PHONES, WHICH THEY HAVE FAILED TO PROVIDE ME, DESPITE A

1    MEET-AND-CONFER, IF YOU WILL.

2              THE COURT:  THAT'S A DISCOVERY ISSUE, I TAKE IT?

3              MR. RAPP:  RIGHT.  SO LET ME ADDRESS THAT.

4              THESE DEFENDANTS WERE STOPPED -- OR RATHER, THESE

5    WITNESSES WERE STOPPED BY THE DEFENDANT.  THE DEFENDANT, IT

6    IS ALLEGED, TOOK A LARGE AMOUNT OF MONEY FROM THEM.  THESE

7    WITNESSES WERE ALLOWED TO LEAVE.

8              WE DON'T HAVE THEIR PHONES.  WE DON'T -- WE

9    DIDN'T -- THEY WERE NEVER ARRESTED, SO WE DON'T HAVE THEIR

10   PHONES.  WE DON'T HAVE ANY -- WHAT THE -- I CAN APPRECIATE

11   THE DEFENSE WANTING THEIR PHONES, BUT WE CAN'T GIVE THEM WHAT

12   WE DON'T HAVE.

13             THE COURT:  IF THE EVIDENCE IS NOT IN THE POSSESSION

14   OF THE GOVERNMENT, THE GOVERNMENT HAS NO RIGHT TO TURN IT

15   OVER; RIGHT, COUNSEL?

16             MR. KIRBY:  YOUR HONOR, THE GOVERNMENT WAS IN

17   POSSESSION OF THEIR TELEPHONES TWO TIMES, ACCORDING TO THE

18   REPORTS.

19             MR. RAPP:  I'M NOT AWARE OF THAT, JUDGE.  I DON'T

20   THINK THAT'S THE CASE.

21             MR. KIRBY:  IT SAYS IN THE DISCOVERY, YOUR HONOR.  I

22   MEAN, I FAIL TO BELIEVE THAT THE BASIC STEP OF DOWNLOADING

23   THE DATA FROM THEIR PHONE, WHEN THEY WERE IN THE GOVERNMENT'S

24   POSSESSION TWO TIMES, WAS NOT TAKEN.  AND I'D LIKE TO HEAR

25   THEM SAY THAT IN WRITING IN RESPONSE TO MY DISCOVERY

1  REQUEST.

2          THE COURT:  COUNSEL.

3          MR. RAPP:  JUDGE, WE DON'T HAVE THEIR PHONES.  WE

4  NEVER HAD THEIR PHONES.  WE NEVER ARRESTED THEM.

5          THE COURT:  WERE THEY EVER DETAINED AND PHONES

6  DOWNLOADED?

7          MR. RAPP:  NO.  NO.  THE DEFENDANT STOPPED THESE TWO

8  WITNESSES.  HE TOOK THEIR MONEY.  HE LET THEM GO.  LATER,

9  SOMETIME LATER, ONE OF THE WITNESSES CAME FORWARD, AND

10  THROUGH JUST A SERIES OF QUESTIONS, REVEALED THAT HE HAD BEEN

11  STOPPED.  BUT THERE WAS NO PHONES TAKEN FROM EITHER OF THESE

12  TWO WITNESSES.  WE DON'T HAVE THEM.

13          THE COURT:  MARCH 19TH, DEPOSITION.

14          MR. RAPP:  ON OR BEFORE?  IN FAIRNESS TO THE

15  DEFENSE, WE CAN CONFER ON A CONVENIENT DATE AND TIME AND THE

16  LOGISTICS OF IT, AS LONG AS IT CAN TAKE PLACE --

17          THE COURT:  I THOUGHT YOU WANTED IT ON THE DATE YOU

18  WERE GOING TO BE HERE.

19          MR. RAPP:  WELL, I WOULD.  I JUST DON'T KNOW HOW

20  LONG IT'S GOING TO TAKE.  THESE ARE TWO WITNESSES.  IT COULD

21  BE AN ALL-DAY AFFAIR, AND SO IF IT'S --

22          THE COURT:  I THOUGHT YOU SAID IT WAS ONLY A

23  TEN-MINUTE INTERACTION.  THAT SUGGESTS MAYBE DEFENSE COUNSEL

24  NEEDS MORE TIME.

25          MR. RAPP:  WELL, WE'LL TAKE THE 19TH.  I JUST -- I'M

1    JUST CONCERNED ABOUT THE MOTION HEARING ON THE SAME DAY.  AND

2    I'M NOT REALLY FAMILIAR WHERE THEY DO THE DEPOSITIONS HERE IN

3    THIS COURT.  AND SO IT'S A POSSIBILITY, IT COULD LOGISTICALLY

4    TAKE LONGER THAN THE 19TH; BUT MAYBE THE 18TH OR THE 20TH.

5         THE COURT:  OKAY.  I'LL SET -- THE DEPOSITIONS ARE

6    TO OCCUR NO LATER THAN -- SHOULD BE COMPLETED NO LATER THAN

7    MARCH 20TH, AND YOU CAN WORK OUT YOUR TIME.

8         MR. RAPP:  THANK YOU, SIR.

9         THE COURT:  ALL RIGHT.  ANYTHING ELSE?

10        MR. RAPP:  THE LAST THING IS THE UNITED STATES HAD

11   EXTENDED A PLEA OFFER TO THE DEFENSE.  WE EXTENDED IT ON

12   DECEMBER 1ST WITH A CUTOFF ON FEBRUARY 1ST.  AND SO WE WOULD

13   JUST SIMPLY LIKE TO PUT ON THE RECORD THAT THE DEFENDANT

14   RECEIVED THE OFFER, KNEW OF ITS DEADLINE, AND BY VIRTUE OF

15   NOT ACCEPTING THE OFFER, HAS REJECTED THE OFFER.

16        THE COURT:  THE RECORD SHALL SO REFLECT.

17        ALL RIGHT.  ANYTHING ELSE?

18        MR. RAPP:  NOT FROM THE UNITED STATES.

19        THE COURT:  ALL RIGHT.

20        MR. ARENDSEN:  NO, YOUR HONOR.  THANK YOU.

21        THE COURT:  YOU'RE WELCOME.  THAT'S ALL.

22        (PROCEEDINGS CONCLUDED AT 10:58 A.M.)

23             --O0O--

24

25

1                    C E R T I F I C A T I O N

2              I HEREBY CERTIFY THAT I AM A DULY APPOINTED,
   QUALIFIED AND ACTING OFFICIAL COURT REPORTER FOR THE UNITED
3  STATES DISTRICT COURT; THAT THE FOREGOING IS A TRUE AND
   CORRECT TRANSCRIPT OF THE PROCEEDINGS HAD IN THE
4  AFOREMENTIONED CAUSE; THAT SAID TRANSCRIPT IS A TRUE AND
   CORRECT TRANSCRIPTION OF MY STENOGRAPHIC NOTES; AND THAT THE
5  FORMAT USED HEREIN COMPLIES WITH THE RULES AND REQUIREMENTS
   OF THE UNITED STATES JUDICIAL CONFERENCE.

6
             DATED:  MARCH 16, 2018, AT SAN DIEGO, CALIFORNIA.
7
                              S/CAMERON P. KIRCHER
8                             CAMERON P. KIRCHER

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25