1          UNITED STATES DISTRICT COURT

2         SOUTHERN DISTRICT OF CALIFORNIA

3

   UNITED STATES OF AMERICA,    )
4                                )
                  PLAINTIFF,     )    CASE NO. 16CR2892-JAH
5                                )
   VS.                           )    SAN DIEGO, CALIFORNIA
6                                )
   TYRONE CEDRIC DUREN,          )    MONDAY,
7                                )    MAY 7, 2018
                  DEFENDANT.     )    11:45 A.M.
8  _____)

9

10        REPORTER'S TRANSCRIPT OF PROCEEDINGS

11               MOTION HEARING

12      BEFORE THE HONORABLE JOHN A. HOUSTON
            UNITED STATES DISTRICT JUDGE

13

14   APPEARANCES:

15   FOR THE GOVERNMENT:   ADAM BRAVERMAN, U.S. ATTORNEY
                           BY:  KEVIN M. RAPP, ESQ.
16                              ABBIE B. MARSH, ESQ.
                           ASSISTANT U.S. ATTORNEY
17                         880 FRONT STREET
                           SAN DIEGO, CALIFORNIA  92101
18
     FOR THE DEFENDANT:    JOHN DAVID KIRBY
19                         ATTORNEY AT LAW
                           110 WEST A STREET
20                         SUITE 1100
                           SAN DIEGO, CALIFORNIA  92101
21

22   REPORTED BY:  CAMERON P. KIRCHER
                   CSR NO. 9427, RPR, CRR, RMR
23                 333 W. BROADWAY, SUITE 420
                   SAN DIEGO, CALIFORNIA  92101
24                 E-MAIL:  CPKIRCHER@GMAIL.COM

25

COMPUTER-AIDED TRANSCRIPTION

1          SAN DIEGO, CALIFORNIA - MONDAY, MAY 7, 2018

2                         11:45 A.M.

3          THE CLERK:  NO. 4 IS 16CR2892, THE UNITED STATES OF

4    AMERICA VERSUS TYRONE CEDRIC DUREN.

5          MR. KIRBY:  GOOD MORNING, YOUR HONOR.  JOHN KIRBY ON

6    BEHALF OF MR. DUREN, WHO IS PRESENT ON BOND.

7          MR. RAPP:  GOOD MORNING.  KEVIN RAPP AND ABBIE MARSH

8    ON BEHALF OF THE UNITED STATES.

9          THE COURT:  GOOD MORNING TO EVERYONE.

10         I HAVE REVIEWED DEFENDANT'S MOTION.  WHAT'S THE

11   GOVERNMENT'S POSTURE?

12         MR. RAPP:  JUDGE, WE'D OBJECT.  AS THE COURT KNOWS,

13   WE ENTERED INTO A SCHEDULING ORDER.  THE PARTIES KNEW THAT

14   THIS CASE WAS GOING TO BE SET FOR TRIAL ON JUNE 5TH.

15         WITH RESPECT TO THE CATEGORIES OF DISCOVERY THAT THE

16   DEFENSE IS SAYING THAT THEY HAVE EITHER RECEIVED LATE OR

17   DON'T HAVE OR WANT TO DO FURTHER INVESTIGATION, IN THE

18   GOVERNMENT'S VIEW, THEY HAVE HAD THIS DISCOVERY, THEY HAVE

19   HAD PLENTY OF TIME TO ANALYZE IT AND TO DEVELOP THEIR

20   DEFENSE; AND SO WE'RE READY TO GO.

21         AS WE SAID THE LAST TIME, THIS CASE HAS BEEN

22   POST-INDICTMENT FOR ABOUT 16, 17 MONTHS, AND WE'RE REALLY

23   READY TO GO TO TRIAL.

24         THE COURT:  ALL RIGHT.  THANK YOU.

25         ANYTHING ELSE, MR. KIRBY?

1          MR. KIRBY: YOUR HONOR, JUST THAT AS SET OUT, WE HAD

2      61,000 PAGES OF BATES-NUMBERED DISCOVERY. WE HAVE FIVE TIMES

3      THAT OF NON-BATES DISCOVERY THAT WE'RE STILL HAVING TO GO

4      THROUGH, THREE YEARS OF AUDIO, THREE YEARS OF E-MAILS.

5          MR. DUREN HAS ESSENTIALLY BEEN ACTING LIKE A CASE

6      AGENT, AND HAS SPENT ALL OF HIS TIME, MORE THAN FULL TIME

7      DIGGING THROUGH THIS, HELPING ME TO UNDERSTAND IT. WE HAVE

8      SEVERAL DISPARATE COUNTS THAT I'M HAVING TO DEAL WITH.

9          I'M ALSO HAVING THE ISSUE OF -- I MEAN, THE ISSUE

10     THAT PERMEATES THIS WHOLE THING IS THE GOVERNMENT SAYS MY

11     CLIENT HAD TOO MUCH MONEY DURING THE PERIOD AT ISSUE, AND SO

12     IT WAS FROM RIPPING OFF DRUG TRAFFICKERS. I HAVE TO DISPROVE

13     THAT. MUCH OF MR. DUREN'S INCOME WAS FROM CASH BUSINESSES.

14     AND I HAVE BEEN WORKING DILIGENTLY, YOUR HONOR. I HAVE NOT

15     BEEN MALINGERING ON THIS.

16         I MEAN, THIS IS A VERY IMPORTANT CASE TO ME. IT'S A

17     VERY IMPORTANT CASE TO MY CLIENT. WE ARE NOT SETTLING. THIS

18     CASE IS GOING TO TRIAL. AND I HAVE AN ACCOUNTANT ALSO

19     WORKING ON MR. DUREN'S TAXES AND OTHER FINANCIAL INFORMATION,

20     SO WE'RE NOT SITTING ON OUR HANDS.

21         PERSONALLY, I WAS IN A PRELIM FOR MOST OF APRIL, AT

22     WHICH TIME I GOT SICK. I NEED THREE MONTHS -- I MEAN, THE

23     ACCOUNTANT WOULD ASK FOR SIX. I'VE TOLD HIM NO. I'M ASKING

24     FOR THREE MONTHS SO THAT WE'RE ACTUALLY READY TO GO, I CAN

25     FILE MOTIONS IN LIMINE AND WE CAN PRESENT THIS CASE.

1    THE COURT:  ANYTHING ELSE?

2    MR. RAPP:  WELL, JUST BY WAY OF RESPONSE.  THIS

3  DEFENDANT WAS FIRST QUESTIONED ABOUT THE THEFT OF MONEY FROM

4  DRUG TRAFFICKERS IN SEPTEMBER OF 2014.  FOLLOWING -- AT THE

5  SAME TIME, HIS HOUSE WAS SEARCHED.  AND SO FOLLOWING THAT

6  DATE, IN SEPTEMBER OF 2014, HE HAD AN ATTORNEY; AND THAT

7  ATTORNEY ARRANGED TO HAVE ACCESS TO THE RECORDS THAT WERE

8  TAKEN DURING THE SEARCH.  AND SO LITERALLY TWO YEARS

9  PRE-INDICTMENT, THEY KNEW THAT THE SOURCE OF HIS MONEY WAS

10  GOING TO BE AN ISSUE.

11    I WILL ALSO SAY THAT THERE WAS SOME FAIRLY LENGTHY

12  CIVIL LITIGATION WHERE THE DEFENDANT, HIS WIFE WERE SUBJECT

13  TO DEPOSITIONS, DOCUMENTS WERE SUBPOENAED.  THIS INVOLVES A

14  GENTLEMAN BY THE NAME OF MR. SANDERS.  THIS PERSON IS

15  REFERENCED IN THE DEFENSE'S MOTION TO CONTINUE.  JUST SO

16  WE'RE CLEAR, WE'RE NOT CALLING THIS GENTLEMAN, SO TO THE

17  EXTENT THAT THAT WAS GOING TO BE AN ISSUE OR A BASIS FOR A

18  CONTINUANCE IN SETTLING OUR FINAL WITNESS LIST, WE'RE NOT

19  CALLING THIS GENTLEMAN.

20    BUT MY POINT IS, IS THAT DURING THAT CIVIL

21  LITIGATION, THERE WAS AN ANALYSIS OF MR. DUREN'S BANK

22  ACCOUNTS.  SO A LOT OF THAT HAS BEEN DONE EVEN BEFORE THE

23  INDICTMENT, SO THE INDICTMENT WAS IN DECEMBER OF 2016.  AND

24  SO FROM THAT DAY FORWARD, THE DEFENSE KNEW THAT THE SOURCE OF

25  THE MONEY COURSING THROUGH HIS BANK ACCOUNTS WAS GOING TO BE

1    A VERY CRITICAL ISSUE IN THIS CASE; AND SO THEY HAVE HAD

2    PLENTY OF TIME TO ANALYZE THOSE BANK ACCOUNTS.

3         THEY HAVE OBVIOUSLY RECEIVED OUR ANALYSIS OF THE

4    BANK ACCOUNTS.  THEY HAVE RECEIVED SUMMARY CHARTS.  THEY HAVE

5    RECEIVED OUR NOTICE OF EXPERTS AND WHAT OUR EXPERTS INTEND TO

6    TESTIFY WITH RESPECT TO THOSE ACCOUNTS.  THEY REALLY HAVE HAD

7    PLENTY OF TIME TO PREPARE THIS CASE FOR TRIAL, KNOWING THAT

8    THAT WAS GOING TO BE A CRITICAL ISSUE IN THE CASE.

9         SO I DON'T -- AND WITH RESPECT TO THE TAX EVASION

10   CHARGES AND THE NEED FOR AN ACCOUNTANT, THE DEFENDANT JUST

11   DIDN'T FILE HIS TAXES FOR FIVE YEARS.  THERE IS REALLY NOT A

12   DEFENSE TO THAT.  AND SO -- BUT HE'S HAD -- HE'S HAD

13   WHATEVER -- HE'S HAD HIS OWN CPA AVAILABLE TO HIM TO -- AND

14   WE INTEND ON CALLING THAT CPA AS A WITNESS IN OUR CASE.

15        SO I'M HAPPY TO ADDRESS SOME OF THESE OTHER

16   CATEGORIES THAT ARE DETAILED IN THE MOTION TO CONTINUE, BUT

17   THE DEFENSE REALLY HAS HAD PLENTY OF TIME TO PREPARE THIS

18   CASE.

19             THE COURT:  ALL RIGHT.  THANK YOU.

20             MR. KIRBY, WERE YOU INVOLVED IN THE CIVIL CASE?

21             MR. KIRBY:  I WAS NOT.

22             THE COURT:  HOW LONG HAVE YOU BEEN ON THIS CASE?

23   FROM ITS INCEPTION?

24             MR. KIRBY:  NO.  I WAS THE SECOND ATTORNEY IN THIS

25   CASE, YOUR HONOR; BUT BEFORE THE SUPERSEDING INDICTMENT I

1    BELIEVE.

2            AS I SAY, I CAN'T TELL YOU RIGHT THIS SECOND, BUT I

3    KNOW THAT MR. -- WHO WAS YOUR FIRST ATTORNEY?

4            MR. COLOMBO WAS HIS ORIGINAL CRIMINAL ATTORNEY.

5            THE DEFENDANT:  HERNANDEZ WAS INITIALLY AND THEN

6    COLOMBO.

7            MR. KIRBY:  THERE HAVE BEEN A FEW.  I'M THE THIRD.

8            BUT AS I SAY, MR. DUREN HAS NOT BEEN CHANGING

9    ATTORNEYS IN ORDER TO PUSH THE CASE ALONG.  I'VE BEEN WORKING

10   ON THE CASE DILIGENTLY.  MR. DUREN HAS BEEN WORKING ON THE

11   CASE.  THIS IS A BIG CASE.  THERE IS A LOT OF DISCOVERY.

12           AND I'VE ASKED FOR CONTINUANCES TWO TIMES

13   PREVIOUSLY, AND NOW WE'RE COMING DOWN TO THE WIRE.  AND I'M

14   JUST NOT GOING TO BE PREPARED, YOUR HONOR.  AND I'M NOT -- I

15   DON'T HAVE A BUNCH OF SIDE CASES TO DEAL WITH.  I HAVE THREE

16   OR FOUR OTHER CASES, AND THAT'S IT.  AND THIS IS -- HAS MY

17   FULL ATTENTION AT THIS POINT.

18           AND AS I SAID, THE ACCOUNTANT I KNOW WOULD LIKE ME

19   TO ASK FOR SIX; I'M NOT.  I'M JUST TELLING THE ACCOUNTANT HE

20   HAS TO GET IT DONE, AND THAT'S THAT.  SO I'D ASK FOR A DATE

21   IN OCTOBER, YOUR HONOR.  WHATEVER SUITS THE COURT'S CALENDAR.

22   I ANTICIPATE PROBABLY A FULL, AT LEAST A FULL TWO-WEEK TRIAL,

23   MAYBE GOING ON TO A THIRD WEEK.

24           THE COURT:  YOUR ESTIMATE AS TO LENGTH, SIR?

25           MR. RAPP:  JUDGE, I REALLY DO THINK THIS IS A THREE-

1    TO FOUR-WEEK TRIAL, IF THIS IS FOUR TRIAL DAYS PER WEEK.

2    THE DEFENSE IS RIGHT, THERE ARE A LOT OF COUNTS AND

3    THERE IS TWO SEPARATE CONSPIRACIES.  BUT THE DEFENSE HAS HAD

4    A PRELIMINARY WITNESS AND EXHIBIT LIST.  THEY HAVE HAD THAT

5    FOR NEARLY SIX MONTHS NOW.  TOMORROW WE ARE PROVIDING THEM,

6    PURSUANT TO THE SCHEDULING ORDER, A FINAL WITNESS AND EXHIBIT

7    LIST.

8    WE ARE HAPPY TO TELL THE DEFENSE WHAT THE SCHEDULE

9    OF WITNESSES ARE.  WE WOULD TELL THE DEFENSE WELL IN ADVANCE

10   WHAT EXHIBITS WE INTEND TO ADMIT THROUGH EACH ONE OF THOSE

11   WITNESSES.  THEY HAVE -- THEY NOW HAVE WHAT WE PROPOSE AS

12   JURY INSTRUCTIONS, VOIR DIRE, WHAT WE BELIEVE AN ACCURATE

13   STATEMENT OF THE CASE IS IN LIEU OF READING THE INDICTMENT.

14   THE DEFENSE REALLY HAS A LOT OF INFORMATION ON THIS CASE THAT

15   IT WOULDN'T OTHERWISE HAVE.  THEY HAVE GOT JENCKS ACT

16   STATEMENTS WELL BEYOND THE GOVERNMENT'S OBLIGATION.

17   THEY HAVE HAD AVAILABLE TO THEM ALL THESE FINANCIAL

18   RECORDS FROM THE DATE THE DEFENDANT WAS QUESTIONED IN

19   SEPTEMBER OF 2014.  THERE WOULD HAVE BEEN NO QUESTION THAT

20   THIS DEFENDANT WAS BEING LOOKED AT FOR STEALING MONEY, AND SO

21   THE NOTION THAT THEY ARE WAITING UNTIL THREE MONTHS -- OR

22   NOW, I GUESS, A MONTH BEFORE TRIAL TO, I GUESS, PROPOSE SOME

23   TYPE OF A FINANCIAL WITNESS, REALLY, THAT DATE HAS COME AND

24   GONE.

25   THEY RECEIVED OUR EXPERT NOTICES QUITE SOME TIME

1  AGO, AND IF THEY INTENDED TO HAVE A REBUTTAL FINANCIAL

2  EXPERT, THAT SHOULD HAVE BEEN DONE QUITE SOME TIME AGO.

3  SO -- AND IT'S REALLY NOT EVEN CLEAR WHAT THAT WITNESS WOULD

4  TESTIFY TO, FRANKLY.

5          THE COURT:  ALL RIGHT.  THANK YOU.

6          COUNSEL, I'M OF THE MIND THAT IN THE INTEREST OF

7  JUSTICE, I SHOULD CONTINUE THE TRIAL DATE AND GRANT THE

8  MOTION.

9          THE COURT NOTES THAT THIS IS A VERY SERIOUS CASE

10  DEALING WITH PUBLIC CONFIDENCE.  THERE IS VOLUMINOUS

11  DISCOVERY.  THREE- TO FOUR-WEEK TRIAL, PROBABLY CLOSER TO

12  FOUR WEEKS, I WOULD AGREE, IN LIGHT OF THE NUMBER OF COUNTS

13  INVOLVED IN THIS CASE.  AND WHILE THE DEFENDANT MAY HAVE BEEN

14  ON NOTICE FOR A PERIOD OF TIME, HE DOES NOT HAVE HIS ORIGINAL

15  COUNSEL.  SUBSTITUTE COUNSEL IS IN TO ASSIST IN THE DEFENSE

16  AND COUNSEL NEEDS TO -- I NEED TO ENSURE IN THE INTEREST OF

17  JUSTICE THAT COUNSEL HAS SUFFICIENT TIME TO PREPARE FOR THE

18  CASE.

19          AND, QUITE FRANKLY, THE COURT WOULD LIKE TO AVOID AN

20  INEFFECTIVE ASSISTANCE CLAIM AND MAKE SURE THERE IS AMPLE

21  TIME TO PREPARE FOR SUCH A SIGNIFICANT CASE AND BE READY TO

22  GO; SO THE COURT VACATES THE TRIAL DATE AT THIS TIME.

23          I'M LOOKING FOR A FOUR-WEEK PERIOD THAT I CAN BLOCK

24  OFF.  WOULD THE PARTIES BE PREPARED TO BEGIN ON THE 11TH OF

25  SEPTEMBER?

1        MR. KIRBY:  YOUR HONOR, IS THERE ANY TIME A LITTLE

2   LATER THAN THAT?

3        THE COURT:  WHY SO?  DO YOU HAVE A SCHEDULING ISSUE?

4        MR. KIRBY:  NO, YOUR HONOR.  I DON'T WANT TO COME IN

5   AND ASK FOR ANOTHER CONTINUANCE.  I'D LIKE THE FULL THREE

6   MONTHS.

7        THE COURT:  THAT'S FOUR MONTHS OUT.

8        MR. KIRBY:  YOU'RE RIGHT.  I'M SORRY, YOUR HONOR.

9   MY MISTAKE.  I HAD MY DATES MIXED UP.

10       THE COURT:  YOUR FOUR-WEEK ESTIMATE, SIR, IS THAT

11  INCLUDING YOUR BEST GUESS WITH RESPECT TO CROSS-EXAMINATION

12  AS WELL?

13       MR. RAPP:  IT IS, JUDGE.

14       THE COURT:  I COULD PUSH YOU ANOTHER WEEK.  I HAVE A

15  TRIAL MID-OCTOBER, A RE-TRIAL THAT HAS TO GO.  IF WE STARTED

16  ON THE 18TH OF SEPTEMBER.

17       MR. KIRBY:  THAT WOULD BE FINE, YOUR HONOR.

18       THE COURT:  18 SEPTEMBER, 9:00 A.M. JURY TRIAL.

19       AND I'LL WORK WITH MY CALENDAR TO SEE IF I CAN HAVE

20  AT LEAST MAYBE TWO WEEKS, TWO FIVE-DAY WEEKS, AS OPPOSED TO

21  FOUR-DAY WEEKS.  WE'LL WORK ON THAT AS WELL, COUNSEL, SO WE

22  CAN GET AS MUCH IN UP FRONT AS POSSIBLE.  AND I'LL TRY --

23  ATTEMPT TO DELAY THE CALENDARS TO ACCOMMODATE A CONTINUOUS

24  FLOW OF EVIDENCE.

25       MR. KIRBY:  AND, YOUR HONOR, WE MAY -- AND WE'LL

1  OBVIOUSLY ADVISE THE COURT AND THE GOVERNMENT COUNSEL, BUT WE

2  MAY BE ASKING FOR A COURT TRIAL RATHER THAN A JURY TRIAL.

3      THE COURT:  I'LL LEAVE IT UP TO YOU -- LEAVE IT UP

4  TO THE PARTIES, RATHER.

5      MR. KIRBY:  WE WILL LET YOU KNOW IN ADVANCE, YOUR

6  HONOR, SO WE DON'T HAVE TO ORDER JURORS AND WHATNOT.

7      THE COURT:  ALL RIGHT.  WELL, I'LL ASK

8  MR. MCDOWELL -- WE'LL HAVE TO SCREEN A PANEL FOR FOUR WEEKS.

9  WE'LL MAKE IT FIVE WEEKS, MR. MCDOWELL, FOR DELIBERATIONS.

10  SO WE CAN SCREEN JURORS BEFORE THEY COME TO THE COURTHOUSE,

11  SO WE'LL HAVE AN IDEA OF WHO WHO IS GOING TO BE AVAILABLE

12  DURING THAT SPAN TO SAVE SOME TIME WITH RESPECT TO JURY

13  SELECTION.  THERE APPEARS TO BE ENOUGH TIME TO DO THAT.

14      MR. KIRBY:  YES, YOUR HONOR.

15      DID WE GET A NEW MOTIONS IN LIMINE DATE, YOUR HONOR,

16  AND AN EXPERT DISCLOSURE?

17      THE COURT:  DOES THE GOVERNMENT ANTICIPATE ANY

18  CHANGES IN THE SUBMITTALS YOU'VE MADE WITH RESPECT TO JURY

19  INSTRUCTIONS AND THE --

20      MR. RAPP:  NO.

21      THE COURT:  -- THE VERDICT FORM?

22      MR. RAPP:  NO.

23      THE COURT:  ALL RIGHT.  DO YOU ANTICIPATE ANY

24  FURTHER DISCLOSURE OF EVIDENCE?

25      MR. RAPP:  WELL, THE ONLY DISCLOSURE IN OUR MIND

1   WOULD BE IN DOING TRIAL PREPARATION WITH OUR WITNESSES,

2   SOMETIMES THEY MIGHT HAVE SAID SOMETHING DIFFERENT OR

3   SOMETHING THAT MIGHT SUPPLEMENT IT; AND IN THAT EVENT, WE

4   WOULD DISCLOSE SUPPLEMENTAL REPORTS.

5          WE DON'T ANTICIPATE ANY ADDITIONAL DUMPS OF

6   DISCLOSURE.  WE'VE PROVIDED EVERYTHING WE HAVE.

7          THE COURT:  ALL RIGHT.  THANK YOU.

8          THE COURT WILL SET A MOTION-IN-LIMINE DATE.

9   AUGUST 27TH, MONDAY, AUGUST 27TH AT 3:00 P.M.

10         MR. KIRBY:  THANK YOU, YOUR HONOR.

11         THE COURT:  THAT'S MOTIONS IN LIMINE ONLY.

12         MR. KIRBY:  YES, YOUR HONOR.

13         THE COURT:  ONE LAST THING.  TO FACILITATE THAT

14  DATE, ANY NOTICE OR ADDITIONAL NOTICES OF EXPERTS SHALL BE

15  FILED -- SHALL BE PROVIDED BY THE 6TH OF AUGUST.

16         ANYTHING ELSE?

17         MR. KIRBY:  NOT TODAY, YOUR HONOR.  THANK YOU VERY

18  MUCH.

19         MR. RAPP:  NOT FROM THE UNITED STATES.  THANK YOU,

20  YOUR HONOR.

21         THE COURT:  VERY WELL.

22         DID WE DISCUSS THE TIME SCHEDULE FOR TRIAL?  I THINK

23  WE WENT THROUGH JURY SELECTION; RIGHT?

24         MR. RAPP:  MR. MCDOWELL FILLED ME IN ON YOUR RULES

25  OF JURY SELECTION, BUT THE AMOUNT -- YOU MEAN PRE-SCREENING

1    THE JURY?

2           THE COURT:  NO, NO.  I MEAN JUST THE TRIAL SCHEDULE

3    ITSELF.  ANY QUESTIONS ABOUT JURY SELECTION?

4           MR. RAPP:  NO.

5           THE COURT:  I APPRECIATE YOU'VE SPOKEN TO

6    MR. MCDOWELL.

7           MR. RAPP:  NOT FROM US.

8           MR. KIRBY:  NO, YOUR HONOR.

9           THE COURT:  WITH RESPECT TO TRIAL SCHEDULE, THERE

10   ARE TWO WAYS WE CAN HANDLE THIS.  WE CAN GO WITH THE

11   TRADITIONAL 9:00 A.M. TO 4:00 P.M. SCHEDULE WITH AN HOUR,

12   HOUR-AND-A-HALF LUNCH, OR WE CAN HAVE AN ABBREVIATED

13   SCHEDULE, 8:45 -- STRIKE THAT.

14          ONE SECOND.  WE CAN BEGIN AT 8:45 IN THE MORNING.

15   WE'LL START AT 8:30, FOR YOU TO BE HERE AT 8:30 AND BE READY

16   TO GO, BUT THE JURY TO COME IN AT 8:45 IN THE MORNING; TAKE A

17   HALF AN HOUR TO 45 MINUTES FOR A LUNCH BREAK AND BE DONE BY

18   3:00 TO 3:30 EACH DAY.  THAT WAY WE GET IN OVER FIVE HOURS OF

19   TRIAL EACH DAY, PROBABLY AS MUCH AS JURORS CAN ABSORB.

20   YOU'LL HAVE EXTRA TIME IN THE EVENINGS TO PREPARE FOR THE

21   NEXT DAY OR TO HANDLE OTHER BUSINESS.

22          I SUGGEST THAT TIME FRAME AS OPPOSED TO STRETCHING

23   IT OUT TO 4:00.  I WILL NOT HAVE TRIAL AFTER 4:00 BECAUSE I'D

24   LIKE TO MAKE SURE THE JURY CAN BE ON ITS WAY BEFORE, JUST A

25   BIT AHEAD OF THE COMMUTING TRAFFIC, TRAFFIC PROBLEMS AROUND

1  HERE, SINCE THEY ARE PERFORMING A PUBLIC SERVICE AND THEY

2  SHOULDN'T BE IN TRAFFIC FOR AN HOUR AND A HALF TO GET HOME.

3           BUT WE CAN HANDLE THAT WITH A SHORTER -- I CAN LET

4  THEM KNOW TO BRING IN A SNACK OR TO HAVE LUNCH CLOSE WHERE

5  IT'S BASICALLY A SNACK BREAK AND WE CAN MOVE FORWARD WITH THE

6  EVIDENCE DURING THE COURSE OF THE DAY.

7           ANYONE NOT PREFERRING THE FIRST METHOD, THE SHORTER

8  SCHEDULE, THE SHORTER --

9           MR. RAPP:  I THINK FROM OUR PERSPECTIVE, WE'LL LEAVE

10  IT UP TO THE COURT AND THE DEFENSE.  I MEAN, WE'RE OUT OF

11  STATE.  WE'RE HERE AND SO WE'RE NOT GOING TO HAVE A LOT OF

12  BUSINESS --

13           THE COURT:  OTHERWISE.

14           MR. RAPP:  OTHERWISE, RIGHT.

15           MR. KIRBY:  YOUR HONOR, THE ABBREVIATED SCHEDULE

16  SOUNDS FINE.

17           THE COURT:  ALL RIGHT.  SO WE'LL PROCEED IN THAT

18  MANNER.  I'LL GIVE YOU THE EXACT TIME FRAMES WHEN WE GET

19  CLOSER TO TRIAL.  PROBABLY AT THE MOTIONS-IN-LIMINE HEARING.

20  AND WE'LL SCREEN A PANEL, WE'LL SEND OUT SUFFICIENT NOTICE SO

21  WE CAN MAKE SURE WE BRING IN 60 OR 70 PEOPLE WHO CAN STAY FOR

22  A MONTH.  ALL RIGHT.

23           MR. RAPP:  SINCE THIS IS BEING CONTINUED, DOES THE

24  COURT CONSIDER JURY QUESTIONNAIRES THAT MIGHT INCLUDE SOME OF

25  THE VOIR DIRE QUESTIONS THAT WE WERE GOING TO ASK?  IF YOU'RE

1   PRE-SCREENING THE JURY, THIS MIGHT BE SOMETHING TO CONSIDER

2   AND PERHAPS WE CAN GIVE THE DEFENSE A PROPOSED JURY

3   QUESTIONNAIRE, IF THEY WANT TO ADD TO IT.

4        THE COURT:  WE CAN DO THAT -- WITH THE TIME PERIOD

5   WE HAVE, WE CAN SEND OUT PROPOSED QUESTIONS TO THE JURORS AS

6   WELL.  I BELIEVE THE JURY ADMINISTRATOR CAN HANDLE THAT WITH

7   THIS TIME FRAME.  THAT WILL SAVE SOME TIME DURING JURY

8   SELECTION IN ADDITION.

9        MR. MCDOWELL.

10       LET'S TAKE A FIVE-MINUTE BREAK.  I'D LIKE TO SPEAK

11  TO THE JURY ADMINISTRATOR.  AT LEAST FIVE MINUTES.  WE'RE IN

12  RECESS.

13       (RECESS, 12:11 P.M. TO 12:28 P.M.)

14       THE COURT:  THE RECORD SHALL REFLECT THE PARTIES ARE

15  PRESENT.

16       I'VE SPOKEN TO THE JURY ADMINISTRATOR WITH RESPECT

17  TO TIMING FOR THE SCREENING LETTER.  CONSIDERATIONS TAKEN

18  INTO ACCOUNT INCLUDE THE NATURE OF THE CHARGES -- I MEAN, FOR

19  MY PURPOSES.  ALSO, THE FACT THAT WE'RE SENDING THIS OUT IN

20  THE SUMMER.  ONCE POTENTIAL JURORS GET THE NOTICE, THEY MAY

21  BE ON VACATION, IT MAY TAKE LONGER TO RESPOND TO THOSE

22  NOTICES.  AND TYPICALLY THE HISTORY, AS EXPERIENCED BY THE

23  JURY ADMINISTRATOR, IS THAT JURORS RESPOND SLOWER IN THE

24  SUMMER IN RETURNING RESPONSES TO SCREENING LETTERS.

25       SO HAVING SAID THAT, THE COURT WILL GRANT THE

1    GOVERNMENT'S MOTION TO -- FOR SCREENING AND FOR -- PRIMARILY

2    FOR A JUROR QUESTIONNAIRE.  THE COURT WILL -- THE COURT

3    DIRECTS THE PARTIES TO MEET AND CONFER BY JULY 13TH WITH

4    RESPECT TO THE VOIR DIRE QUESTIONS TO BE PRESENTED, ALONG

5    WITH THE SCREENING ORDER.  THE QUESTIONS WILL GO OUT WITH THE

6    SCREENING LETTER TO SCREEN FOR FIVE WEEKS.  WE HAVE RECENTLY

7    CHANGED HERE IN THE DISTRICT.  INSTEAD OF JURORS BEING ON

8    CALL FOR ONE MONTH, THEY ARE ON CALL FOR A WEEK.  AND SO THIS

9    WILL BE IMPORTANT TO GET THIS OUT.

10           SO THE PARTIES ARE TO MEET AND CONFER BY THE 13TH ON

11   JUROR QUESTIONS.  THE PARTIES ARE TO SUBMIT A JOINT STATEMENT

12   OF JUROR QUESTIONS TO THE COURT NO LATER THAN JULY 23RD.  THE

13   COURT WILL REVIEW THE QUESTIONS AND APPROVE THEM, DETERMINE

14   IF ANY SHOULD NOT BE PRESENTED TO THE POTENTIAL PANEL.

15           AND WE'LL HAVE A TELEPHONIC CONFERENCE ON JUNE 27TH

16   AT 11:30 TO DISCUSS THE QUESTIONNAIRE AND THE COURT'S -- ANY

17   CONCERNS THE COURT MIGHT HAVE TO PROPOSED QUESTIONS.

18           MR. RAPP:  JUDGE, I DON'T MEAN TO INTERRUPT.

19           THE COURT:  SURE.  GO AHEAD.

20           MR. RAPP:  I THINK YOU MIGHT HAVE MEANT JULY 27TH

21   RATHER THAN JUNE 27TH FOR THAT TELEPHONIC --

22           THE COURT:  YES.  THANK YOU.  JULY 27TH.  THANK YOU.

23   AT 11:30.

24           WITH RESPECT TO THE JULY 23RD SUBMITTAL, THE COURT

25   ALSO DIRECTS THAT A WORD DOCUMENT BE SUBMITTED TO CHAMBERS AS

1    WELL.  AND THE COURT WILL ENDEAVOR TO -- ONCE EITHER CHANGES

2    ARE MADE, AND YOU'RE DIRECTED TO AMEND THE PROPOSED JUROR

3    QUESTIONNAIRE, OR IF THERE AREN'T MANY CHANGES, MAYBE THE

4    COURT CAN DO IT.  BUT I'D LIKE TO ENDEAVOR TO GET IT TO THE

5    JURY ADMINISTRATOR BY THE 30TH OF JULY TO GIVE -- SO THAT THE

6    MAIL GOES OUT BEFORE THE END OF THE WEEK, TO GIVE JURORS

7    SUFFICIENT TIME, WITH THE TIME FRAME TO RETURN THEM, SO THAT

8    WE CAN SET UP A TIME TO GET THEM BACK TO YOU FOR YOUR REVIEW

9    BEFORE JURY SELECTION.

10            AND DURING THE CONFERENCE, I'LL GIVE YOU THAT DATE,

11   THE CUTOFF DATE FOR THE SUBMITTAL AS TO WHEN WE WILL EXPECT

12   TO HAVE THEM BACK AND TO SUBMIT THEM TO BOTH PARTIES.

13            ALL RIGHT.  ANYTHING ELSE?

14            MR. KIRBY:  NO, YOUR HONOR.  THANK YOU VERY MUCH.

15            THE COURT:  ALL RIGHT.

16            MR. RAPP:  JUST ONE THING, JUDGE.

17            WE DID HAVE THE SCHEDULING ORDER.  THERE ARE SOME

18   DATES REMAINING ON THAT SCHEDULING ORDER THAT HAVE TO BE

19   COMPLIED WITH.  GIVEN THE FACT THAT THE TRIAL DATE HAS BEEN

20   CONTINUED, LIKE, FOR EXAMPLE, TOMORROW IS OUR -- IS THE

21   GOVERNMENT'S AND MAYBE THE DEFENSE AS WELL --

22            THE COURT:  FOR FILING MOTIONS?

23            MR. RAPP:  RIGHT.  I MEAN, I JUST -- THE BALANCE OF

24   THOSE DATES, DO YOU WANT US TO SUBMIT ANOTHER SCHEDULING

25   ORDER OR JUST --

1            THE COURT:  DO YOU HAVE A COPY IN FRONT OF YOU NOW?

2            MR. RAPP:  I BELIEVE I DO.  YES.  THIS IS

3    DOCUMENT -- ACTUALLY, THE ONLY DATES LEFT HERE ARE THE --

4    BOTH THE GOVERNMENT AND DEFENSE DISCLOSURE OF FINAL WITNESS

5    AND EXHIBIT LISTS, WHICH WOULD BE TOMORROW.  AND THEN YOU'VE

6    ALREADY RESET THE MOTION-IN-LIMINE DATE IN CONJUNCTION WITH

7    THE TRIAL DATE.

8            SO I GUESS ALL I'M ASKING IS ON THOSE FINAL WITNESS

9    AND EXHIBIT LISTS --

10            THE COURT:  WE NEED TO CONTINUE THOSE DATES.

11            MR. RAPP:  IF WE CAN JUST AGREE THAT THOSE BE DONE

12    WITH THE SAME -- THE SAME AMOUNT OF WEEKS, MAYBE A MONTH

13    BEFORE THE CURRENTLY SCHEDULED TRIAL DATE.

14            MR. KIRBY:  THAT'S FINE, YOUR HONOR, FROM THE

15    DEFENSE.  THANK YOU.

16            THE COURT:  IS THAT THE ONLY OUTSTANDING DATE?

17            MR. RAPP:  IT IS, YOUR HONOR.

18            THE COURT:  I'VE INCLUDED -- I'VE INCLUDED THE

19    NOTICE, THE CUTOFF DATE FOR NOTICING AN EXPERT.  ALL RIGHT.

20    I GAVE THAT TO YOU EARLIER.

21            MR. RAPP:  YES, YOU DID.

22            MR. KIRBY:  YES, YOUR HONOR.

23            THE COURT:  SO THE DISCLOSURE OF FINAL WITNESS LIST

24    SHALL BE DUE ON THE 20TH OF AUGUST.

25            GOING BACK TO THE SCREENING LETTER AND THE

1   QUESTIONNAIRE --

2           MR. KIRBY:  I HAVE NO QUESTIONS, YOUR HONOR.

3           THE COURT:  I HAVE ONE REMAINING.  THAT IS, NORMALLY

4   WE CALL 45, 41 TO 45 JURORS FOR VOIR DIRE.  MY THINKING IS

5   THAT WE PERHAPS NEED TO CALL MORE IN THIS CASE SO THAT WE CAN

6   SCREEN MORE THAN 45 IN CASE THERE ARE A NUMBER OF CHALLENGES.

7   MY THINKING IS 55 OR 60 AS A PANEL FOR VOIR DIRE IN THIS

8   CASE.

9           DO YOU HAVE A PARTICULAR TAKE ON THAT?  BECAUSE IT

10  GOES TO THE NUMBER OF -- OUR PROJECTED NUMBER OF JURORS IN

11  THE COURTROOM GOES TO THE NUMBER OF SCREENING LETTERS THAT

12  HAVE TO GO OUT, ANTICIPATING NO-SHOWS AND NON-RESPONSES AND

13  OPTING OUT FROM THE TIME FRAME.

14          MY SUGGESTION IS 60.  PERHAPS WE ONLY NEED 55, BUT

15  I'D RATHER HAVE MORE, SINCE WE'RE DEALING WITH A TIME FRAME.

16  IF WE RUN SHORT, THOSE WHO ARE SCREENED DUE TO CHALLENGES,

17  THEN WE ARE IN A PICKLE WITH RESPECT TO FINDING ADDITIONAL

18  JURORS WHO CAN BE AVAILABLE FOR FOUR OR FIVE WEEKS.

19          MR. RAPP:  FROM THE UNITED STATES' PERSPECTIVE, I'M

20  ALWAYS IN FAVOR OF MORE JURORS, BECAUSE I BELIEVE IN THIS

21  CASE WE WOULD SEAT 14 JURORS.

22          THE COURT:  YES.

23          MR. RAPP:  TWO ALTERNATES, BECAUSE OF THE LENGTH OF

24  THE -- THE LENGTH OF THE TRIAL.

25          THE COURT:  OR POSSIBLY THREE, YES.

1        MR. RAPP:  POSSIBLY THREE.  AND SO THAT WOULD

2   INCREASE THE PEREMPTORY STRIKES FOR BOTH THE DEFENSE AND THE

3   GOVERNMENT.

4        SO MAYBE I'M UNCLEAR.  IS IT THE COURT'S INTENTION

5   TO SEND OUT ONLY 65 QUESTIONNAIRES?

6        THE COURT:  NO, NO.  THE JURY ADMINISTRATOR HAS A

7   FORMULA.  IF WE WANT 60 -- IF WE WANT TO HAVE A 60-PERSON

8   PANEL HERE, THEY MAY HAVE TO SEND OUT 250 NOTICES --

9        MR. RAPP:  YES.  I GOT IT.

10       THE COURT:  -- TO MAKE SURE WE GET AT LEAST 60,

11  BASED UPON THEIR EXPERIENCE.

12       MR. RAPP:  YES.

13       THE COURT:  AND THAT SORT OF DRIVES THE COST, WHICH,

14  AS YOU PROBABLY KNOW, THAT'S PROBABLY GOING TO DRIVE THE COST

15  FOR THE CLERK'S OFFICE TO HAVE APPROVAL FOR THE POSTAGE AND

16  THE MAILING, THE COPYING AND SUCH --

17       MR. RAPP:  YES.

18       THE COURT:  -- AS IS NECESSARY.

19       BUT I THINK IT'S BETTER TO SPEND THIS MONEY ON THE

20  FRONT END, AS OPPOSED TO BEING SHORT WITH JURORS WHO CAN STAY

21  FOR THAT LONG OF A PERIOD ON THE BACK END ONCE THEY ARE

22  SITTING IN THE COURTROOM.

23       MR. RAPP:  WE'RE IN AGREEMENT WITH THAT.

24       MR. KIRBY:  AS IS THE DEFENSE, YOUR HONOR.

25       THE COURT:  ALL RIGHT.  WE'RE GOING TO GO WITH 60.

1    OKAY.  THE COURT WILL REQUIRE THE GOVERNMENT TO PRODUCE THE

2    COPIES FOR THE JURY QUESTIONNAIRE.  AND MR. MCDOWELL CAN

3    SHARE WITH THE PARTIES THE NUMBER OF SCREENING LETTERS THAT

4    WILL GO OUT, BECAUSE A COPY OF THE QUESTIONNAIRE HAS TO GO

5    OUT WITH EACH SCREENING LETTER.

6         SO THE SCREENING LETTER WILL GIVE THE DETAILS OF THE

7    TIME FRAME, ASK THE JURORS IF THEY CAN SIT FOR THAT LONG; AND

8    IF THEY SAY YES, THEY ARE TO RESPOND TO THE JURY

9    QUESTIONNAIRE AND MAIL THEM BACK.  OKAY.

10        ANY OTHER QUESTIONS?  ANY OTHER HOUSEKEEPING MATTERS

11   WE CAN DISCUSS NOW?

12        MR. RAPP:  NOT FROM THE UNITED STATES.

13        MR. KIRBY:  NO, YOUR HONOR.  THANK YOU.

14        THE COURT:  ALL RIGHT.  THANK YOU.

15        THE COURT WILL INITIATE THE CONFERENCE CALL ON THE

16   27TH OF JULY.  OKAY.

17        MR. RAPP:  THANK YOU, SIR.

18        THE COURT:  WE'RE IN RECESS.

19        MR. DUREN, CERTAINLY YOU SHOULD BE ON THAT CALL.

20   ALL RIGHT.

21        THE DEFENDANT:  YES, YOUR HONOR.

22        THE COURT:  ALL RIGHT.  VERY WELL.

23        (PROCEEDINGS CONCLUDED AT 12:38 P.M.)

24                        --OOO--

25

1                    C E R T I F I C A T I O N

2            I HEREBY CERTIFY THAT I AM A DULY APPOINTED,
   QUALIFIED AND ACTING OFFICIAL COURT REPORTER FOR THE UNITED
3  STATES DISTRICT COURT; THAT THE FOREGOING IS A TRUE AND
   CORRECT TRANSCRIPT OF THE PROCEEDINGS HAD IN THE
4  AFOREMENTIONED CAUSE; THAT SAID TRANSCRIPT IS A TRUE AND
   CORRECT TRANSCRIPTION OF MY STENOGRAPHIC NOTES; AND THAT THE
5  FORMAT USED HEREIN COMPLIES WITH THE RULES AND REQUIREMENTS
   OF THE UNITED STATES JUDICIAL CONFERENCE.

6

7            DATED:  MAY 31, 2018, AT SAN DIEGO, CALIFORNIA.

8                               S/CAMERON P. KIRCHER
                                CAMERON P. KIRCHER

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                   COMPUTER-AIDED TRANSCRIPTION