UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>TYRONE CEDRIC DUREN,<br><br>                              Defendant. | Case No.: 16cr02892 JAH<br><br>**ORDER DENYING UNITED STATES' MOTION FOR RECONSIDERATION [Doc. No. 132]** |

**INTRODUCTION**

On August 6, 2018, the United States filed a motion for reconsideration requesting the Court reconsider its order granting Defendant's motion to continue the trial date, and requesting the Court reconsider a new date to disclose experts and order Defendant to disclose any Rule 26 statements and other discovery he intends to present at trial. Defendant opposes the motion.

**DISCUSSION**

Plaintiff requests the Court reconsider the basis for the continuance of the trial because Defendant has not noticed the expert witness he claims needs until the end of September to finalize a report, and the government will be prejudiced by the late disclosure. Specifically, the United States argues Defendant has provided no information on the expert

he intends to call at trial, has not noticed the subject of the expert's testimony or qualifications and is unreasonably delaying trial. The government further maintains Defendant has disregarded the Court's scheduling order, and, therefore, he should be required to immediately comply and provide discovery.

In response, Defendant contends the court has inherent power over its docket and has an obligation to ensure a fair trial. He maintains the financial issues surrounding the case have been complex and time-consuming, and the requested continuance to secure expert testimony concerns his right to a fair trial and was not sought to delay trial. Defendant argues the United States fails to meet the standard for reconsideration relief and the motion should be denied.

The government argues, in reply, reconsideration is warranted because the Court was presented with incorrect facts, namely, that a forensic accountant previously retained by Defendant had already completed a forensic analysis of his financials for the relevant time period. Additionally, the government argues nothing prevents Defendant from noticing the expert witness, providing a preliminary witness and exhibit list, disclosing relevant discovery in his possession and providing the report when it is complete. Doing so, the United States maintains, will permit the government to raise any necessary objections that would not further delay the trial.

District courts "have 'inherent authority' to decide motions for reconsideration or rehearing of orders in criminal proceedings." United States v. Barragan-Mendoza, 174 F..3d 1024, 1028 (9th Cir. 1999). Motions for reconsideration in criminal proceedings are considered under the standard applicable to equivalent motions in civil proceedings. United States v. Motta, 2012 WL 6569284, at *1 (D.Hawaii 2012); see also United States v. Okafor, 550 Fed. Appx. 414 (9th Cir. 2013). Under the Federal Rules of Civil Procedure, a court may, upon motion, relieve a party from final judgment or order for: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence. . .; (3) fraud. . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged. . .; or (6) any other reason

justifying relief from the operation of judgment." Fed. R. Civ. P. 60(b). A motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." <u>Kona Enters. v. Estate of Bishop</u>, 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted).

In granting Defendant's oral motion to continue the trial date, the Court found the need to track the money is significant to the proof in this case and Defendant should have sufficient opportunity to develop a defense. The Court finds there is nothing demonstrating the order granting the motion to continue the trial was in error or should be disturbed in light of the Defendant's need to adequately prepare his defense in this case involving significant financial issues.

The Court further finds the United States requests for discovery can be addressed at the status hearing currently scheduled for October 9, 2018.

**CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED the United States' motion for reconsideration is DENIED.

DATED: August 16, 2018

JOHN A. HOUSTON
United States District Judge