1        UNITED STATES DISTRICT COURT

2       SOUTHERN DISTRICT OF CALIFORNIA

3

    UNITED STATES OF AMERICA,    )
4                                )
              PLAINTIFF,         )   CASE NO. 16CR2892-JAH
5                                )
    VS.                          )   SAN DIEGO, CALIFORNIA
6                                )
    TYRONE CEDRIC DUREN,         )   MONDAY,
7                                )   APRIL 29, 2019
              DEFENDANT.         )   2:27 P.M.
8   _____)

9

10           REPORTER'S TRANSCRIPT OF PROCEEDINGS

11              CHANGE OF PLEA HEARING

12       BEFORE THE HONORABLE JOHN A. HOUSTON
            UNITED STATES DISTRICT JUDGE
13

14
    APPEARANCES:
15
    FOR THE GOVERNMENT:   ROBERT S. BREWER, JR., U.S. ATTORNEY
16                        BY:  KEVIN M. RAPP, ESQ.
                               ABBIE MARSH, ESQ.
17                        ASSISTANT U.S. ATTORNEY
                          880 FRONT STREET
18                        SAN DIEGO, CALIFORNIA  92101

19  FOR THE DEFENDANT:    JOHN DAVID KIRBY
                          L. MARCEL STEWART
20                        ATTORNEYS AT LAW
                          110 WEST A STREET
21                        SUITE 1100
                          SAN DIEGO, CALIFORNIA  92101
22

23  REPORTED BY:  CAMERON P. KIRCHER
                  CSR NO. 9427, RPR, CRR, RMR
24                333 W. BROADWAY, SUITE 420
                  SAN DIEGO, CALIFORNIA  92101
25                E-MAIL:  CPKIRCHER@GMAIL.COM

1          SAN DIEGO, CALIFORNIA - MONDAY, APRIL 29, 2019

2                          2:27 P.M.

3          THE CLERK:  ALL RIGHT.  NO. 12 IS 16CR2892, THE

4    UNITED STATES OF AMERICA VERSUS TYRONE CEDRIC DUREN.

5          MR. STEWART:  GOOD AFTERNOON, YOUR HONOR.  MARCEL

6    STEWART, ALONG WITH JOHN KIRBY, ON BEHALF OF TYRONE DUREN,

7    WHO IS BEFORE THE COURT ON BOND.

8          THE COURT:  GOOD AFTERNOON.

9          MR. RAPP:  GOOD AFTERNOON, YOUR HONOR.  KEVIN RAPP

10   AND ABBIE MARSH ON BEHALF OF THE UNITED STATES.

11         THE COURT:  GOOD AFTERNOON.

12         MS. MARSH:  GOOD AFTERNOON.

13         THE COURT:  ONE SECOND.

14         GOOD AFTERNOON, MR. DUREN.  GOOD AFTERNOON, SIR.

15         THE DEFENDANT:  OH, GOOD AFTERNOON.

16         THE COURT:  ONE SECOND.

17         MR. DUREN, I'VE BEEN ADVISED THAT YOU'RE WILLING TO

18   PLEAD TO A NUMBER OF THE CHARGES TODAY PRIOR TO GOING TO

19   TRIAL; IS THAT CORRECT?

20         THE DEFENDANT:  YES, YOUR HONOR.

21         THE COURT:  ALL RIGHT.  MR. MCDOWELL.

22         THE CLERK:  ALL RIGHT.  WOULD YOU RAISE YOUR RIGHT

23   HAND, PLEASE.

24       (DEFENDANT PLACED UNDER OATH.)

25         THE DEFENDANT:  I DO.  I DO.

COMPUTER-AIDED TRANSCRIPTION

1          THE CLERK:  THANK YOU.

2          THE COURT:  WILL YOU COME TO THE PODIUM, SIR, WITH

3     COUNSEL.

4          ALL RIGHT.  SIR, HOW OLD ARE YOU?

5          THE DEFENDANT:  ACTUALLY JUST SLIPPED MY MIND.

6     OKAY.  IT REALLY JUST SLIPPED MY MIND.

7          THE COURT:  I BEG YOUR PARDON?

8          CAN YOU SHARE THE MIKE WITH YOUR CLIENT.

9          THE DEFENDANT:  SORRY.  IT SLIPPED MY MIND.  48.

10    48.

11         THE COURT:  I'M SORRY?

12         THE DEFENDANT:  48, YOUR HONOR.

13         THE COURT:  48?

14         THE DEFENDANT:  YES.

15         THE COURT:  ALL RIGHT.  HOW MANY YEARS OF SCHOOLING

16    HAVE YOU HAD?

17         THE DEFENDANT:  THROUGH COLLEGE, YOUR HONOR.

18         THE COURT:  ALL RIGHT.  THANK YOU.  I'LL ASK YOU

19    SOME QUESTIONS SO THAT I CAN DETERMINE WHETHER OR NOT YOUR

20    PLEA OF GUILTY IS MADE KNOWINGLY AND VOLUNTARILY AND WHETHER

21    THERE IS A REASON FOR YOU TO ENTER THE PLEAS I'VE BEEN

22    ADVISED OF.

23         IF YOU FAIL TO UNDERSTAND ANY QUESTION I PRESENT TO

24    YOU, FEEL FREE TO ASK ME TO REPEAT IT.  AND IF AT ANY TIME

25    DURING THE COURSE OF OUR DISCUSSION, IF YOU WANT TO SPEAK TO

1   YOUR LAWYERS, LET ME KNOW.  YOU CAN HAVE AS MUCH TIME TO

2   SPEAK TO YOUR LAWYERS AS YOU NEED.

3            DO YOU UNDERSTAND, SIR?

4            THE DEFENDANT:  YES, YOUR HONOR.

5            THE COURT:  HAVE YOU TAKEN ANY MEDICATION OR OTHER

6   DRUGS IN THE LAST 48 HOURS THAT WOULD IMPACT ON YOUR ABILITY

7   AS TO WHAT YOU'RE DOING HERE TODAY?

8            THE DEFENDANT:  NO, YOUR HONOR.

9            THE COURT:  HAS ANYONE FORCED YOU OR THREATENED YOU

10  OR INTIMIDATED YOU IN ANY WAY IN ORDER TO GET YOU TO ENTER

11  YOUR PLEAS?

12           THE DEFENDANT:  NO, YOUR HONOR.

13           THE COURT:  I'M AWARE, SIR, THAT THERE IS NO PLEA

14  AGREEMENT IN THIS CASE WITH THE UNITED STATES.  AND DO YOU

15  UNDERSTAND THAT BY ENTERING PLEAS WITH THE BENEFIT OF A PLEA

16  AGREEMENT, THE UNITED STATES -- THAT YOU WOULD HAVE THE

17  OPPORTUNITY TO TRY TO CAP THE SENTENCING RECOMMENDATION BY

18  THE UNITED STATES ON EACH AND EVERY COUNT.

19           DO YOU UNDERSTAND THIS?

20           THE DEFENDANT:  YES, YOUR HONOR.

21           THE COURT:  AND DO YOU UNDERSTAND THAT IN LIGHT OF

22  THERE BEING NO PLEA AGREEMENT, THE GOVERNMENT MAY MAKE

23  SENTENCING RECOMMENDATIONS AT ITS WILL SO LONG AS THOSE

24  RECOMMENDATIONS ARE AUTHORIZED WITHIN THE SENTENCING

25  GUIDELINES?

1          DO YOU UNDERSTAND THIS?

2          THE DEFENDANT:  YES, YOUR HONOR.

3          THE COURT:  KNOWING ALL OF THAT, DO YOU STILL WANT

4    TO ENTER THIS PLEA WITHOUT A PLEA AGREEMENT?

5          THE DEFENDANT:  YES, YOUR HONOR.

6          THE COURT:  DO YOU HAVE ANY QUESTIONS ABOUT ENTERING

7    A PLEA WITHOUT A PLEA AGREEMENT?

8          THE DEFENDANT:  NO.

9          THE COURT:  MAY I ASSUME THAT YOU'VE HAD THIS

10   DISCUSSION WITH YOUR LAWYERS ABOUT ENTERING A PLEA WITHOUT A

11   PLEA AGREEMENT?

12         THE DEFENDANT:  YES, YOUR HONOR.

13         THE COURT:  AND DO YOU ALSO UNDERSTAND THAT BY

14   ENTERING THIS PLEA WITHOUT A PLEA AGREEMENT, AND THERE ARE

15   PENDING CHARGES AGAINST YOU THAT WILL BE GOING TO TRIAL, THE

16   ADMISSIONS YOU MAKE IN THIS COURTROOM MAY BE USED AGAINST

17   YOU, BECAUSE THEY WILL BE ADMISSIONS OF A PARTY OPPONENT,

18   DURING THE COURSE OF THE TRIAL?

19         DO YOU UNDERSTAND THIS?

20         THE DEFENDANT:  YES, YOUR HONOR.

21         THE COURT:  HAVE YOU DISCUSSED THAT WITH YOUR

22   LAWYER?

23         THE DEFENDANT:  YES, YOUR HONOR.

24         THE COURT:  ALL RIGHT.  YOU ARE ADVISED THAT YOU

25   HAVE THE FOLLOWING CONSTITUTIONAL AND TRIAL RIGHTS:

1    YOU HAVE THE RIGHT TO PERSIST IN YOUR PLEA OF NOT

2  GUILTY TO EACH OF THE CHARGES, YOU HAVE THE RIGHT TO A SPEEDY

3  AND PUBLIC TRIAL, AND YOU HAVE A RIGHT TO A TRIAL BY JURY,

4  WHICH IS TO OCCUR IN SIX OR SEVEN DAYS FROM NOW.

5    YOU ALSO HAVE THE RIGHT TO THE ASSISTANCE OF COUNSEL

6  THROUGHOUT ALL PROCEEDINGS IN THIS CASE, INCLUDING THROUGH

7  TRIAL.  AND IF YOU CANNOT AFFORD TO PAY AN ATTORNEY TO

8  REPRESENT YOU THROUGH TRIAL, THE COURT WILL APPOINT COUNSEL

9  UPON A SHOWING TO REPRESENT YOU THROUGH TRIAL AT NO COST TO

10  YOU.

11    YOU HAVE THE RIGHT TO CONFRONT AND CROSS-EXAMINE THE

12  WITNESSES AGAINST YOU AND YOU HAVE THE RIGHT TO PRESENT A

13  DEFENSE AND THE RIGHT TO HAVE WITNESSES SUBPOENAED TO COURT

14  TO TESTIFY ON YOUR BEHALF ON THESE CHARGES THAT YOU'RE ABOUT

15  TO PLEAD GUILTY TO.

16    IN ADDITION, YOU ALSO HAVE THE RIGHT TO REMAIN

17  SILENT THROUGHOUT ALL PROCEEDINGS IN THIS CASE, THROUGH

18  TRIAL, AND THE GOVERNMENT WILL NOT BE FREE TO COMMENT ON YOUR

19  SILENCE, SAVE AS I JUST MENTIONED WITH YOU, THE STATEMENTS

20  YOU MAKE HERE ON THE RECORD CAN BE USED AGAINST YOU.

21    DO YOU UNDERSTAND THIS?

22    THE DEFENDANT:  YES, I DO.

23    THE COURT:  YOU ALSO HAVE THE RIGHT TO REQUIRE THE

24  UNITED STATES TO PROVE EACH AND EVERY COUNT BEYOND A

25  REASONABLE DOUBT TO THE TRIER-OF-FACT, AND THAT TRIER-OF-FACT

1   COULD BE THE COURT WITHOUT A JURY.

2           DO YOU UNDERSTAND THAT?

3           THE DEFENDANT:  ACTUALLY, I DID NOT UNDERSTAND THAT

4   PART.

5           THE COURT:  I'M SORRY?

6           THE DEFENDANT:  I MISUNDERSTOOD THAT.

7           THE COURT:  ALL RIGHT.  I INDICATED TO YOU THAT YOU

8   HAVE A RIGHT TO A TRIAL BY JURY, BUT YOU ALSO HAVE THE RIGHT

9   TO WAIVE YOUR RIGHT TO A JURY AND BE TRIED BY THIS COURT.

10          DO YOU UNDERSTAND THIS?

11          THE DEFENDANT:  YES, I DO, YOUR HONOR.

12          THE COURT:  ALL RIGHT.  SO THE GOVERNMENT WILL HAVE

13  THE REQUIREMENT TO PROVE EACH AND EVERY ELEMENT OF THE

14  CHARGES BEYOND A REASONABLE DOUBT TO THE TRIER-OF-FACT.

15          DO YOU UNDERSTAND THAT?

16          THE DEFENDANT:  YES, YOUR HONOR.

17          THE COURT:  OKAY.  I UNDERSTAND THAT YOU ARE

18  PREPARED TO PLEAD GUILTY TODAY TO COUNTS 14 THROUGH 23,

19  INCLUSIVE, AND COUNTS 27 THROUGH 34, INCLUSIVE, ALONG WITH

20  COUNT 38 OF THE SUPERSEDING INDICTMENT; IS THAT CORRECT?

21          THE DEFENDANT:  YES, YOUR HONOR.

22          THE COURT:  I'LL BEGIN WITH COUNTS 14 THROUGH 23.

23          COUNTS 14 THROUGH 23, INCLUSIVE, CHARGES YOU WITH

24  MONEY LAUNDERING, IN VIOLATION OF TITLE 18 UNITED STATES

25  CODE, SECTION 1957(A).  THE ELEMENTS THE GOVERNMENT MUST

1    PROVE BEYOND A REASONABLE DOUBT ARE AS FOLLOWS.

2            BEFORE I GO TO THE ELEMENTS.  DO YOU UNDERSTAND

3    THAT -- I'VE ADVISED YOU OF YOUR RIGHTS.  DO YOU UNDERSTAND

4    THAT?

5            THE DEFENDANT:  YES, I DO.

6            THE COURT:  DO YOU UNDERSTAND THAT IF YOU PLEAD

7    GUILTY, YOU'RE WAIVING THOSE RIGHTS WITH RESPECT TO THESE

8    CHARGES, AND THAT YOUR ADMISSIONS HERE TODAY WOULD BE

9    SUFFICIENT, IF THE COURT FINDS THEM SO, TO FIND YOU GUILTY OF

10   THOSE CHARGES?

11           DO YOU UNDERSTAND THIS?

12           THE DEFENDANT:  YES, I DO, YOUR HONOR.

13           THE COURT:  AND THERE WILL BE NO JURY TRIAL OR OTHER

14   TRIAL ON THE COUNTS YOU INTEND TO PLEAD GUILTY TO.  DO YOU

15   UNDERSTAND THAT, SIR?

16           THE DEFENDANT:  YES, I DO, YOUR HONOR.

17           THE COURT:  ALL RIGHT.  WITH RESPECT TO COUNTS 14

18   THROUGH 24, MONEY LAUNDERING, IN VIOLATION OF TITLE 18 UNITED

19   STATES CODE, SECTION 1957(A), THE ELEMENTS THAT MUST BE

20   PROVEN BEYOND A REASONABLE DOUBT TO THE TRIER-OF-FACT ARE:

21           THAT DURING THE TIME SET FORTH IN EACH COUNT, EACH

22   OF THESE COUNTS, YOU KNOWINGLY ENGAGED OR ATTEMPTED TO ENGAGE

23   IN MONEY -- IN A MONETARY TRANSACTION IN THE SOUTHERN

24   DISTRICT OF CALIFORNIA AND ELSEWHERE WITHIN THE UNITED

25   STATES.

1    YOU KNEW THE TRANSACTION OR TRANSACTIONS INVOLVED

2  CRIMINALLY DERIVED PROPERTY.  THE PROPERTY HAD A VALUE

3  GREATER THAN $10,000 AS TO EACH COUNT.  THE PROPERTY WAS, IN

4  FACT, DERIVED FROM DRUG TRAFFICKING AS TO EACH COUNT.

5    DO YOU UNDERSTAND THIS -- AND ALL THE TRANSACTIONS

6  OCCURRED HERE IN THE UNITED STATES.

7    DO YOU UNDERSTAND ALL OF THAT?

8    THE DEFENDANT:  YES, I DO, YOUR HONOR.

9    THE COURT:  ALL RIGHT.  DO YOU UNDERSTAND THAT THE

10  MAXIMUM PUNISHMENT YOU FACE BASED UPON YOUR PLEA OF GUILTY

11  ALONE TO COUNTS 23 THROUGH -- I'M SORRY, COUNTS 14 TO 23,

12  INCLUSIVE, ARE A MAXIMUM 20 YEARS IN CUSTODY, A MAXIMUM

13  FINE --

14    MR. RAPP:  EXCUSE ME, JUDGE.  I THINK YOU'RE READING

15  FROM THE DEFENSE'S MEMORANDUM.  THAT ACTUALLY IS AN INCORRECT

16  STATUTORY MAXIMUM.

17    THE COURT:  THANK YOU, SIR.

18    MR. RAPP:  THE CORRECT STATUTORY MAXIMUM IS TEN

19  YEARS.

20    THE COURT:  VERY WELL.  THANK YOU.

21    THE MAXIMUM PUNISHMENT YOU FACE WITH RESPECT TO

22  COUNTS 14 THROUGH 23, INCLUSIVE, IS A MAXIMUM PUNISHMENT OF

23  TEN YEARS IN CUSTODY, A MAXIMUM FINE OF $250,000, AND THE

24  COURT MAY IMPOSE AN ALTERNATIVE FINE THAT IS NOT MORE THAN

25  TWICE THE AMOUNT OF THE CRIMINALLY DERIVED PROPERTY INVOLVED

1  IN EACH TRANSACTION.

2          DO YOU UNDERSTAND THIS?

3          THE DEFENDANT:  I DO, YOUR HONOR.

4          THE COURT:  AND ALSO, THERE IS A TERM OF SUPERVISED

5  RELEASE OF THREE YEARS AND A MAXIMUM TERM OF PROBATION OF

6  FIVE YEARS.

7          DO YOU UNDERSTAND THAT THIS COURT IS THE SENTENCING

8  COURT, AND AT THE TIME OF SENTENCING, THIS COURT WILL

9  CONSIDER THE SENTENCING GUIDELINES FOR GUIDANCE AND OTHER

10  FACTORS PROVIDED BY LAW WHICH PERMITS THE COURT TO DETERMINE

11  AN APPROPRIATE SENTENCE FOR YOU.

12          AND AT THE END OF THE DAY, IF THE SENTENCE YOU

13  RECEIVE IS MORE SEVERE THAN THE SENTENCE YOU EXPECT TO

14  RECEIVE, YOU WILL NOT HAVE THE ABSOLUTE RIGHT TO WITHDRAW

15  YOUR PLEA OF GUILTY.

16          DO YOU UNDERSTAND THIS?

17          THE DEFENDANT:  YES, I DO, YOUR HONOR.

18          THE COURT:  YOU MAY HAVE THE RIGHT TO APPEAL YOUR

19  CONVICTION AND SENTENCE IN THAT REGARD, BUT YOU WILL NOT HAVE

20  THE ABSOLUTE RIGHT TO WITHDRAW YOUR PLEA.

21          DO YOU UNDERSTAND THAT, SIR?

22          THE DEFENDANT:  YES, I DO.

23          THE COURT:  ALSO AT THE TIME OF SENTENCING, THE

24  COURT WILL CONSIDER THE SENTENCING GUIDELINES FOR GUIDANCE

25  AND OTHER FACTORS UNDER 3553(A), AND THE COURT WILL SET

1  CERTAIN TERMS AND CONDITIONS IMPOSED AT THAT TIME OF

2  SENTENCING, AND THOSE TERMS AND CONDITIONS WILL BE THE TERMS

3  AND CONDITIONS OF YOUR SUPERVISED RELEASE, WHICH HAS THE

4  MAXIMUM TERM OF THREE YEARS OF SUPERVISED RELEASE.

5           AND DURING THE PERIOD OF SUPERVISED RELEASE, IF THIS

6  COURT FINDS THAT YOU'VE VIOLATED ANY OF THOSE TERMS AND

7  CONDITIONS, THIS COURT MAY REVOKE YOUR SUPERVISED RELEASE AND

8  PLACE YOU IN CUSTODY FOR ANY TIME -- IN ADDITION TO ANY TIME

9  YOU'VE ALREADY SPENT IN CUSTODY.

10           DO YOU UNDERSTAND THIS, SIR?

11           THE DEFENDANT:  YES, I DO, YOUR HONOR.

12           THE COURT:  DO YOU HAVE ANY QUESTIONS ABOUT THE

13  MAXIMUM PUNISHMENT?

14           THE DEFENDANT:  NO, YOUR HONOR.

15           THE COURT:  IS THERE ANY ISSUE WITH RESPECT TO THE

16  MAXIMUM PUNISHMENT THAT I'VE SHARED, BY EITHER PARTY?

17           MR. STEWART:  NO, YOUR HONOR.

18           MR. KIRBY:  WELL, ACTUALLY, YOUR HONOR, JUST LOOKING

19  IT UP HERE ON MY TELEPHONE, IT SAYS THE MAXIMUM IS 20

20  YEARS.

21           THE COURT:  ANYTHING FURTHER?

22           MR. STEWART:  NO, YOUR HONOR.

23           THE COURT:  ALL RIGHT.  WITH RESPECT TO THE COURT

24  LOOKING TO THE SENTENCING GUIDELINES FOR GUIDANCE, MR. DUREN,

25  DO YOU UNDERSTAND THE COURT MAY ALSO CONSIDER RELEVANT

1  CONDUCT INVOLVED IN THIS CASE?

2          THE DEFENDANT:  YES, YOUR HONOR.

3          THE COURT:  HAVE YOU HAD AN OPPORTUNITY TO DISCUSS

4  RELEVANT CONDUCT WITH YOUR LAWYERS?

5          THE DEFENDANT:  YES, YOUR HONOR.

6          THE COURT:  I NEED YOU TO SPEAK LOUDER SO WE ALL CAN

7  HEAR YOU.

8          THE DEFENDANT:  YES, YOUR HONOR.

9          THE COURT:  ALL RIGHT.  SO YOU UNDERSTAND THAT YOU

10  ARE RESPONSIBLE FOR RELEVANT CONDUCT FOUND BY THE COURT,

11  INCLUDING CONDUCT PERTAINING TO ANY DISMISSED COUNTS OR

12  UNCHARGED CONDUCT AS DEFINED BY THE SENTENCING GUIDELINES

13  IN SECTION 1B1.3, AND DO YOU UNDERSTAND THAT REGARDLESS OF

14  WHETHER SUCH CONDUCT CONSTITUTES AN OFFENSE UNDER

15  18 USC SECTIONS 2259 AND 3663, YOU SPECIFICALLY UNDERSTAND

16  THAT YOU MAY HAVE TO PAY FULL RESTITUTION, REGARDLESS OF THE

17  RESULTING LOSS AMOUNT TO ALL VICTIMS, DIRECTLY OR PROXIMATELY

18  HARMED BY THE DEFENDANT'S -- BY YOUR RELEVANT CONDUCT, AND

19  THAT YOU UNDERSTAND THAT SUCH RESTITUTION WILL BE INCLUDED IN

20  THE COURT'S ORDER OF JUDGMENT?

21          DO YOU UNDERSTAND ALL OF THAT?

22          MR. STEWART:  AND, YOUR HONOR, IF I MAY.  WITH

23  REGARD TO RELEVANT CONDUCT, MR. DUREN, AND WILL SO INDICATE,

24  CERTAINLY UNDERSTANDS THAT THE COURT CAN DETERMINE RELEVANT

25  CONDUCT.  WE JUST WISH TO INDICATE THAT WE CERTAINLY RESERVE

1   ALL LEGITIMATE LEGAL OBJECTIONS AND ARGUMENTS TO ANY

2   DETERMINATION MADE AT THE TIME OF SENTENCING.

3           THE COURT:  CERTAINLY.  I ACCEPT THAT, SIR.

4           THE COURT WILL DETERMINE WHAT'S RELEVANT CONDUCT.

5   THE GOVERNMENT CAN RECOMMEND RELEVANT CONDUCT, BUT I MAKE THE

6   DECISION, BUT YOU'LL HAVE THE OPPORTUNITY TO CHALLENGE

7   WHETHER OR NOT ANY FACTS PRESENTED BY THE GOVERNMENT

8   CONSTITUTE RELEVANT CONDUCT.

9           DO YOU UNDERSTAND?

10          THE DEFENDANT:  I DO, YOUR HONOR.

11          THE COURT:  DO YOU FURTHER UNDERSTAND THAT ANY

12  UNANTICIPATED AMOUNT OF MONEY, INCOME OR LOSS INVOLVED IN

13  MONEY-LAUNDERING ACTIVITIES, BANK FRAUD OR TAX EVASION FOR

14  COUNTS THAT YOU'RE NOT PLEADING GUILTY TO, COUNTS 1 THROUGH

15  13, 24 THROUGH 26 AND 35 THROUGH 37, AND THE RESULTING

16  RESTITUTION AMOUNT WILL NOT SERVE AS GROUNDS TO WITHDRAW YOUR

17  GUILTY PLEA?

18          DO YOU UNDERSTAND THIS?

19          THE DEFENDANT:  I DO, YOUR HONOR.

20          THE COURT:  AND DO YOU UNDERSTAND THIS RELEVANT

21  CONDUCT APPLIES TO NOT ONLY THE MONEY-LAUNDERING COUNTS WE'RE

22  DISCUSSING RIGHT NOW, BUT ALSO TO THE BANK FRAUD -- I'M

23  SORRY, FALSE STATEMENTS AND/OR THE TAX-EVASION COUNT?

24          DO YOU UNDERSTAND THIS?

25          THE DEFENDANT:  YES, I DO, YOUR HONOR.

1          THE COURT:  ALL RIGHT.  SO YOU UNDERSTAND I WILL NOT

2     REPEAT THE RELEVANT CONDUCT AS I GO THROUGH THE OTHER

3     CATEGORIES OF OFFENSES YOU INTEND TO PLEAD GUILTY TO?

4          THE DEFENDANT:  YES, YOUR HONOR.

5          THE COURT:  VERY WELL.

6          AT THIS TIME, I'M GOING TO COMPLETE THIS DISCUSSION

7     WITH RESPECT TO MONEY LAUNDERING FIRST.  SO DO YOU HAVE ANY

8     QUESTIONS ABOUT THE MAXIMUM PUNISHMENT, WHICH MAY INCLUDE

9     CONSIDERATION OF RELEVANT CONDUCT?

10          THE DEFENDANT:  NO, YOUR HONOR.

11          THE COURT:  YOU ALSO HAVE A RIGHT TO APPEAL YOUR

12     CONVICTION AND SENTENCE.  DO YOU UNDERSTAND THIS?

13          THE DEFENDANT:  YES, YOUR HONOR.

14          THE COURT:  THERE IS NO PLEA AGREEMENT TO -- YOU

15     KNOW, FOR YOU TO WAIVE THAT RIGHT.  YOU HAVE THE RIGHT TO

16     APPEAL YOUR CONVICTION AND SENTENCE AS TO THESE PLEAS.

17          DO YOU UNDERSTAND THIS?

18          THE DEFENDANT:  I DO, YOUR HONOR.

19          THE COURT:  ALL RIGHT.  AT THIS TIME, I AM GOING TO

20     DISCUSS THE MONEY-LAUNDERING COUNTS WITH YOU.  I'LL ASK YOU

21     QUESTIONS SO I CAN DETERMINE WHETHER OR NOT YOU'VE ACTUALLY

22     COMMITTED A CRIME AS TO EACH COUNT.  AND I REMIND YOU THAT

23     YOU'RE UNDER OATH AND YOUR ANSWERS ARE SUBJECT TO PENALTIES

24     OF PERJURY AND FALSE STATEMENT.

25          AS TO COUNT 14, WHICH ALLEGES THAT ON AUGUST 20TH,

1    2013, YOU COMMITTED MONEY LAUNDERING, IN VIOLATION OF FEDERAL

2    LAW, THROUGH A FINANCIAL TRANSACTION AT MISSION FEDERAL

3    CREDIT UNION IN THE AMOUNT OF $15,240.  DO YOU AGREE THAT THE

4    GOVERNMENT COULD PROVE TO A JURY BEYOND A REASONABLE DOUBT

5    THAT YOU TOOK THE PROCEEDS FROM DRUG TRAFFICKING THAT HAD

6    BEEN SEIZED FROM ERNESTO SANCHEZ ON JULY 13TH, 2013?

7            THE DEFENDANT:  YES, YOUR HONOR.

8            THE COURT:  DO YOU ALSO AGREE THAT THE GOVERNMENT

9    COULD PROVE BEYOND A REASONABLE DOUBT --

10           MR. RAPP:  JUDGE, IF I CAN JUST INTERRUPT.  A MODEST

11   CHANGE THERE.  THE DATE OF THAT SEIZURE IS JULY 18TH OF 2013;

12   NOT JULY 13TH.

13           THE COURT:  IT WAS AUGUST 20TH?

14           MR. STEWART:  RIGHT.  HE'S USING --

15           THE COURT:  I'M USING YOUR CHART, SIR.

16           MR. STEWART:  HE'S USING THE MONEY LAUNDERING.

17           MR. RAPP:  I GOT THAT PART.  IT'S JUST WHEN YOU

18   RELATED IT BACK TO THE ACTUAL SEIZURE, THAT DATE WAS

19   INCORRECT.

20           THE COURT:  OH, I'M SORRY.

21           MR. RAPP:  THAT'S ALL RIGHT.

22           THE COURT:  IT'S BEEN A LONG DAY.

23           MR. RAPP:  I THINK -- IT MIGHT BE INCORRECT IN ONE

24   OF THE FILINGS YOU HAVE.

25           THE COURT:  SO THE DATE --

1          MR. RAPP:  JULY 18TH OF 2013.

2          MR. STEWART:  AND JUST SO WE'RE CLEAR, YOUR HONOR,

3     JUST TO AVOID ANY CONFUSION, THE COURT IS COMPLETELY CORRECT

4     IN TERMS OF READING THE MONEY-LAUNDERING TRANSACTION DATES

5     FROM THE SUPERSEDING INDICTMENT.  AND MR. -- THE PROSECUTOR

6     IS INDICATING THAT FROM A FACTUAL BASIS, THE MONEY WAS TAKEN

7     FROM MR. SANCHEZ -- I CANNOT PRONOUNCE THE LAST NAME

8     CORRECTLY -- ON JULY 18TH, 2013.  BUT IN TERMS OF THE ACTUAL

9     TRANSACTIONS, YOU HAVE THEM RIGHT, YOUR HONOR, FROM THE

10    SUPERSEDING INDICTMENT.

11         THE COURT:  ALL RIGHT.  THANK YOU.

12         SO MR. DUREN, YOU AGREE THAT THE GOVERNMENT CAN

13    PROVE BEYOND A REASONABLE DOUBT THAT YOU TOOK PROCEEDS OF

14    DRUG TRAFFICKING THAT HAD BEEN SEIZED FROM ERNESTO SANCHEZ ON

15    JULY 18TH, 2013; CORRECT?

16         THE DEFENDANT:  YES, YOUR HONOR.

17         THE COURT:  AND YOU AGREE THAT THE GOVERNMENT CAN

18    PROVE BEYOND A REASONABLE DOUBT THAT YOU TOOK THE MONEY FROM

19    SEIZURE NO. 2014252000001301, AS CHARGED IN THE INDICTMENT,

20    WHICH WAS -- WHICH WERE DRUG-TRAFFICKING PROCEEDS SEIZED BY

21    FEDERAL AGENTS AT THE SAN CLEMENTE BORDER PATROL STATION ON

22    MARCH 13TH, 2014.

23         DO YOU AGREE THAT THE GOVERNMENT CAN PROVE THAT

24    BEYOND A REASONABLE DOUBT?

25         THE DEFENDANT:  YES, YOUR HONOR.

1          THE COURT:  AND DO YOU AGREE THAT AT THAT TIME, YOU

2     ENGAGED IN A FINANCIAL TRANSACTION IDENTIFIED IN COUNT 14

3     THAT I REFERRED TO EARLIER, THE TRANSACTION ON AUGUST 20TH,

4     2013?

5          MR. STEWART:  WELL, YOUR HONOR, JUST SO THE COURT IS

6     CLEAR, THE MARCH 13TH, 2014 TRANSACTION CAME AFTER, YOUR

7     HONOR; BUT THE JULY 13TH -- JULY 18TH, 2013, YOUR HONOR, CAME

8     BEFORE THAT PARTICULAR ONE.

9          THE COURT:  SO YOUR FACTUAL BASIS COVERS ALL THE

10    COUNTS?

11         MR. STEWART:  EXACTLY, YOUR HONOR.

12         THE COURT:  ALL RIGHT.

13         MR. STEWART:  EXACTLY.

14         THE COURT:  I CAN REFRAME THE QUESTIONING IN THAT

15    REGARD.  OKAY.  SO LET'S FORGET THE MARCH 2014 EVENT FOR THIS

16    PLEA AT THIS TIME, SIR.  ALL RIGHT.

17         DO YOU AGREE THAT THE GOVERNMENT CAN PROVE THAT THE

18    FINANCIAL TRANSACTION AT MISSION FEDERAL CREDIT UNION ON

19    AUGUST 20TH, 2013 INVOLVED AN AMOUNT MORE THAN $10,000?

20         THE DEFENDANT:  YES, YOUR HONOR.

21         THE COURT:  ARE YOU SATISFIED, COUNSEL, WITH THE

22    FACTUAL BASIS OF COUNT 14?

23         MR. RAPP:  WELL, IT SOUNDS TO ME LIKE THE DEFENDANT

24    IS WILLING TO ADMIT THAT THE GOVERNMENT COULD PROVE THIS, AND

25    SO IT'S VERY CLOSE TO SORT OF AN ALFRED PLEA SITUATION,

1    WHICH, AS THE COURT KNOWS, UNDER VERY UNUSUAL CIRCUMSTANCES,

2    WE WOULDN'T AGREE TO THAT.

3         SO WE WOULD LIKE TO HEAR A LITTLE BIT MORE EVIDENCE

4    EXACTLY OF WHAT -- MORE CONSISTENT WITH OUR FACTUAL BASIS,

5    THAT THE DEFENDANT NOT ONLY IS WILLING TO ACCEPT THAT THE

6    GOVERNMENT CAN PROVE THIS, BUT HE, IN FACT, TOOK THE MONEY

7    FROM MR. SANCHEZ, USED THAT MONEY WHICH HE KNEW WAS

8    CRIMINALLY DERIVED TO COMPLETE SUBSEQUENT FINANCIAL

9    TRANSACTIONS.

10        MR. STEWART:  YOUR HONOR, WE BELIEVE THAT THE

11   FACTUAL BASIS THAT THE COURT INDICATED IS CONSISTENT WITH THE

12   LAW.  WE BELIEVE THAT BY INDICATING THAT THE GOVERNMENT COULD

13   PROVE BEYOND A REASONABLE DOUBT, WE BELIEVE THAT THAT'S

14   CONSISTENT WITH WHAT'S NECESSARY TO PLEAD UNDER THE LAW.

15        AND WE'RE SORRY IF THE GOVERNMENT WOULD LIKE US TO

16   STATE OTHER FACTS, BUT WE'RE STATING FACTS THAT WE BELIEVE IS

17   CONSISTENT WITH THE LAW, CONSISTENT WITH WHAT MR. DUREN DID,

18   AND THIS IS A PLEA WITHOUT A PLEA AGREEMENT, SO THE

19   GOVERNMENT REALLY DOESN'T HAVE TOO MUCH LEEWAY TO REQUEST ITS

20   OWN PARTICULAR SET OF FACTS, ONLY FACTS THAT COMPLY WITH THE

21   LAW.  AND WE BELIEVE THAT THE FACTS THAT WE'VE LAID OUT

22   COMPLY WITH THE LAW.

23        AND WE'RE AWARE THAT THE GOVERNMENT UNDER A PLEA

24   AGREEMENT PREFERS NOT TO ACCEPT PLEAS UNDER PLEA AGREEMENT

25   WITH THE GOVERNMENT THAT THE DEFENDANT AGREES THAT THE

1    GOVERNMENT COULD PROVE, BUT, AGAIN, THIS IS NOT A PLEA

2    AGREEMENT WITH THE GOVERNMENT, AND SO THE GOVERNMENT'S

3    PREFERENCES ARE NOT IN PLAY HERE THE WAY THAT THEY WOULD BE

4    WITH A PLEA AGREEMENT WITH THE GOVERNMENT.  SO WE DO BELIEVE

5    WE'RE COMPLYING WITH THE LAW.

6            THE COURT:  ALL RIGHT.  I HEAR YOU.  BUT WE'RE GOING

7    TO TRIAL NEXT WEEK.  AND IF HE'S PLEADING GUILTY TO THESE

8    CHARGES, I'M NOT OF THE MIND TO HEAR EVIDENCE THAT HE HASN'T

9    ADMITTED IT, BUT ONLY THE GOVERNMENT CAN PROVE IT, BUT HE

10   HASN'T ADMITTED IT.  I'M WASTING MY TIME HERE.

11           MR. STEWART:  YOUR HONOR, THAT'S A NONISSUE.  IF

12   THAT'S A PROBLEM WITH THE COURT, WE WILL SIMPLY CHANGE

13   WHEREVER WE IN OUR PAPERS HAVE LAID OUT THAT MR. DUREN AGREES

14   THAT THE GOVERNMENT CAN PROVE, WE SIMPLY WILL CHANGE THAT AND

15   MR. DUREN WILL ACKNOWLEDGE THAT HE IS GUILTY OF THAT.  SO WE

16   DON'T WANT THAT TO BE A LINCHPIN.

17           THE COURT:  WHAT'S THAT AGAIN?  I'M SORRY?

18           MR. STEWART:  YES, YOUR HONOR.

19           THE COURT:  HE WOULD ACKNOWLEDGE OR NOT ACKNOWLEDGE?

20           MR. STEWART:  NO.  WE'RE SAYING, YOUR HONOR, GIVEN

21   THAT IS A LYNCHPIN FOR THE COURT, THAT ANYWHERE IN OUR

22   FACTUAL BASIS WHERE WE INDICATE THAT MR. DUREN AGREES THAT

23   THE GOVERNMENT CAN PROVE, HE IS WILLING TO, INSTEAD OF THAT

24   LANGUAGE, INDICATE THAT HE PLEADS GUILTY; SO HE IS WILLING TO

25   GO FORWARD WITH ACKNOWLEDGMENT OF GUILTY IN LIEU OF THAT.

1       BUT IN TERMS OF OTHER FACTS THAT THE GOVERNMENT

2 WANTS, WE'RE NOT GOING TO DO THAT BECAUSE WE BELIEVE THAT THE

3 FACTUAL BASIS, UNLESS THE COURT DETERMINES OTHERWISE, IS

4 SUFFICIENT WITH MR. DUREN ACKNOWLEDGING GUILT AS THE COURT

5 WOULD LIKE, BUT IN TERMS OF THE OTHER FACTS, WE THINK THAT

6 WE'VE LAID THEM OUT SUFFICIENTLY IN OUR DOCUMENT.

7       THE COURT:  MR. DUREN, I'M NOT INTERESTED IN TAKING

8 THIS PLEA IF IT'S UNDER SOME TYPE OF STRATEGY WHERE YOU CAN

9 STILL ARGUE THAT YOU DIDN'T TAKE THE MONEY.  THAT PROLONGS

10 THIS TRIAL.  THERE IS NO REASON TO TAKE THE PLEA IN THAT

11 REGARD, BECAUSE YOU'RE -- IF YOU DO THAT BECAUSE THIS

12 COMPORTS TO AN ALFRED-TYPE PLEA, THAT I DIDN'T ACTUALLY SAY

13 THAT, THAT I TOOK IT, I'M NOT TAKING THESE PLEAS.

14       YOU CAN SAY YOU TOOK THE MONEY AND YOU TOOK

15 CRIMINALLY DERIVED PROPERTY AND YOU DEPOSITED IT IN A FASHION

16 THAT VIOLATES MONETARY TRANSACTION LAWS.  IF YOU AREN'T

17 WILLING TO ADMIT THAT, I'M NOT TAKING THESE PLEAS TO 14

18 THROUGH 23.

19       THE DEFENDANT:  YOUR HONOR --

20       THE COURT:  DO YOU WANT TO TAKE A MOMENT AND TALK

21 ABOUT IT?  THIS IS IMPORTANT.  I WANT TO MAKE SURE WE'RE

22 CLEAR ON THIS.

23       BECAUSE, SIR, LISTEN, I DON'T WANT TO HAVE A TRIAL

24 THAT'S GOING TO EXTEND FOR AN EXTRA THREE OR FOUR DAYS

25 BECAUSE YOUR DEFENSE IS, I DIDN'T ACTUALLY ADMIT THAT I TOOK

1    THE MONEY. I'M NOT GOING TO GET INTO THAT. OKAY. IF THERE

2    IS GOING TO BE A PLEA, IT'S A PLEA, THESE ARE OUT OF THE

3    QUESTION, YOUR ADMISSIONS ARE SUBJECT TO BEING ADMITTED, BUT

4    IT'S NOT GOING TO BE A WAY TO REDUCE SOME OF THE CHARGES AND

5    THEN AT THE SAME TIME AT TRIAL SAY, I NEVER SAID I DID IT.

6         OKAY. I'M GOING TO TAKE A FIVE-MINUTE RECESS SO YOU

7    CAN TALK ABOUT THAT

8         MR. STEWART: THANK YOU, YOUR HONOR.

9         MR. KIRBY: THANK YOU, YOUR HONOR.

10        (RECESS, 2:53 P.M. TO 3:17 P.M.)

11        THE COURT: THE RECORD SHALL REFLECT THE PARTIES ARE

12   PRESENT.

13        MR. STEWART: YOUR HONOR, JUST SO THE COURT WOULD

14   KNOW, WE TOOK ANOTHER COPY OF WHAT WE SUBMITTED, AND IN

15   TALKING WITH THE PROSECUTORS, WE X'D OUT THE LANGUAGE THAT

16   WAS PROBLEMATIC FOR THE COURT TO WHERE IT READS VERY

17   AFFIRMATIVELY. AND WE LEFT THAT WITH YOUR CRD. AND I

18   HIGHLIGHTED THE ACCURATE LANGUAGE NOW.

19        THE COURT: I HAVE THAT. THANK YOU VERY MUCH.

20        BUT MR. DUREN, I'D LIKE TO MAKE SURE WE'RE CLEAR ON

21   THIS. THIS CASE IS IN AN UNUSUAL POSTURE HERE. COUNTS 2

22   THROUGH 26 OR 27 INVOLVE THE SAME CHARGE, THE TRANSACTIONAL

23   MONEY LAUNDERING. THERE ARE 12 COUNTS OF TRANSACTIONAL MONEY

24   LAUNDERING GOING TO TRIAL HAVING THE SAME ELEMENTS OF PROOF

25   INVOLVED WITH RESPECT TO THOSE YOU INTEND TO PLEAD GUILTY TO

1   HERE TODAY.  AND IN THE ORDINARY CASE, AN ALFRED-TYPE PLEA

2   WOULD NOT BE PROBLEMATIC TO THIS COURT, BECAUSE AFTER THE

3   PLEA, THE ONLY MATTERS LEFT WOULD BE SENTENCING AND APPEAL.

4          BUT HERE, I'M OF THE MIND THAT A DEFENDANT DOES NOT

5   HAVE THE RIGHT TO COLLATERALLY ATTACK THE ADMISSIONS HE MADE

6   IN A PLEA DURING THE COURSE OF THE TRIAL, AND THAT'S BEEN MY

7   CONCERN.  THE PLEA SHOULD RESOLVE THIS ISSUE.  THE JURY WILL

8   NOT BE AN APPELLATE VOICE WITH RESPECT TO AN ELEMENT OF ANY

9   OF THE REMAINING CHARGES THAT YOU'RE FACING DURING THE COURSE

10  OF A JURY TRIAL.  SO THAT'S MY CONCERN.

11         I'M NOT HERE TO FORCE YOU TO PLEAD GUILTY TO COUNTS

12  14 TO 23, INCLUSIVE.  I'M SHARING WITH YOU THAT I'M NOT OF

13  THE MIND TO ACCEPT THE PLEA IF IT'S NOT GOING TO BE

14  CONCLUSIVE ON THESE PARTICULAR CHARGES.

15         DO YOU UNDERSTAND THAT, SIR?

16         THE DEFENDANT:  YES, I DO, YOUR HONOR.

17         THE COURT:  AND ALSO WITH RESPECT TO THE MATTERS

18  PENDING TRIAL.  DO YOU UNDERSTAND THAT?

19         THE DEFENDANT:  YES, I DO.

20         THE COURT:  OKAY.  THAT'S THE COURT'S HESITATION.

21  I'M NOT UPSET WITH YOU, YOUR COUNSEL.  I JUST WANT TO MAKE

22  SURE THAT -- I'M ASSUMING THAT YOUR PLEADING GUILTY IS TO

23  CLEAR THE BOARD ON SOME OF THESE MATTERS, AND YOU MAY HAVE

24  REASONS TO DO THAT; I ACCEPT THAT.  BUT THERE IS ALSO SOME

25  JUDICIAL EFFICIENCY ABOUT THAT AS WELL, AND I ACCEPT THAT.  I

1    ACCEPT YOUR PLEAS TO THESE COUNTS AS IMPACTING JUDICIAL

2    EFFICIENCY AS WELL.

3         AGAIN, I'M JUST CONCERNED THAT THERE SHOULD BE NO

4    COLLATERAL ATTACK ON THE REMAINING CHARGES BASED UPON A

5    COLLATERAL ATTACK ON THE ADMISSIONS YOU MAKE HERE TO PLEAD

6    GUILTY, THAT YOU MAY USE TO TRY TO SHOW THAT YOU'RE NOT

7    GUILTY OF THE OTHER CHARGES.  ONCE YOU ADMIT THESE ISSUES

8    HERE, THEY ARE ADMITTED.

9         DO YOU UNDERSTAND THAT?

10        THE DEFENDANT:  YES, I DO, YOUR HONOR.

11        THE COURT:  AND I'M ASSUMING FROM ALL I KNOW ABOUT

12   THIS CASE THAT THE TWO SEIZURES INVOLVED ARE THE SAN CLEMENTE

13   SEIZURE AND THE ONE ALLEGED TO HAVE OCCURRED ON 5 SOUTH NEAR

14   THE BORDER.

15        AND SO THERE IS NO OTHER QUESTION ABOUT -- IT SEEMS

16   FROM READING THE INDICTMENT, AS TO WHERE THE MONEY CAME FROM.

17   IT COMES FROM ONE OF THOSE TWO SOURCES IS WHAT I GATHER HERE.

18   THERE IS NO OTHER SPECIFIC EVIDENCE SHOWN THAT THERE WAS

19   ACTUALLY SOMETHING ELSE INVOLVED.  WE SORT OF DISCUSSED THAT

20   AT OUR LAST HEARING, AS ONE OF THE REASONS FOR THE SEVERANCE.

21        SO YOU UNDERSTAND THAT IT'S NOT -- I'M NOT FORCING

22   YOU.  THIS IS YOUR DECISION.  YOU KNOW, WE CAN END THIS NOW

23   AND COME BACK NEXT WEEK.  I'M JUST SHARING THAT I'M HESITANT

24   TO ACCEPT THE PLEA, UNLESS I'M CLEAR THAT YOU'RE PLEADING

25   GUILTY TO THE ELEMENTS OF THESE CRIMES HERE, AND THERE IS

1    NO -- THERE WOULD NOT BE ANY WAY OF USING IT COLLATERALLY AS

2    A DEFENSE DURING THE COURSE OF YOUR TRIAL.

3            DO YOU UNDERSTAND THIS

4            THE DEFENDANT:  YES, I DO, YOUR HONOR.

5            THE COURT:  ALL RIGHT.  WITH THAT, ARE YOU WILLING

6    TO GO FORWARD WITH YOUR PLEAS?

7            THE DEFENDANT:  YES, YOUR HONOR.

8            THE COURT:  ALL RIGHT.  AND REMIND ME TO COME BACK

9    TO THE FORFEITURE PROVISION AFTER WE GO THROUGH THE FACTUAL

10   BASIS HERE.

11           MR. STEWART:  YES, YOUR HONOR.

12           THE COURT:  SO WITH RESPECT TO COUNT 14, LET'S START

13   BEGINNING WITH THE FACTUAL BASIS.  DO YOU ADMIT THAT YOU TOOK

14   PROCEEDS OF DRUG TRAFFICKING THAT HAD BEEN SEIZED FROM

15   ERNESTO SANCHEZ -- I'LL REFER TO HIM BY THAT NAME; I CAN'T

16   PRONOUNCE HIS LAST NAME EITHER -- ON JULY 18TH, 2013?

17           DO YOU ADMIT THAT?

18           THE DEFENDANT:  YES, YOUR HONOR.

19           THE COURT:  DO YOU ADMIT THAT YOU TOOK MONEY FROM

20   SEIZURE NO. 2014252000001301, WHICH WAS DRUG-TRAFFICKING

21   PROCEEDS SEIZED BY FEDERAL AGENTS AT SAN CLEMENTE BORDER

22   PATROL STATION ON MARCH -- STRIKE THAT.  I'M THERE AGAIN.

23   STRIKE THAT QUESTION.  ALL RIGHT.

24           ARE YOU SATISFIED WITH THAT, COUNSEL?

25           MR. RAPP:  YES.

1          THE COURT:  ALL RIGHT.  WITH RESPECT TO COUNT 15, DO

2     YOU ADMIT THAT ON OR ABOUT SEPTEMBER 11TH, 2013, YOU WERE

3     INVOLVED IN A FINANCIAL TRANSACTION AT MISSION FEDERAL CREDIT

4     UNION WITH A DEPOSIT IN THE AMOUNT OF $14,800 THAT

5     REPRESENTED PROCEEDS YOU TOOK OF DRUG-TRAFFICKING PROCEEDS

6     THAT HAD BEEN SEIZED FROM ERNESTO SANCHEZ ON JULY 18TH, 2013?

7          THE DEFENDANT:  YES, YOUR HONOR.

8          THE COURT:  AND DO YOU AGREE THAT THE TRANSACTIONS

9     INVOLVED IN COUNT 15, THIS TRANSACTION INVOLVED $10,000 OR

10    MORE?

11         THE DEFENDANT:  YES, YOUR HONOR.

12         THE COURT:  DO YOU AGREE THAT YOU KNEW THAT THE

13    MONEY YOU OBTAINED FROM ERNESTO SANCHEZ ON JULY 18TH, 2013

14    AND FROM THE SEIZURE -- I'LL REFER TO IT -- WELL, SEIZURE

15    NO. 2014252000001301, WHICH I WILL HEREAFTER REFER TO AS THE

16    SAN CLEMENTE SEIZURE, ON MARCH 13TH -- I DID IT AGAIN; RIGHT.

17         THAT SEIZURE HAD NOT OCCURRED AT THAT TIME; IS THAT

18    CORRECT?

19         MR. STEWART:  RIGHT, YOUR HONOR.

20         THE COURT:  THAT'S RIGHT.  ALL RIGHT.

21         SO WITH RESPECT TO COUNT 15, ARE YOU SATISFIED WITH

22    THAT FACTUAL BASIS, COUNSEL?

23         MR. RAPP:  I AM, YOUR HONOR.

24         THE COURT:  ALL RIGHT.  THANK YOU.

25         AS TO COUNT 16, WERE YOU INVOLVED IN A

1    MONEY-LAUNDERING TRANSACTION WITH MISSION FEDERAL CREDIT

2    UNION ON SEPTEMBER 28TH, 2013 WITH AN AMOUNT OF $44,800?

3              THE DEFENDANT:  YES, YOUR HONOR.

4              THE COURT:  AND DO YOU AGREE THAT YOU KNEW THAT THAT

5    MONEY REPRESENTED PROCEEDS OF DRUG TRAFFICKING THAT HAD BEEN

6    SEIZED FROM ERNESTO SANCHEZ ON JULY 18TH, 2013?

7              THE DEFENDANT:  YES, YOUR HONOR.

8              THE COURT:  ARE YOU SATISFIED, SIR, MA'AM?

9              MR. RAPP:  I AM.

10             THE COURT:  AS TO COUNT 17, DO YOU AGREE THAT YOU

11   WERE INVOLVED IN A FINANCIAL TRANSACTION WITH UNION BANK ON

12   OCTOBER 9TH, 2013, WITH AN AMOUNT OF $70,000 IN U.S.

13   CURRENCY?

14             THE DEFENDANT:  YES, YOUR HONOR.

15             THE COURT:  WOULD YOU AGREE THAT YOU TOOK THAT

16   $70,000 -- THAT THE $70,000 REPRESENTED PROCEEDS OF DRUG

17   TRAFFICKING THAT HAD BEEN SEIZED FROM ERNESTO SANCHEZ?

18             THE DEFENDANT:  YES, YOUR HONOR.

19             THE COURT:  ARE YOU SATISFIED, SIR?

20             MR. RAPP:  YES.

21             THE COURT:  ALL RIGHT.  AS TO COUNT 18, DO YOU AGREE

22   THAT ON NOVEMBER 14TH, 2013, YOU WERE ENGAGED OR INVOLVED IN

23   A FINANCIAL TRANSACTION WITH MISSION FEDERAL CREDIT UNION

24   WITH A MONETARY AMOUNT OF $12,000?

25             THE DEFENDANT:  YES, YOUR HONOR.

1          THE COURT:  AND WILL YOU AGREE THAT THAT AMOUNT OF

2  MONEY REPRESENTED PROCEEDS OF DRUG TRAFFICKING THAT HAD BEEN

3  SEIZED FROM ERNESTO SANCHEZ ON JULY 18TH, 2013?

4          THE DEFENDANT:  YES, YOUR HONOR.

5          THE COURT:  SATISFIED, COUNSEL?

6          MR. RAPP:  WE ARE.

7          THE COURT:  ALL RIGHT.  AS TO COUNT 18 -- STRIKE

8  THAT.

9          AS TO COUNT 19, WERE YOU INVOLVED IN A FINANCIAL

10  TRANSACTION WITH MISSION FEDERAL CREDIT UNION ON FEBRUARY 5TH

11  OF 2014 IN AN AMOUNT OF $11,018?

12          THE DEFENDANT:  YES, YOUR HONOR.

13          THE COURT:  AND WAS THAT MONEY -- DID THAT MONEY

14  REPRESENT PROCEEDS OF DRUG TRAFFICKING THAT HAD BEEN SEIZED

15  FROM ERNESTO SANCHEZ ON -- THAT YOU TOOK FROM ERNESTO SANCHEZ

16  ON JULY 18TH, 2013?

17          THE DEFENDANT:  YES, YOUR HONOR.

18          THE COURT:  SATISFIED, SIR?

19          MR. RAPP:  WE ARE.

20          THE COURT:  NO. 20, COUNT 20.  WERE YOU INVOLVED IN

21  A FINANCIAL TRANSACTION WITH MISSION FEDERAL CREDIT UNION IN

22  THE AMOUNT OF $12,000 ON FEBRUARY 20TH OF 2014?

23          THE DEFENDANT:  YES, YOUR HONOR.

24          THE COURT:  DO YOU AGREE THAT THAT TRANSACTION

25  INVOLVED PROCEEDS OF DRUG TRAFFICKING THAT HAD BEEN SEIZED

1   FROM ERNESTO SANCHEZ ON JULY 18TH, 2013?

2           THE DEFENDANT:  YES, YOUR HONOR.

3           THE COURT:  ARE YOU SATISFIED, SIR?

4           MR. RAPP:  WE ARE.

5           THE COURT:  AS TO COUNT 21, WERE YOU INVOLVED IN A

6   FINANCIAL TRANSACTION AT MISSION FEDERAL CREDIT UNION IN AN

7   AMOUNT OF $16,000 ON MAY 5TH, 2014?

8           THE DEFENDANT:  YES, YOUR HONOR.

9           THE COURT:  DID THAT SUM OF MONEY REPRESENT PROCEEDS

10  THAT YOU TOOK -- PROCEEDS OF DRUG TRAFFICKING THAT YOU TOOK

11  FROM ERNESTO SANCHEZ ON JULY 18TH, 2013?

12          MR. STEWART:  YOUR HONOR, IF I MAY, JUST SO THE

13  COURT ALSO KNOWS THAT WE'RE NOW ENTERING COUNTS THAT CAME

14  AFTER THE SECOND SEIZURE, SO THE COURT, IF THE COURT CHOOSES,

15  CAN ALSO USE THE SECOND SEIZURE.

16          THE COURT:  THANK YOU, SIR.

17          DID YOU RESPOND TO THAT QUESTION, SIR?

18          THE DEFENDANT:  YES, YOUR HONOR.

19          THE COURT:  ALL RIGHT.  IS THAT A "YES," THAT

20  THOSE --

21          THE DEFENDANT:  YES.

22          THE COURT:  -- PROCEEDS REPRESENTED -- THOSE FUNDS

23  REPRESENTED PROCEEDS FROM DRUG TRAFFICKING THAT HAD BEEN

24  SEIZED FROM ERNESTO SANCHEZ?  IS THAT A "YES" OR "NO"?

25          THE DEFENDANT:  YES, YOUR HONOR.

1          THE COURT:  AND DO YOU ADMIT THAT PART OF THAT MONEY

2     COULD REPRESENT PROCEEDS THAT YOU TOOK FROM MONEY IN THE

3     SAN CLEMENTE SEIZURE, WHICH WAS DRUG-TRAFFICKING PROCEEDS

4     SEIZED BY FEDERAL AGENTS AT SAN CLEMENTE BORDER PATROL

5     STATION ON MARCH 13TH, 2014?

6          THE DEFENDANT:  YES, YOUR HONOR.

7          THE COURT:  ARE YOU SATISFIED, COUNSEL?

8          MR. RAPP:  YES, WE ARE.

9          THE COURT:  WITH RESPECT TO COUNT 22, WERE YOU

10    INVOLVED IN A FINANCIAL TRANSACTION AT BANK OF AMERICA IN THE

11    AMOUNT OF $35,000 ON JUNE 13TH, 2014?

12         THE DEFENDANT:  YES, YOUR HONOR.

13         THE COURT:  AND DO YOU ADMIT THAT THE $35,000

14    REPRESENTED PROCEEDS OF DRUG TRAFFICKING THAT YOU MAY HAVE

15    SEIZED FROM ERNESTO SANCHEZ ON JULY 18TH, 2013, AS WELL AS

16    MONEY TAKEN FROM THE SAN CLEMENTE -- MONEY YOU TOOK FROM THE

17    SAN CLEMENTE SEIZURE, WHICH REPRESENTED DRUG-TRAFFICKING

18    PROCEEDS SEIZED BY FEDERAL AGENTS THERE ON MARCH 13TH, 2014?

19         THE DEFENDANT:  YES, YOUR HONOR.

20         THE COURT:  WITH RESPECT TO COUNT 23, WERE YOU

21    ENGAGED IN A FINANCIAL TRANSACTION WITH MISSION FEDERAL

22    CREDIT UNION IN THE AMOUNT OF $11,500 ON AUGUST 29TH, 2014?

23         THE DEFENDANT:  YES, YOUR HONOR.

24         THE COURT:  AND DO YOU ADMIT THAT THOSE FUNDS

25    REPRESENTED DRUG-TRAFFICKING PROCEEDS THAT YOU SEIZED FROM

1  EITHER ERNESTO SANCHEZ ON JULY 18TH, 2013 OR FROM

2  DRUG-TRAFFICKING PROCEEDS YOU TOOK FROM THE SAN CLEMENTE

3  BORDER PATROL STATION SEIZURE ON MARCH 13TH, 2014?

4          THE DEFENDANT:  YES, YOUR HONOR.

5          THE COURT:  ARE YOU SATISFIED, COUNSEL?

6          MR. RAPP:  YES, YOUR HONOR.

7          THE COURT:  DO YOU ALSO UNDERSTAND THAT THERE ARE

8  CRIMINAL FORFEITURE ALLEGATIONS IN THIS INDICTMENT WITH

9  RESPECT TO THE TRANSACTIONS WE'VE JUST GONE OVER?

10         DO YOU UNDERSTAND THIS?

11         THE DEFENDANT:  YES, I DO, YOUR HONOR.

12         MR. RAPP:  JUDGE, JUST BEFORE YOU GO ON TO THE NEXT

13 COUNTS, IF YOU DON'T MIND.

14         THE COURT:  SURE.

15         MR. RAPP:  YOU MAY HAVE GONE OVER THIS, BUT I DON'T

16 HAVE IT CHECKED OFF.  DID YOU ADVISE THE DEFENDANT OF THE

17 SPECIAL ASSESSMENT FOR EACH COUNT?

18         THE COURT:  THANK YOU.  I'LL DO THAT NOW.

19         EACH COUNT -- EACH OF THESE COUNTS CARRIES WITH IT A

20 MANDATORY SPECIAL ASSESSMENT OF $100.  DO YOU UNDERSTAND

21 THAT?

22         THE DEFENDANT:  YES, YOUR HONOR.

23         THE COURT:  THANK YOU, COUNSEL.

24         ON PAGE 23 OF THE INDICTMENT, THERE ARE FORFEITURE

25 ALLEGATIONS APPLICABLE TO THIS CASE, AND THOSE FORFEITURE

1    ALLEGATIONS ARE SPECIFICALLY APPLICABLE TO COUNTS 14 THROUGH

2    23, INCLUSIVE, AS WELL AS OTHERS.

3           HAVE YOU GONE OVER THE FORFEITURE ALLEGATIONS WITH

4    YOUR CLIENT?

5           MR. STEWART:  YOUR HONOR, I DON'T HAVE A COPY -- I'M

6    SORRY, A COPY OF THAT.  MAY I SEE A COPY?  THANK YOU.

7           THE COURT:  HAVE YOU HAD AN OPPORTUNITY TO REVIEW

8    THE FORFEITURE ALLEGATIONS WITH YOUR LAWYER?

9           MR. STEWART:  MAY WE HAVE JUST ONE MOMENT, PLEASE,

10   YOUR HONOR?

11          THE COURT:  SURE.

12          MR. STEWART:  YOUR HONOR, IF I MAY JUST ADVISE THE

13   COURT SO THE COURT CAN DECIDE HOW TO PROCEED.  WITH REGARD TO

14   THE FORFEITURE ALLEGATIONS -- AND I'LL REFER TO THEM BY

15   LETTER, CORRESPONDING TO THE LETTER IN THE SUPERSEDING

16   INDICTMENT.

17          THE COURT:  YES.

18          MR. STEWART:  WITH REGARD TO ALLEGATION "A," WE'LL

19   SAY, YOUR HONOR, CONCERNING THE 31241 OLD RIVER ROAD

20   PROPERTY, THERE IS NO DISPUTE THERE WITH REGARD TO THE

21   FORFEITURE.

22          WITH REGARD TO "B," CALIFORNIA REPUBLIC BANK ESCROW,

23   CHECK NO. 60826, THERE ACTUALLY IS A DISPUTE THERE, YOUR

24   HONOR, IN THAT THE PROPERTY THAT THIS $100,000 CAME FROM WAS

25   PURCHASED IN 2009, WELL BEFORE THE ALLEGATIONS HERE.  AND

1  THEN THE SALE OCCURRED IN 2015, SO THAT SALE WERE PROCEEDS

2  FROM A 2009-PURCHASED PROPERTY, AND THAT'S SOMETHING THAT

3  WE'RE PREPARED TO DEMONSTRATE AT SOME LATER DATE.

4        WITH REGARD TO ALLEGATION NO. C, A MONEY JUDGMENT IN

5  THE AMOUNT OF TWO MILLION DOLLARS, WE'RE NOT QUITE SURE WHERE

6  THE GOVERNMENT GETS THAT NUMBER, SO WE'RE NOT PREPARED TO

7  ADMIT THAT.

8        THE COURT:  SIR.

9        MR. RAPP:  WELL, SO LET ME JUST START WITH THE

10 CASHIER'S CHECK.  THAT CASHIER'S CHECK WAS IN THE NAME OF

11 JENNIFER LYNN DUREN, AND SHE'S AGREED TO FORFEIT THAT AS A

12 PART OF HER PLEA AGREEMENT.  WITH RESPECT TO THE -- SO IN

13 OTHER WORDS, THAT'S ALREADY FORFEITED.

14       WITH RESPECT TO THE MONEY JUDGMENT, I THINK THE

15 COURT IS FAMILIAR WITH HOW THAT WORKS.  IT'S -- WE CAN'T

16 UNDER THIS PLEA GET THE DEFENDANT TO AGREE TO THAT.  THAT

17 WOULD BE SOMETHING THAT WOULD BE TAKEN UP AT SENTENCING.

18       THE COURT:  OKAY.  ALL RIGHT.  SIR, DO YOU

19 UNDERSTAND THAT THE FORFEITURE ALLEGATION ASSERTS THAT YOU

20 SHALL FORFEIT TO THE UNITED STATES ALL PROPERTY, REAL OR

21 PERSONAL, THAT CONSTITUTES OR IS DERIVED FROM PROCEEDS

22 TRACEABLE TO THE COMMISSION OF THE OFFENSES WE'VE DISCUSSED

23 HERE, INCLUDING, BUT NOT LIMITED TO THOSE ISSUES.

24       DO YOU UNDERSTAND THIS?

25       THE DEFENDANT:  I DO.

1    THE COURT:  YEAH.  AND, ALSO, THE SECOND PART OF

2    THIS IS THAT THE GOVERNMENT CAN SEEK SUBSTITUTE PROPERTY IF

3    THOSE -- IF THOSE FUNDS AREN'T ACTUALLY AVAILABLE AT THIS

4    TIME.

5         DO YOU UNDERSTAND THAT?

6         THE DEFENDANT:  I DO.

7         THE COURT:  THAT IS AN ISSUE FOR SENTENCING.  SO

8    YOU'RE NOT GOING TO REQUEST A PRELIMINARY ORDER OF CRIMINAL

9    FORFEITURE AS A RESULT OF THIS PLEA?

10        MR. RAPP:  WE ARE.  WE'LL BE FILING THAT AFTER

11   THIS.

12        THE COURT:  OKAY.  AND THEN IT'S CONTESTED AT THAT

13   POINT?

14        MR. RAPP:  I SUPPOSE THE DEFENDANT UNDER THIS

15   PARTICULAR TYPE OF PLEA COULD CONTEST THAT AT SENTENCING.

16        THE COURT:  ALL RIGHT.  CAN YOU JUST FILE THAT --

17   WE'LL FILE THAT AT THE END OF THE CASE, AFTER THE JURY TRIAL?

18        MR. RAPP:  WELL, WE WOULD FILE IT AFTER THIS PLEA

19   BECAUSE THE --

20        THE COURT:  IS THERE A TIME FRAME?  BECAUSE THE CASE

21   IS STILL PENDING.

22        MR. RAPP:  MAYBE WE CAN DISCUSS THAT AFTER WE FINISH

23   THE PLEA TO THE CURRENT CHARGES, WHAT THE GOVERNMENT'S INTENT

24   IS WITH RESPECT TO THE BALANCE OF THE INDICTMENT.

25        THE COURT:  OKAY.  BUT I TAKE IT, THE GOVERNMENT IS

1    SUGGESTING THAT AT THE FORFEITURE HEARING -- WHICH IS

2    GENERALLY BIFURCATED DURING THE COURSE OF TRIAL, SIR.  ALL

3    RIGHT -- THAT THERE WILL BE -- WE'LL DEAL WITH THE FORFEITURE

4    ALLEGATIONS AT THAT TIME.

5            MR. RAPP:  YES.

6            THE COURT:  BEFORE SENTENCING?

7            MR. RAPP:  YES.

8            THE COURT:  ALL RIGHT.  DO YOU UNDERSTAND THAT, SIR?

9            THE DEFENDANT:  I DO, YOUR HONOR.

10           THE COURT:  SO THE GOVERNMENT IS -- THE GOVERNMENT'S

11   POSITION IS THAT YOU CAN CONTEST THE FORFEITURE ALLEGATIONS

12   AFTER YOUR PLEA.

13           DO YOU UNDERSTAND THAT?

14           THE DEFENDANT:  YES.

15           THE COURT:  SO YOU DON'T HAVE TO ADMIT TO THE

16   FORFEITURE HERE.  DO YOU UNDERSTAND THIS?

17           THE DEFENDANT:  YES.

18           THE COURT:  AM I CORRECT, COUNSEL?

19           MR. RAPP:  THAT'S CORRECT.

20           THE COURT:  ALL RIGHT.  BUT YOU UNDERSTAND THAT THE

21   FORFEITURE OF THE PROPERTY INCLUDES SUBSTITUTE PROPERTY; THAT

22   IS, THEY CAN GO AFTER ANY OTHER PROPERTY YOU OWN.  IF THE

23   COURT FINDS THAT ANY OF THE PROPERTIES ARE SUBJECT TO

24   FORFEITURE AND THEY ARE NO LONGER AVAILABLE, THEY CAN SEEK

25   THAT SUM FROM ANY PROPERTY THAT'S NOT SUBJECT TO FORFEITURE.

1    DO YOU UNDERSTAND THIS?

2    THE DEFENDANT:  YES, I DO.

3    THE COURT:  ALL RIGHT.  WITH THAT, I'LL MOVE ON TO

4    COUNTS 27 TO 34.  MR. DUREN, COUNTS 27 TO 34, INCLUSIVE, ALL

5    CHARGE FALSE STATEMENTS, IN VIOLATION OF TITLE 18 UNITED

6    STATES CODE SECTION 1001.

7    THE ELEMENTS THE GOVERNMENT MUST PROVE TO THE

8    TRIER-OF-FACT BEYOND A REASONABLE DOUBT IN ORDER TO CONVICT

9    YOU OF THESE COUNTS INDIVIDUALLY ARE THAT:  ONE, DURING THE

10   TIME FRAME -- THE TIME SET FORTH IN THE INDICTMENT AS TO EACH

11   COUNT, YOU MADE A STATEMENT WITHIN THE SOUTHERN DISTRICT OF

12   CALIFORNIA AND ELSEWHERE.

13   THE STATEMENT OR STATEMENTS WERE MADE IN A MATTER

14   WITHIN THE JURISDICTION OF THE DEPARTMENT OF HOMELAND

15   SECURITY, AN AGENCY OF THE UNITED STATES.

16   YOU ACTED WILLFULLY, THAT IS, YOU ACTED DELIBERATELY

17   AND WITH KNOWLEDGE, BOTH THAT THE STATEMENTS WERE UNTRUE AND

18   THAT YOUR CONDUCT WAS UNLAWFUL.

19   AND, FOUR, THE STATEMENTS WERE MATERIAL TO THE

20   ACTIVITIES OR DECISIONS OF THE DEPARTMENT OF HOMELAND

21   SECURITY; THAT IS, THE STATEMENTS HAD THE NATURAL TENDENCY TO

22   INFLUENCE OR WERE CAPABLE OF INFLUENCING THE AGENCY'S

23   DECISIONS OR ACTIVITIES.

24   THOSE ARE THE ELEMENTS AS TO COUNT -- EACH OF

25   COUNT -- EACH COUNT OF 27 TO 34, INCLUSIVE.

1    DO YOU UNDERSTAND THOSE ELEMENTS?

2    THE DEFENDANT:  I DO.

3    THE COURT:  AND YOU UNDERSTAND THAT YOUR PLEA OF

4  GUILTY MEANS THAT YOU'VE ADMITTED THOSE ELEMENTS FOR PURPOSES

5  OF THIS CASE?

6    DO YOU UNDERSTAND THAT?

7    THE DEFENDANT:  YES, I DO.

8    THE COURT:  ALL RIGHT.  SO AS TO COUNT 27, ON OR

9  ABOUT SEPTEMBER 8TH, 2014, THE GOVERNMENT ALLEGES THAT YOU

10  TOLD AGENTS MILLER AND WEAVER THAT THE TRACKER YOU INITIALLY

11  TRIED TO INSTALL ON THE HONDA ODYSSEY FAILED AT INSTALLATION.

12    DO YOU ADMIT THAT YOU MADE THAT STATEMENT?

13    THE DEFENDANT:  YES, I DO.

14    THE COURT:  OKAY.  AND AT THE TIME YOU MADE IT, DID

15  YOU KNOW THAT IT WAS UNTRUE?

16    THE DEFENDANT:  YES.

17    THE COURT:  DID YOU MAKE THAT STATEMENT WILLFULLY,

18  THAT IS, DID YOU ACT -- DID YOU MAKE THE STATEMENT

19  DELIBERATELY AND WITH KNOWLEDGE THAT IT WAS UNTRUE AND THAT

20  YOUR CONDUCT WAS UNLAWFUL?

21    THE DEFENDANT:  YES.

22    THE COURT:  AND DID YOU KNOW -- DO YOU AGREE THAT

23  THE STATEMENT YOU MADE THAT I'VE SHARED WITH YOU WAS MATERIAL

24  TO THE ACTIVITIES AND DECISIONS OF THE DEPARTMENT OF HOMELAND

25  SECURITY; THAT IS, THE STATEMENT HAD THE NATURAL TENDENCY TO

1  INFLUENCE OR WERE -- OR WAS CAPABLE OF INFLUENCING THE

2  AGENCY'S DECISIONS AND ACTIVITIES?

3          THE DEFENDANT:  YES.

4          THE COURT:  ARE YOU SATISFIED, SIR?

5          MR. RAPP:  WE ARE.  YES, YOUR HONOR.

6          THE COURT:  AS TO COUNT 28, ON OR ABOUT

7  SEPTEMBER 8TH OF 2014, DID YOU TELL AGENTS MILLER AND WEAVER

8  THAT YOU DID NOT INSTALL A TRACKER ON THE HONDA ODYSSEY, AND

9  WHEN ASKED BY AGENT WEAVER, SO YOU -- DID YOU END UP PUTTING

10  A TRACKER ON IT?  YOU RESPONDED NO, WE DIDN'T PUT IT ON IT.

11  WE DIDN'T PUT IT ON.

12          DO YOU AGREE TO MAKING THAT STATEMENT?

13          THE DEFENDANT:  YES.

14          THE COURT:  AND AT THE TIME YOU MADE THAT STATEMENT,

15  DID YOU ACT WILLFULLY?

16          THE DEFENDANT:  YES.

17          THE COURT:  AND DID YOU MAKE THAT STATEMENT ACTING

18  DELIBERATELY AND WITH KNOWLEDGE THAT BOTH THE STATEMENT WAS

19  FALSE AND THAT THAT STATEMENT, THE CONDUCT INVOLVED THERE WAS

20  UNLAWFUL?

21          THE DEFENDANT:  YES.

22          THE COURT:  AND DO YOU ADMIT THAT THE STATEMENT WAS

23  MATERIAL TO THE ACTIVITIES AND DECISIONS OF THE DEPARTMENT OF

24  HOMELAND SECURITY; THAT IS, THE STATEMENTS HAD A NATURAL

25  TENDENCY OF INFLUENCE OR WERE CAPABLE OF INFLUENCING THE

1    AGENCY'S DECISIONS AND ACTIVITIES?

2           THE DEFENDANT:  YES.

3           THE COURT:  AND THAT THE STATEMENT YOU MADE WAS A

4    STATEMENT IN A MATTER WITHIN THE JURISDICTION OF THE

5    DEPARTMENT OF HOMELAND SECURITY, AN AGENCY OF THE UNITED

6    STATES?

7           THE DEFENDANT:  YES.

8           THE COURT:  AND IN THAT REGARD, WITH RESPECT TO

9    COUNT 27 AS WELL, DO YOU AGREE THAT THE FALSE STATEMENT YOU

10   MADE WAS IN A -- WAS IN A MATTER WITHIN THE JURISDICTION OF

11   THE DEPARTMENT OF HOMELAND SECURITY, AN AGENCY OF THE UNITED

12   STATES?

13          THE DEFENDANT:  YES.

14          THE COURT:  AS TO COUNT 29, DURING THE COURSE OF

15   YOUR INTERVIEW, YOU DENIED HAVING ANY CONTACT WITH CW1 AFTER

16   SEEING HIM AT THE PORT OF ENTRY ON JULY 17TH, 2013.

17          DID YOU MAKE THAT DENIAL?

18          THE DEFENDANT:  YES.

19          THE COURT:  WHEN ASKED BY AGENT WEAVER, AFTER YOUR

20   ENCOUNTER WITH HIM AT THE PORT, DID YOU HAVE ANY MORE

21   ENCOUNTERS WITH THIS GUY, AND YOU RESPONDED, ACCORDING TO THE

22   DOCUMENT, NO.  WHEN AGENT WEAVER FOLLOWED UP BY ASKING, OR

23   THIS VEHICLE, YOU RESPONDED, NO.  AND YOU FURTHER STATED THAT

24   IT WAS THE LAST TIME I SAW THE CAR, THE GUY, ANY OF IT.

25          WERE THOSE STATEMENTS UNTRUE AT THE TIME THAT YOU

1  MADE THEM?

2          THE DEFENDANT:  YES.

3          MR. RAPP:  JUDGE, CAN I JUST INTERJECT FOR A MOMENT.

4  THIS WAS THE PUBLICLY FILED SUPERSEDING INDICTMENT, AND SO WE

5  HAVE CW1, 2.

6          THE COURT:  THE INFORMANT.

7          MR. RAPP:  YES.  AND SO CW1 FOR THE RECORD REFERS TO

8  ERNESTO SANCHEZ BESNEIRIGOYEN.  AND SO FOR THE SUBSEQUENT

9  COUNTS, THAT'S WHO CW1, JUST TO BE CLEAR FOR THE RECORD, IS

10  REFERRING TO.

11          THE COURT:  THANK YOU, SIR.

12          SO YOU DENIED HAVING ANY FURTHER CONTACT WITH

13  SANCHEZ AFTER THE PORT OF ENTRY INCIDENT?

14          THE DEFENDANT:  CORRECT.

15          THE COURT:  AND WAS THAT STATEMENT TRUE WHEN MADE?

16          THE DEFENDANT:  NO.

17          THE COURT:  THOSE STATEMENTS, WERE THOSE STATEMENTS

18  TRUE WHEN MADE?

19          THE DEFENDANT:  NO.

20          THE COURT:  ALL RIGHT.  AND DID YOU ACT WILLFULLY,

21  THAT IS, DID YOU ACT DELIBERATELY AND WITH KNOWLEDGE THAT

22  BOTH THE STATEMENTS WERE UNTRUE AND THAT YOUR CONDUCT WAS

23  UNLAWFUL?

24          THE DEFENDANT:  YES.

25          THE COURT:  DO YOU AGREE THAT THESE STATEMENTS WERE

1  MADE IN A MATTER WITHIN THE JURISDICTION OF THE DEPARTMENT OF

2  HOMELAND SECURITY, AN AGENCY OF THE UNITED STATES?

3          THE DEFENDANT:  YES.

4          THE COURT:  AND YOU AGREE THAT THE STATEMENTS WERE

5  MATERIAL TO THE ACTIVITIES AND DECISIONS OF THE DEPARTMENT OF

6  HOMELAND SECURITY; THAT IS, THE STATEMENTS HAD A NATURAL

7  TENDENCY TO INFLUENCE OR WERE CAPABLE OF INFLUENCING THE

8  AGENCY'S DECISIONS OR ACTIVITIES?

9          THE DEFENDANT:  YES.

10          THE COURT:  ARE YOU SATISFIED, SIR?

11          MR. RAPP:  WE ARE.

12          THE COURT:  AS TO COUNT 30, DID YOU TELL AGENTS

13  DURING THE INTERVIEW THAT, QUOTE, I SAID THE LAST TIME I DID

14  A TRAFFIC STOP WAS 2008, UNQUOTE?

15          THE DEFENDANT:  YES.

16          THE COURT:  WAS THAT STATEMENT TRUE WHEN YOU MADE

17  IT?

18          THE DEFENDANT:  NO.

19          THE COURT:  DID YOU ACT WILLFULLY AND DELIBERATELY

20  AND WITH KNOWLEDGE BOTH THAT THE STATEMENT WAS FALSE AND THAT

21  YOUR CONDUCT WAS UNLAWFUL?

22          THE DEFENDANT:  YES.

23          THE COURT:  AND DO YOU UNDERSTAND THAT THE

24  STATEMENTS WHEN MADE WERE IN RESPONSE TO A MATTER WITHIN THE

25  JURISDICTION OF THE DEPARTMENT OF HOMELAND SECURITY, AN

1    AGENCY OF THE UNITED STATES?

2            THE DEFENDANT:  YES.

3            THE COURT:  AND WERE THE STATEMENTS -- WAS THIS

4    STATEMENT MATERIAL TO THE ACTIVITIES OR DECISIONS OF THE

5    DEPARTMENT OF HOMELAND SECURITY; THAT IS, THE STATEMENTS HAD

6    A NATURAL TENDENCY TO INFLUENCE OR WERE CAPABLE OF

7    INFLUENCING THE AGENCY'S DECISIONS OR ACTIVITIES?

8            THE DEFENDANT:  YES.

9            THE COURT:  SATISFIED, COUNSEL?

10           MR. RAPP:  YES.

11           THE COURT:  AS TO COUNT 31, DID YOU TELL THE AGENTS,

12   QUOTE, I DENIED EVER STOPPING SANCHEZ?

13           THE DEFENDANT:  YES.

14           THE COURT:  OR WORDS TO THAT EFFECT?

15           THE DEFENDANT:  YES.

16           THE COURT:  ALL RIGHT.  AND WAS THAT STATEMENT

17   UNTRUE WHEN YOU MADE IT?

18           THE DEFENDANT:  YES.

19           THE COURT:  DID YOU MAKE THAT STATEMENT WILLFULLY

20   AND ACTED DELIBERATELY AND WITH KNOWLEDGE THAT BOTH THE

21   STATEMENT WAS UNTRUE AND THAT YOUR CONDUCT THERE WAS

22   UNLAWFUL?

23           THE DEFENDANT:  YES.

24           THE COURT:  AND DID YOU KNOW THAT THE AGENTS HAD A

25   RIGHT TO INQUIRE, IN THAT IT INVOLVED A MATTER WITHIN THE

1  JURISDICTION OF THE DEPARTMENT OF HOMELAND SECURITY, AN

2  AGENCY OF THE UNITED STATES?

3          THE DEFENDANT:  YES.

4          THE COURT:  AND DID YOU KNOW THAT THE STATEMENT WAS

5  MATERIAL TO THE ACTIVITIES OR DECISIONS OF DHS; THAT IS, THE

6  STATEMENTS HAD A NATURAL TENDENCY TO INFLUENCE OR WERE

7  CAPABLE OF INFLUENCING THE AGENCY'S DECISIONS OR ACTIVITIES?

8          THE DEFENDANT:  YES.

9          THE COURT:  ARE YOU SATISFIED, SIR?

10         MR. RAPP:  YES.

11         THE COURT:  AS TO COUNT 32, DID YOU TELL THE

12  AGENTS -- DID YOU TELL THE AGENTS THAT YOU DENIED HAVING ANY

13  CONTACT WITH SANCHEZ AT BANK OF AMERICA?

14         THE DEFENDANT:  YES.

15         THE COURT:  WAS THAT STATEMENT NOT TRUE WHEN YOU

16  MADE IT?

17         THE DEFENDANT:  YES.

18         THE COURT:  AND DID YOU ACT WILLFULLY AND

19  DELIBERATELY AND WITH KNOWLEDGE THAT BOTH THE STATEMENT WAS

20  UNTRUE AND THAT YOUR CONDUCT WAS UNLAWFUL?

21         THE DEFENDANT:  YES.

22         THE COURT:  AND BASED UPON YOUR EXPERIENCE WITH THE

23  DEPARTMENT OF HOMELAND SECURITY, DID YOU KNOW THAT WHEN YOU

24  WERE ASKED A QUESTION -- OR WHEN YOU MADE THE STATEMENT, IT

25  WAS A MATTER WITHIN THE JURISDICTION OF THE DEPARTMENT OF

1   HOMELAND SECURITY, AN AGENCY OF THE UNITED STATES?

2           THE DEFENDANT:  YES.

3           THE COURT:  AND DID YOU KNOW THAT THE STATEMENT WAS

4   MATERIAL TO THE ACTIVITIES OR DECISIONS OF THE DEPARTMENT OF

5   HOMELAND SECURITY; THAT IS, THE STATEMENT HAD A NATURAL

6   TENDENCY TO INFLUENCE OR WAS CAPABLE OF INFLUENCING THE

7   AGENCY'S DECISIONS OR ACTIVITIES?

8           THE DEFENDANT:  YES.

9           THE COURT:  ARE YOU SATISFIED, SIR?

10          MR. RAPP:  YES, YOUR HONOR.

11          THE COURT:  AS TO COUNT 33, DID YOU DENY TO THE

12  AGENTS THAT YOU WERE AT BANK OF AMERICA ON JULY 18TH, 2013?

13          THE DEFENDANT:  YES.

14          THE COURT:  AND WAS THAT DENIAL UNTRUE WHEN YOU MADE

15  IT?

16          THE DEFENDANT:  YES.

17          THE COURT:  AND DID YOU ACT WILLFULLY AND

18  DELIBERATELY AND WITH KNOWLEDGE THAT BOTH THE STATEMENT WAS

19  UNTRUE AND THAT YOUR CONDUCT WAS UNLAWFUL AT THE TIME?

20          THE DEFENDANT:  YES.

21          THE COURT:  AND DO YOU AGREE, BASED UPON YOUR

22  EXPERIENCE WITH DHS, THAT THAT WAS A MATTER WITHIN THE

23  JURISDICTION OF THE DEPARTMENT OF HOMELAND SECURITY, AN

24  AGENCY OF THE UNITED STATES?

25          THE DEFENDANT:  YES.

1      THE COURT:  AND DO YOU AGREE THE STATEMENT WAS

2  MATERIAL TO THE ACTIVITIES OR DECISIONS OF THE DEPARTMENT OF

3  HOMELAND SECURITY; THAT IS, THE STATEMENT HAD A NATURAL

4  TENDENCY TO INFLUENCE OR WAS CAPABLE OF INFLUENCING THE

5  AGENCY'S DECISIONS OR ACTIVITIES?

6      THE DEFENDANT:  YES.

7      THE COURT:  COUNSEL?

8      MR. RAPP:  YES, YOUR HONOR.

9      THE COURT:  ALL RIGHT.  VERY WELL.

10      AS TO COUNT 34, DID YOU TELL THE INVESTIGATORS THAT

11  YOU WERE AT THE PORT OF ENTRY THE NIGHT OF THE TRAFFIC STOP

12  INVOLVING SANCHEZ?

13      THE DEFENDANT:  YES.

14      THE COURT:  WAS THAT STATEMENT UNTRUE WHEN YOU MADE

15  IT?

16      THE DEFENDANT:  YES.

17      THE COURT:  AND DID YOU ACT WILLFULLY, DELIBERATELY

18  AND WITH KNOWLEDGE BOTH THAT THE STATEMENT WAS UNTRUE AND

19  THAT YOUR CONDUCT WAS UNLAWFUL?

20      THE DEFENDANT:  YES.

21      THE COURT:  AND DO YOU KNOW, FROM YOUR EXPERIENCE

22  WITH DHS, THAT THAT STATEMENT WAS A MATTER WITHIN THE

23  JURISDICTION OF THE DEPARTMENT OF HOMELAND SECURITY, AN

24  AGENCY OF THE UNITED STATES?

25      THE DEFENDANT:  YES.

1        THE COURT:  AND DO YOU AGREE THAT THE STATEMENT WAS

2    MATERIAL TO THE ACTIVITIES OR DECISIONS OF DHS IN THAT THE

3    STATEMENT HAD A NATURAL TENDENCY TO INFLUENCE OR WAS CAPABLE

4    OF INFLUENCING DHS'S DECISIONS OR ACTIVITIES?

5        THE DEFENDANT:  YES.

6        THE COURT:  ARE YOU COMFORTABLE WITH THE PLEA?

7        MR. RAPP:  YES.  THE GOVERNMENT IS SATISFIED.

8        THE COURT:  AS TO COUNT 38, WHICH CHARGES TAX

9    EVASION, IN VIOLATION OF TITLE 26, UNITED STATES CODE

10   SECTION 7201, THE ELEMENTS THE GOVERNMENT MUST PROVE --

11       THE CLERK:  JUDGE.

12       THE COURT:  -- BEYOND A REASONABLE DOUBT TO THE

13   TRIER-OF-FACT -- TAX EVASION, COUNT 38.

14       MR. RAPP:  YES.  JUDGE, I THINK, UNLESS MR. MCDOWELL

15   HAD A DIFFERENT ISSUE, OUR ISSUE IS THAT YOU STOPPED WITH THE

16   TRANSACTIONAL MONEY LAUNDERING AFTER YOU WENT THROUGH THE

17   MAXIMUM PENALTIES, AND I DON'T KNOW THAT YOU EVER WENT OVER

18   THE MAXIMUM PENALTIES AND THE MONETARY PENALTIES FOR FALSE

19   STATEMENT.

20       THE COURT:  THANK YOU.

21       MR. RAPP:  AND I FOR SURE KNOW YOU DIDN'T DO THAT

22   WITH RESPECT TO THE TAX-EVASION COUNT, COUNT 38.

23       THE COURT:  ALL RIGHT.  THANK YOU.  ONE SECOND.

24       ALL RIGHT.  SIR, WITH RESPECT TO THE MAXIMUM

25   PUNISHMENT FOR COUNTS 27 THROUGH 34, INCLUSIVE, DO YOU

1    UNDERSTAND THAT THE MAXIMUM PUNISHMENT INCLUDES A MAXIMUM

2    FIVE YEARS IN PRISON, A MAXIMUM $250,000 FINE, A MANDATORY

3    SPECIAL ASSESSMENT OF $100, NO MORE THAN THREE YEARS OF

4    SUPERVISED RELEASE?

5              DO YOU UNDERSTAND THIS?

6              THE DEFENDANT:  YES.

7              THE COURT:  AND THAT THE MAXIMUM PROBATIONARY

8    SENTENCE IS FIVE YEARS?  DO YOU UNDERSTAND THAT?

9              THE DEFENDANT:  YES.

10             THE COURT:  DO YOU ALSO UNDERSTAND THAT THE COURT

11   WILL CONSIDER THE SENTENCING GUIDELINES FOR GUIDANCE AND THEN

12   CONSIDER OTHER FACTORS PROVIDED BY LAW WHICH WILL PERMIT THE

13   COURT TO DETERMINE AN APPROPRIATE SENTENCE FOR YOU?

14             THE DEFENDANT:  YES.

15             THE COURT:  AND AT THE END OF THE DAY, IF THE

16   SENTENCE YOU RECEIVE ON THESE COUNTS IS NOT IN ACCORD WITH

17   THE SENTENCE THAT YOU EXPECT TO RECEIVE, THAT YOU WILL NOT

18   HAVE THE ABSOLUTE RIGHT TO WITHDRAW YOUR GUILTY PLEA?

19             THE DEFENDANT:  YES.

20             THE COURT:  YOU MAY HAVE THE RIGHT TO APPEAL YOUR

21   CONVICTION AND SENTENCE, OF COURSE, BECAUSE THERE IS NO PLEA

22   AGREEMENT HERE, BUT YOU WILL NOT HAVE THE RIGHT, ABSOLUTE

23   RIGHT TO WITHDRAW THE PLEA.

24             DO YOU UNDERSTAND THAT?

25             THE DEFENDANT:  YES, I DO.

1    THE COURT:  YOU ALSO UNDERSTAND THAT AT THE TIME OF

2  SENTENCING, THE COURT WILL SET CERTAIN TERMS AND CONDITIONS

3  THAT SHALL APPLY TO YOU UPON YOUR RELEASE FROM CUSTODY, OR

4  THERE WILL BE TERMS AND CONDITIONS BASED UPON PROBATION, AND

5  THOSE TERMS AND CONDITIONS WILL BE THE TERMS AND CONDITIONS

6  OF YOUR SUPERVISED RELEASE OR PROBATION.

7    AND IF DURING THE PERIOD OF SUPERVISED RELEASE OR

8  PROBATION, IF THE COURT FINDS THAT THERE IS A VIOLATION OF

9  ANY OF THOSE CONDITIONS, THE COURT MAY REVOKE YOUR SUPERVISED

10  RELEASE OR PROBATION AND PLACE YOU IN CUSTODY FOR A PERIOD OF

11  TIME IN ADDITION TO ANY TIME YOU'VE PREVIOUSLY SERVED.

12    DO YOU UNDERSTAND THIS?

13    THE DEFENDANT:  YES, I DO.

14    THE COURT:  ARE YOU SATISFIED, COUNSEL?

15    MR. RAPP:  WE ARE, YOUR HONOR.

16    THE COURT:  THANK YOU VERY MUCH, SIR.

17    AS TO COUNT 38, WHICH CHARGES TAX EVASION, VIOLATION

18  OF 26 USC 7201, THE ELEMENTS THE GOVERNMENT MUST PROVE BEYOND

19  A REASONABLE DOUBT TO THE TRIER-OF-FACT ARE:  DURING THE TIME

20  SET FORTH IN THE SUPERSEDING INDICTMENT AS TO EACH COUNT, IN

21  THE SOUTHERN DISTRICT OF CALIFORNIA AND ELSEWHERE, YOU KNEW

22  YOU HAD AN OBLIGATION TO FILE TAX RETURNS AND FAILED TO DO SO

23  FOR CALENDAR YEAR 2013.

24    THE DEFENDANT:  YES.

25    THE COURT:  YOU KNEW THAT -- I'M JUST GIVING YOU THE

1    ELEMENTS NOW.

2          YOU KNEW THAT MORE FEDERAL INCOME TAX WAS OWED THAN

3    YOU DECLARED DUE TO YOUR INCOME TAX RETURN; THAT YOU MADE AN

4    AFFIRMATIVE ATTEMPT TO EVADE OR DEFEAT SUCH ADDITIONAL TAX.

5    AND IN ADDITION TO EVADING OR DEFEATING SUCH ADDITIONAL TAX,

6    YOU ACTED WILLFULLY.  THOSE ARE THE ELEMENTS THE GOVERNMENT

7    MUST PROVE BEYOND A REASONABLE DOUBT TO THE TRIER-OF-FACT TO

8    CONVICT YOU OF TAX EVASION.

9          THE MAXIMUM PUNISHMENT FOR TAX EVASION IS FIVE YEARS

10   IN PRISON OR A MAXIMUM FIVE YEARS OF PROBATION, A $250,000

11   FINE, A MANDATORY SPECIAL ASSESSMENT OF $100, A TERM OF

12   SUPERVISED RELEASE OF NO MORE THAN THREE YEARS.  AND AS

13   INDICATED IN A PREVIOUS DISCUSSION, THIS COURT IS THE

14   SENTENCING COURT, AND THE COURT WILL LOOK TO THE SENTENCING

15   GUIDELINES FOR GUIDANCE AND TO OTHER FACTORS PROVIDED BY LAW

16   WHICH PERMITS THE COURT TO DETERMINE AN APPROPRIATE SENTENCE

17   FOR YOU.

18         AND IF THE SENTENCE YOU RECEIVE ON THIS COUNT MAKES

19   YOU UNCOMFORTABLE IN ANY WAY, YOU WILL NOT HAVE THE ABSOLUTE

20   RIGHT TO WITHDRAW YOUR PLEA OF GUILTY TO COUNT 38.  AGAIN,

21   YOU WILL HAVE THE RIGHT TO APPEAL THE PLEA AND YOUR SENTENCE

22   IN THAT REGARD.

23         IN ADDITION, AT THE TIME OF SENTENCING, THE COURT

24   WILL SET CERTAIN TERMS AND CONDITIONS THAT SHALL APPLY TO YOU

25   UPON YOUR RELEASE FROM CUSTODY OR UPON MOVING TOWARDS

1    PROBATION, AND THOSE TERMS AND CONDITIONS WILL BE THE TERMS

2    AND CONDITIONS OF YOUR PROBATION OR SUPERVISED RELEASE.  AND

3    IF DURING THE PERIOD OF PROBATION OR SUPERVISED RELEASE, IF

4    THE COURT FINDS THAT YOU'VE VIOLATED ANY OF THOSE TERMS AND

5    CONDITIONS, THE COURT MAY REVOKE YOUR PROBATION OR SUPERVISED

6    RELEASE AND PLACE YOU IN CUSTODY FOR A PERIOD OF TIME IN

7    ADDITION TO ANY TIME YOU'VE ALREADY SERVED.

8             DO YOU UNDERSTAND THIS?

9             THE DEFENDANT:  YES.

10            THE COURT:  ALL RIGHT.  COUNSEL.

11            MR. RAPP:  JUDGE, JUST A MODEST CORRECTION.  AGAIN,

12   I THINK YOU'RE READING FROM THE DEFENSE PAPERS.  THIS IS NOT

13   THE SAME PENALTY AS TITLE 18.  IT'S ACTUALLY $100,000 AS

14   OPPOSED $250,000.

15            THE COURT:  THANK YOU, SIR.

16            ANY OTHER THOUGHTS WITH THE MAXIMUM PUNISHMENT?

17            MR. RAPP:  WELL, JUST WITH RESPECT TO THE ELEMENTS.

18   THE ELEMENTS SET FORTH SUGGESTED THAT THE DEFENDANT ACTUALLY

19   FILED TAX RETURNS THAT WERE FALSE.  IN THIS CASE, THE

20   DEFENDANT NEVER FILED ANY TAX RETURNS, AND SO HE EVADED IT BY

21   NOT --

22            THE COURT:  BY FAILING TO FILE?

23            MR. RAPP:  BY FAILING TO FILE.

24            THE COURT:  ALL RIGHT.  FIRST, I'LL CORRECT THE

25   MAXIMUM PUNISHMENT.  IT'S A $100,000 FINE AND NOT A $250,000

1  FINE.

2          DO YOU UNDERSTAND THAT, SIR?

3          THE DEFENDANT:  YES, I DO.

4          THE COURT:  ALL RIGHT.  WITH RESPECT TO THE

5  ELEMENTS, TAX-EVASION CHARGES IN THE DISJUNCTIVE, FAILURE TO

6  FILE OR FILING A FALSE RETURN.  SO THE GOVERNMENT MUST -- CAN

7  PROVE THIS COUNT BY PROVING THAT YOU FAILED TO FILE YOUR 2013

8  TAX RETURN.

9          DO YOU UNDERSTAND THIS?

10         THE DEFENDANT:  YES, I DO.

11         THE COURT:  OKAY.  ARE YOU SATISFIED, SIR?

12         MR. RAPP:  I AM, YOUR HONOR.  THANK YOU.

13         THE COURT:  ALL RIGHT.  VERY WELL.  THANK YOU.

14         NOW I'LL ASK YOU SOME QUESTIONS AS TO -- TO SUPPORT

15  A FACTUAL BASIS FOR THIS COUNT.

16         DID YOU FAIL TO FILE AN INCOME TAX RETURN ON OR

17  ABOUT APRIL 15TH, 2014, AS REQUIRED BY LAW, EVEN THOUGH YOU

18  HAD TAXABLE INCOME FOR CALENDAR YEAR 2013 THAT RESULTED IN

19  MONIES BEING OWED TO THE UNITED STATES OF AMERICA?

20         THE DEFENDANT:  YES.

21         THE COURT:  IN CALENDAR YEAR 2013, DID YOU RECEIVE

22  $164,718.07 OR MORE IN TAXABLE INCOME THAT WOULD HAVE

23  RESULTED IN YOUR OWING $35,005 OR MORE IN INCOME TAX TO THE

24  UNITED STATES FOR CALENDAR YEAR 2013?

25         THE DEFENDANT:  YES, YOUR HONOR.

1    THE COURT:  AND DID YOU WILLFULLY FAIL TO FILE YOUR

2    2013 FEDERAL TAX RETURN BY APRIL 15TH, 2014 IN AN ATTEMPT TO

3    EVADE AND DEFAULT THE INCOME OWED BY YOU FOR CALENDAR YEAR

4    2013 TO THE UNITED STATES?

5    THE DEFENDANT:  YES.

6    THE COURT:  SATISFIED, SIR?

7    MR. RAPP:  YES, YOUR HONOR.

8    THE COURT:  MR. STEWART, ARE THESE PLEAS MADE WITH

9    YOUR CONCURRENCE?

10    MR. STEWART:  THEY ARE, YOUR HONOR.

11    THE COURT:  IN YOUR VIEW, IS THERE A FACTUAL BASIS

12    AS TO EACH ONE?

13    MR. STEWART:  I BELIEVE SO, YOUR HONOR.

14    THE COURT:  MR. DUREN, NOW THAT I HAVE ADVISED YOU

15    OF YOUR RIGHTS AND THE CONSEQUENCES OF PLEADING GUILTY, THAT

16    IS, THE GIVING UP OF ALL OF THOSE RIGHTS, AND HAVING ADVISED

17    YOU OF THE MAXIMUM PUNISHMENT AS TO COUNTS 14 THROUGH 23,

18    INCLUSIVE, 27 TO 34, INCLUSIVE, AND COUNT 38, HOW DO YOU

19    PLEAD TO THESE COUNTS, GUILTY OR NOT?

20    THE DEFENDANT:  GUILTY, YOUR HONOR.

21    THE COURT:  VERY WELL.  THE COURT FINDS THAT THE

22    DEFENDANT'S GUILTY PLEA IS MADE KNOWINGLY AND VOLUNTARILY,

23    WITH A FULL UNDERSTANDING OF THE NATURE OF THE CHARGES, HIS

24    RIGHTS AND THE CONSEQUENCES OF PLEADING GUILTY, AND WITH A

25    FULL UNDERSTANDING OF THE MAXIMUM PUNISHMENT APPLICABLE TO

1  EACH COUNT.

2         THE COURT FURTHER FINDS THERE IS A FACTUAL BASIS AS

3  TO EACH COUNT.  THE COURT WILL ACCEPT THE PLEA OF GUILTY AS

4  TO THE COUNTS IDENTIFIED.

5         IS THERE ANYTHING ELSE WE NEED TO DISCUSS REGARDING

6  THIS PLEA?

7         MR. RAPP:  NOT THE PLEA ITSELF, NO.

8         THE COURT:  ALL RIGHT.  IT'S BEEN A LONG -- YES,

9  SIR.

10        MR. STEWART:  YOUR HONOR, JUST TO INDICATE, YOUR

11 HONOR, BECAUSE I DON'T BELIEVE THE COURT IS AWARE, AND THE

12 GOVERNMENT OBVIOUSLY WILL SPEAK FOR ITSELF.  BUT I BELIEVE

13 VIA E-MAIL, IT'S THE GOVERNMENT'S INTENT TO NOT PROCEED WITH

14 TRIAL; SO I'M NOT SURE IF THE COURT WANTED TO ADDRESS THAT OR

15 NOT.

16        THE COURT:  ALL RIGHT.  WHAT'S THE GOVERNMENT'S

17 INTENTION?

18        MR. RAPP:  WELL, I THINK IT'S FAIR TO SAY THAT IN A

19 NORMAL PLEA, WHERE YOU HAD COUNTS DISMISSED, YOU WOULD

20 DISMISS THOSE COUNTS AT THE TIME OF SENTENCING; AND, OF

21 COURSE, THAT WOULD BE OUR INTENT IN THIS CASE.  IT DOESN'T

22 SEEM TO BE WORTHWHILE TO GO TO TRIAL ON THE BALANCE OF THE

23 INDICTMENT WHEN THOSE DISMISSED COUNTS NOT ONLY ARE COUNTS IN

24 THE SUPERSEDING INDICTMENT, BUT ALSO COUNT 35 THAT WAS

25 SEVERED, WOULD SIMPLY BE RELEVANT CONDUCT AT THE TIME OF

1 SENTENCING.

2 AND I CAN UNDERSTAND FROM THE DEFENSE'S STANDPOINT

3 THAT THEY WOULD PERHAPS CHALLENGE WHETHER THAT WOULD BE

4 RELEVANT CONDUCT, AND SO I WOULD EXPECT THAT THE SENTENCING

5 IN THIS CASE MIGHT BE LONGER THAN THE AVERAGE SENTENCING

6 BECAUSE WE WOULD BE PUTTING ON PERHAPS FINANCIAL TESTIMONY.

7 SO IT'S THE PREFERENCE OF THE UNITED STATES NOT TO

8 DISMISS THESE COUNTS UNTIL THE TIME OF SENTENCING.  I KNOW

9 THAT YOU HAVE A JURY ORDERED AND A JURY EXPECTED TO COME IN

10 NEXT WEEK, BUT THAT'S THE GOVERNMENT'S POSITION AT THIS POINT

11 UNLESS THE COURT --

12 THE COURT:  SO YOU'RE SUGGESTING AT THIS TIME TO

13 POSTPONE JURY TRIAL UNTIL SENTENCING ON THESE MATTERS, AND

14 THEN YOU'LL MAKE A DECISION AS TO WHETHER OR NOT TO PROCEED?

15 MR. RAPP:  THAT'S OUR PREFERENCE.

16 THE COURT:  ANY OBJECTION TO THAT, COUNSEL?

17 MR. STEWART:  NO, YOUR HONOR.

18 THE COURT:  VERY WELL.  THE TRIAL DATE IS VACATED.

19 WE'LL PROCEED TO SENTENCING.  MR. MCDOWELL.

20 WE'LL SELECT A DATE WHERE WE HAVE ALL DAY, OR BASED

21 UPON YOUR PLEADINGS, I MAY HAVE TO SET A SEPARATE DATE FOR AN

22 EVIDENTIARY HEARING, DEPENDING ON WHAT MY CALENDAR LOOKS LIKE

23 AT THE TIME.

24 THE CLERK:  NORMAL COURSE FOR SENTENCING WOULD BE

25 JULY 29TH.

1          MR. STEWART:  YOUR HONOR, WOULD YOUR HONOR SET THIS

2     OVER TO SOMETIME EARLY AUGUST?

3          THE CLERK:  THAT WOULD BE AUGUST 5TH IS THE MONDAY.

4     TRIAL ON TUESDAY.

5          MR. KIRBY:  SO WOULD THAT MEAN THE EVIDENTIARY

6     HEARING WOULD TAKE PLACE ON THE MONDAY OR THE TUESDAY?

7          THE COURT:  NO.  I WILL PROBABLY SET THE EVIDENTIARY

8     HEARING, IT WILL BE A FRIDAY PROBABLY, AN OFF DAY.  THE COURT

9     NOTES, AND THE PARTIES SHOULD UNDERSTAND THAT THE COURT

10    STARTS A FOUR-WEEK JURY TRIAL ON THE 16TH OF JULY.  SO IN

11    THAT THIS MATTER SEEMS MORE COMPLICATED THAN THE ORDINARY

12    CASE, AS FAR AS THE PLEADINGS AND SUCH GO, MIGHT GO, ALTHOUGH

13    YOU PROBABLY KNOW WHERE YOU'RE GOING, BECAUSE YOU PREPARED

14    FOR TRIAL, I'D RATHER PUSH IT OFF LATER INTO AUGUST.

15         ANY OBJECTION TO SEPTEMBER 9TH?  I'M SORRY.  FRIDAY,

16    SEPTEMBER 6TH?

17         MR. RAPP:  NOT FROM THE UNITED STATES.

18         MR. STEWART:  JUST ONE MOMENT, YOUR HONOR.

19         THE COURT:  AND I SUGGEST THAT THE PARTIES SHARE

20    WITH ME A TIME ESTIMATE IF YOU ANTICIPATE AN EVIDENTIARY

21    HEARING ON THE ISSUES RAISED.

22         MR. STEWART:  AND THAT DATE DOES WORK FINE FOR ME.

23    JUST A MOMENT, YOUR HONOR, PLEASE.

24         MR. KIRBY:  ACTUALLY, YOUR HONOR, IF WE CAN GO ONE

25    MORE WEEK.

1          (DISCUSSION HELD OFF THE RECORD.)

2          MR. STEWART:  IF THE COURT WOULD ALLOW THE

3   FOLLOWING:  MR. KIRBY HAS A CONFLICT ON THE 6TH, AND THEN THE

4   13TH I WILL BE OUT OF THE DISTRICT; SO PERHAPS THE FOLLOWING

5   WEEK, YOUR HONOR.

6          THE COURT:  I HAVE A TRIAL ON THE 17TH, BUT I THINK

7   IT'S A THREE-DAYER.  WE CAN GO FRIDAY -- FRIDAY, THE 20TH.

8   IS THAT GOOD, COUNSEL?  IS THAT GOOD FOR THE GOVERNMENT?

9          MS. MARSH:  FRIDAY, SEPTEMBER 20TH?

10         THE COURT:  YES.

11         MR. RAPP:  YES, THAT WORKS FOR THE GOVERNMENT.

12         MS. MARSH:  YES.

13         THE COURT:  IS THERE ANYTHING ELSE WE CAN DISCUSS

14  NOW?

15         MR. STEWART:  NO, YOUR HONOR.

16         HOW DID THE COURT INDICATE THE COURT WANTED US TO

17  ADVISE THE COURT ABOUT THE TIME ESTIMATE?

18         THE COURT:  IN YOUR PLEADINGS.  ONCE -- I'LL PERMIT

19  JUST A -- THE PARTIES -- AFTER YOU FILE YOUR PLEADINGS, IF

20  THE PARTIES CAN MEET AND CONFER AS TO A TIME FRAME TO GET

21  THROUGH THE ISSUES THAT YOU PRESENT, JUST SHARE WITH ME A

22  JOINT STATEMENT AS TO THE TIME FRAMES YOU ANTICIPATE.

23         IF YOU CAN'T AGREE IN THE JOINT STATEMENT, SIMPLY

24  SAY, WELL, DEFENSE SUGGESTS IT'S GOING TO TAKE X DAYS OR X

25  HOURS AND THE GOVERNMENT SAYS THEIR POSITION IS SUCH, AND

1  THEN I CAN MAKE ARRANGEMENTS.  OKAY?

2          MR. STEWART:  THANK YOU, YOUR HONOR.

3          THE COURT:  AND ASSURE WE HAVE TIME.

4          MR. RAPP:  WELL, JUST ONE LAST MATTER I WOULD LIKE

5  TO BE HEARD ON.  RELEASE.

6          THE COURT:  YES.

7          MR. RAPP:  SO --

8          THE COURT:  OH, YES.  I HAVE SOME IN-CAMERA

9  SUBMISSIONS THAT I'M NOT GOING TO REVIEW IN THAT REGARD.

10          MR. RAPP:  WELL, ACTUALLY, I MEANT HIS RELEASE

11  CONDITIONS.

12          THE COURT:  OH, OKAY.  SO THE ISSUE OF BOND AND BAIL

13  GOING FORWARD?

14          MR. RAPP:  RIGHT.  SO AS THE COURT KNOWS, UNDER

15  3143(A), NOW THAT THE DEFENDANT IS CONVICTED, THE STANDARD IS

16  A CLEAR AND CONVINCING EVIDENCE THAT HE'S NOT A FLIGHT RISK.

17  AND ALTHOUGH I'M NOT ASKING THAT THE DEFENDANT BE REMANDED,

18  HE'S ON AN ANKLE BRACELET.  HE'S ON A CURFEW RIGHT NOW.  I'VE

19  DISCUSSED WITH HIS PRETRIAL OFFICER HIS COMPLIANCE.

20          I DO THINK BECAUSE OF THE -- NOW THAT HE IS EXPOSED

21  TO A CONSIDERABLE PRISON SENTENCE, I WOULD ASK THAT THE COURT

22  MODIFY THAT AND PLACE HIM NOW ON HOME DETENTION PENDING

23  SENTENCING.

24          THE COURT:  PRETRIAL?

25          MS. ANDREWS:  VANESSA ANDREWS WITH PRETRIAL

1    SERVICES.

2         THE COURT:  THANK YOU FOR YOUR PATIENCE THIS

3    AFTERNOON, MA'AM.

4         MS. ANDREWS:  YOU'RE WELCOME, YOUR HONOR.

5         YOUR HONOR, JUST TO REPORT HIS COMPLIANCE, HE HAS

6    BEEN COMPLIANT WITH EVERYTHING, WITH ALL HIS CONDITIONS, WITH

7    GPS MONITORING AND WITH REPORTING; SO AT THIS TIME, WE WOULD

8    DEFER TO THE COURT, YOUR HONOR.

9         THE COURT:  ALL RIGHT.  THANK YOU.

10        COUNSEL.

11        MR. STEWART:  YOUR HONOR, WE WOULD REQUEST THAT THE

12   COURT LEAVE THE CONDITIONS AS THEY ARE, PARTICULARLY GIVEN

13   THAT MR. DUREN HAS BEEN FULLY COMPLIANT FOR QUITE A WHILE,

14   YOUR HONOR.

15        WE WOULD SIMPLY SAY, YOUR HONOR, THAT IF MR. DUREN

16   WAS GOING TO DO SOMETHING UNTOWARD, THAT I THINK THAT WOULD

17   HAVE OCCURRED BEFORE, NOT AFTER YOU PLEAD GUILTY.  I THINK

18   THAT WE'RE TAKING VERY AFFIRMATIVE STEPS IN THE RIGHT

19   DIRECTION TO TAKE RESPONSIBILITY.  HE -- AS YOU KNOW, HIS

20   FAMILY IS HERE.  HE'S WELL SETTLED HERE.  BEYOND THIS, THERE

21   IS NO OTHER CRIMINAL HISTORY.

22        AND I WOULD JUST NOTE, YOUR HONOR, THAT THE COURT

23   HAS, YOU KNOW, LATITUDE AND I UNDERSTAND THE GOVERNMENT IS

24   NOT ASKING FOR IT, FOR A REMAND, BUT, YOU KNOW, THIS ISN'T

25   EVEN ONE OF THOSE CASES, SAY, UNDER WHAT -- SUBSECTION I

1    BELIEVE 3143(B) THAT WOULD BE PERHAPS MANDATORY.

2            SO THE COURT IS FULLY WITHIN ITS DISCRETION, GIVEN

3    THE HISTORY OF THE MATTER, GIVEN MR. DUREN'S LONG-STANDING

4    TRACK RECORD OF COMING TO COURT AND BEING COMPLIANT, WE THINK

5    THAT NO FURTHER MODIFICATION IS NECESSARY, AND WE THINK THAT

6    GPS TRACKING WHEREVER HE GOES -- AND PROBATION IS FULLY

7    AWARE, MR. DUREN CHECKS IN.  WE CAN'T SEE A REASON FOR A

8    MODIFICATION AT THIS TIME, YOUR HONOR.

9            WE WOULD LIKE THE ABILITY FOR MR. DUREN TO CONTINUE

10   GETTING HIS AFFAIRS IN ORDER.  WE KNOW THAT HE HAS A DAY OF

11   RECKONING PRETTY SOON, IN SEPTEMBER, AND SO WE WOULD REQUEST

12   THAT YOU ALLOW THE CONDITIONS TO REMAIN THE SAME.

13           THE COURT:  MR. DUREN, AFTER A PLEA OR A GUILTY

14   VERDICT BY A JURY, THE TABLE TURNS, AS THE GOVERNMENT

15   INDICATED, AND YOU HAVE THE BURDEN TO SHOW THAT YOU ARE NOT A

16   FLIGHT RISK.  AND I WOULD HAVE TO SAY MY CLEAR RECOLLECTION

17   THROUGHOUT THESE PROCEEDINGS, MOST OF THE TIMES YOU WERE HERE

18   BEFORE YOUR LAWYERS.  AND THERE HAS BEEN NO DIFFICULTY ON

19   PRETRIAL RELEASE PURSUANT TO THE COMMENTS OF THE PRETRIAL

20   SERVICES OFFICER.  YOUR CONDITIONS OF PRETRIAL RELEASE SHALL

21   REMAIN THE SAME.

22           THE DEFENDANT:  THANK YOU, YOUR HONOR.

23           THE COURT:  I FIND THE BURDEN HAS BEEN MET, BASED

24   UPON HIS CONDUCT UP UNTIL THIS POINT, AND I HAVE NO CONCERNS

25   ABOUT THE DEFENDANT MAKING HIS COURT APPEARANCE.

1          MR. STEWART:  THANK YOU, YOUR HONOR.

2          THE COURT:  ALL RIGHT.

3          MR. KIRBY:  THANK YOU, YOUR HONOR.

4          THE COURT:  ANYTHING ELSE?

5          MR. RAPP:  NOT FROM THE UNITED STATES.  THANK YOU.

6          MR. STEWART:  NO, YOUR HONOR.  THANK YOU.

7          MS. MARSH:  THANK YOU, YOUR HONOR.

8          THE COURT:  YOU'RE WELCOME.

9          WE'RE IN RECESS.

10          (PROCEEDINGS CONCLUDED AT 4:11 P.M.)

11                       --OOO--

12                C E R T I F I C A T I O N

13          I HEREBY CERTIFY THAT I AM A DULY APPOINTED,
QUALIFIED AND ACTING OFFICIAL COURT REPORTER FOR THE UNITED
14   STATES DISTRICT COURT; THAT THE FOREGOING IS A TRUE AND
CORRECT TRANSCRIPT OF THE PROCEEDINGS HAD IN THE
15   AFOREMENTIONED CAUSE; THAT SAID TRANSCRIPT IS A TRUE AND
CORRECT TRANSCRIPTION OF MY STENOGRAPHIC NOTES; AND THAT THE
16   FORMAT USED HEREIN COMPLIES WITH THE RULES AND REQUIREMENTS
OF THE UNITED STATES JUDICIAL CONFERENCE.

17

18          DATED:  MAY 30, 2019, AT SAN DIEGO, CALIFORNIA.

                              S/CAMERON P. KIRCHER
19                            CAMERON P. KIRCHER

20

21

22

23

24

25