```
                    UNITED STATES DISTRICT COURT

                   SOUTHERN DISTRICT OF CALIFORNIA


    UNITED STATES OF AMERICA,        )
                                     ) CASE NO. 16CR2892-JAH
              PLAINTIFF,             )
                                     ) SAN DIEGO, CALIFORNIA
    VS.                              ) FRIDAY,
                                     ) JUNE 8, 2018
    TYRONE CEDRIC DUREN,             ) 1:40 P.M.
                                     )
              DEFENDANT.             )
    _____)


               REPORTER'S TRANSCRIPT OF PROCEEDINGS

                         MOTION HEARING

          BEFORE THE HONORABLE JOHN A. HOUSTON
                UNITED STATES DISTRICT JUDGE


    APPEARANCES:

    FOR THE GOVERNMENT:     ROBERT S. BREWER, JR., U.S. ATTORNEY
                            BY:  KEVIN M. RAPP, ESQ.
                                 ABBIE BROUGHTON MARSH, ESQ.
                            ASSISTANT U.S. ATTORNEY
                            880 FRONT STREET, FIFTH FLOOR
                            SAN DIEGO, CALIFORNIA  92101


    FOR THE DEFENDANT:      JOHN DAVID KIRBY
                            ATTORNEY AT LAW
                            110 WEST A STREET
                            SUITE 1100
                            SAN DIEGO, CALIFORNIA  92101




    REPORTED BY:  CAMERON P. KIRCHER
                  CSR NO. 9427, RPR, CRR, RMR
                  E-MAIL:  CPKIRCHER@GMAIL.COM
```

1    SAN DIEGO, CALIFORNIA - FRIDAY, JUNE 8, 2018
2                        1:40 P.M.
3            THE CLERK:  ALL RIGHT.  THIS IS NO. 5.  IT'S
4    16CR2892, THE UNITED STATES OF AMERICA VERSUS TYRONE CEDRIC
5    DUREN.
6            MR. RAPP:  GOOD AFTERNOON, YOUR HONOR.  KEVIN RAPP
7    AND ABBIE MARSH ON BEHALF OF THE UNITED STATES.
8            THE COURT:  GOOD AFTERNOON.
9            MS. MARSH:  GOOD AFTERNOON.
10           MR. KIRBY:  GOOD AFTERNOON, YOUR HONOR.  JOHN KIRBY
11   ON BEHALF OF MR. DUREN, WHO IS PRESENT ON BOND.
12           THE COURT:  ALL RIGHT.  THANK YOU.
13           GOOD AFTERNOON, MR. DUREN.
14           THE DEFENDANT:  GOOD AFTERNOON.
15           THE COURT:  WE'RE HERE ON DEFENDANT'S REQUEST FOR A
16   MONSANTO HEARING.
17           MR. KIRBY:  YES, YOUR HONOR.
18           THE COURT:  THIS IS YOUR MOTION, SIR.  OF COURSE I'D
19   LIKE TO START WITH YOU.  ALL RIGHT.
20           MR. KIRBY:  YES, OF COURSE.
21           YES, YOUR HONOR.  WE HAVE REQUESTED A MONSANTO
22   HEARING FOR THE PURPOSES OF ASKING THAT THE LIS PENDENS BE
23   REMOVED ON THE PROPERTIES IN THIS CASE SO THAT MR. DUREN CAN
24   PAY FOR HIS CONTINUING LEGAL EXPENSES.  WE'VE SHOWN, I THINK,
25   THAT HE DOES NOT HAVE THE ABILITY, WITHOUT SELLING THOSE

1  PROPERTIES, TO PAY HIS LEGAL FEES, AND THE GOVERNMENT HAS SO
2  FAR PROVIDED NO TRACING, AS THEY ARE REQUIRED TO DO, TO HOLD
3  THEM.
4        THE COURT:  WELL, YOU KNOW, THIS IS A TWO-PART
5  INQUIRY TO DETERMINE WHETHER WE SHOULD GET INTO THE MEAT OF
6  THIS.  THE GOVERNMENT SUGGESTS THAT THE DEFENDANT HAS OTHER
7  PROPERTIES OTHER THAN THOSE RESTRAINED BY LIS PENDENS.
8        MR. KIRBY:  AT THIS POINT, THE ONES THAT ARE
9  RESTRAINED ARE THE ONLY ONES HE WOULD BE ABLE TO ALIENATE.
10 AND WITHOUT --
11       THE COURT:  WHY SO?
12       MR. KIRBY:  HE'S BEEN TRYING, YOUR HONOR, TO SELL
13 OFF ONE OR MORE OF THE PROPERTIES BUT HAS BEEN UNABLE TO, IN
14 PART BECAUSE HE CAN'T GET CLEAR TITLE.
15       THE COURT:  AND THAT'S DUE TO THE STATE RULES WITH
16 RESPECT TO THE BUSINESS LICENSE?
17       MR. KIRBY:  PARTIALLY, YOUR HONOR.  BUT PARTIALLY
18 DUE TO THE LIS PENDENS AS WELL.
19       THE COURT:  OKAY.  SO HOW IS IT THAT HE CAN -- HOLD
20 ON.  HOLD ON.  WAIT A SECOND.  I'LL GIVE YOU A CHANCE TO
21 CONFER IN A SECOND, SIR.
22       COUNSEL, HOW IS IT THAT REMOVING A LIS PENDENS WILL
23 PERMIT ALIENATION TO PAY LEGAL FEES IF THOSE PROPERTIES WOULD
24 STILL BE TIED UP DUE TO THE STATE LICENSE ISSUE?
25       MR. KIRBY:  ONCE HE FILES HIS TAXES FOR THE YEARS

1 THAT HE'S BEHIND, HE WILL BE ABLE TO GET THOSE LICENSES
2 REINSTATED.
3     THE COURT:  BUT HE INDICATES IN HIS DECLARATION THAT
4 IT MAY TAKE MONTHS BEFORE THE ACCOUNTANT EVEN PRESENTS TO HIM
5 A DRAFT OF THOSE TAX RETURNS FOR HIM TO REVIEW.  THE TRIAL IS
6 GOING TO OCCUR LONG BEFORE THEN.
7     MR. KIRBY:  NO, YOUR HONOR.  I'VE ACTUALLY SPOKEN
8 WITH HIS ACCOUNTANT, AND THAT'S NOT THE CASE.  THE TAX
9 RETURNS WILL BE FILED PRIOR TO TRIAL.
10     THE COURT:  WELL, THEN RIGHT NOW, THERE IS -- RIGHT
11 NOW, THERE IS NO SHOWING THAT HE HAS PROPERTY AVAILABLE FOR
12 DEFENSE BECAUSE THEY ARE NOT AVAILABLE NOW.  WHY SHOULD WE
13 HOLD A HEARING NOW?
14     TAKE A MOMENT TO CONFER.  ALL RIGHT.
15     (ATTORNEY/CLIENT DISCUSSION.)
16     MR. KIRBY:  YES, YOUR HONOR.  THERE IS REALLY TWO
17 PARTS OF THIS.
18     AS TO THE NINE PROPERTIES IN PHILADELPHIA, THOSE
19 WERE ALL PURCHASED BEFORE THE TIME PERIOD WHERE ANY OF THIS
20 IS ALLEGED TO HAVE TAKEN PLACE, SO THERE IS JUST BASICALLY
21 NO -- THERE IS NO BASIS FOR THOSE LIS PENDENS.
22     THE COURT:  FIRST OF ALL, I THINK WE NEED TO
23 DETERMINE WHETHER OR NOT THERE ARE OTHER ASSETS AVAILABLE TO
24 PAY COUNSEL.  AND WE DON'T EVEN KNOW WHAT COUNSEL'S FEES ARE.
25 THERE IS NOT EVEN AN IN-CAMERA SHOWING AS TO WHAT TO

1  ANTICIPATE WITH RESPECT TO THE FEES ON WHICH PROPERTY SHOULD
2  BE -- ARE SOUGHT TO BE RELEASED FOR.
3  　　　　　THE GOVERNMENT AGAIN SAYS THERE ARE 18 OTHER
4  PROPERTIES, NOT MENTIONED IN YOUR CLIENT'S DECLARATION, THAT
5  ARE SUBJECT TO -- THAT ARE NOT SUBJECT TO FORFEITURE.  AND I
6  TAKE IT FROM THE SUPPLEMENTAL DECLARATION THAT THOSE
7  PROPERTIES CANNOT BE SOLD BECAUSE OF STATE REGULATIONS.
8  　　　　　MR. KIRBY:  THAT'S CORRECT, YOUR HONOR.  BUT IT
9  DOESN'T REMOVE THE FACT THAT THERE HAS BEEN NO SHOWING WHY
10 THERE SHOULD BE A LIS PENDENS ON ANY OF THOSE PROPERTIES.
11 　　　　　THE COURT:  LET'S DEAL WITH THE NEED FIRST.  I NEED
12 TO HAVE CLARIFICATION ON THE NEED.  TO GET INTO THE SECOND
13 QUESTION, WE'RE GETTING INTO THE WEEDS OF THE MONSANTO
14 HEARING.  THE THRESHOLD ISSUES HAVE TO BE DEALT WITH FIRST,
15 THE NEED.
16 　　　　　THERE ARE OTHER PROPERTIES NOT RESTRAINED BY THE
17 UNITED STATES.  THE COURT HAS NO JURISDICTION OVER THE
18 PROPERTIES THAT ARE PRECLUDED FROM SALE BY THE STATE OF
19 PENNSYLVANIA, BUT THERE ARE OTHER PROPERTIES BEYOND THOSE
20 RESTRAINED BY THE UNITED STATES THAT ARE AVAILABLE FOR
21 ATTORNEY'S FEES.  I NEED SOME CLARIFICATION ON THAT.
22 　　　　　OTHERWISE, THE ATTORNEY CAN PLACE LIENS ON THOSE
23 PROPERTIES.  AS SOON AS THEY ARE CLEARED UP, THEY ARE
24 AVAILABLE FOR ATTORNEY'S FEES.  YOU CAN PUT YOUR OWN -- YOU
25 CAN ENCUMBER THE PROPERTIES YOURSELF, COUNSEL, TO SATISFY

1  ATTORNEY'S FEES. THEY ARE NOT SUBJECT TO FORFEITURE.

2      MR. KIRBY: IF I CAN HAVE JUST A --

3      THE COURT: SURE.

4      (ATTORNEY/CLIENT DISCUSSION.)

5      MR. KIRBY: THE PAYMENT OF ATTORNEY'S FEES REALLY

6  NEEDS TO COME FROM THE CALIFORNIA PROPERTY, MR. DUREN'S HOME,

7  BECAUSE THE OTHER PROPERTIES, AS YOU POINT OUT, ARE

8  ESSENTIALLY ENCUMBERED BY STATE.

9      THE COURT: REFRESH ME. IS THE HOME SUBJECT TO

10 FORFEITURE? IS IT IDENTIFIED IN THE BILL OF PARTICULARS OR

11 THE FORFEITURE COUNT?

12     MR. RAPP: IT'S IN THE FORFEITURE ALLEGATIONS IN THE

13 SUPERSEDING INDICTMENT.

14     THE COURT: YES.

15     MR. KIRBY: BUT THERE STILL HAS BEEN NO TRACING,

16 YOUR HONOR, TO THAT PROPERTY.

17     THE COURT: WHAT'S YOUR TAKE ON THIS, COUNSEL?

18     MR. RAPP: WELL, I DON'T HAVE TO SHOW TRACING.

19 IT'S -- THE BONSALL PROPERTY IS IN THE FORFEITURE ALLEGATION.

20 THE GRAND JURY HAS ALREADY MADE A PROBABLE CAUSE

21 DETERMINATION. UNDER KALEY, HE DOESN'T GET A MONSANTO

22 HEARING ON THAT PROPERTY.

23     THE COURT: THAT'S -- UNITED STATES VS. KALEY, SIR,

24 SUPREME COURT SAYS THAT THIS COURT CAN'T SECOND-GUESS THE

25 GRAND JURY DETERMINATION AND MAKE A CONTRARY CALL TO PROBABLE

1  CAUSE MADE BY THE GRAND JURY. THAT'S WHAT YOU'RE ASKING ME
2  TO DO IN THAT CASE. IT'S IDENTIFIED IN THE INDICTMENT.
3           MR. KIRBY: YES, YOUR HONOR.
4           THE COURT: THE SUPREME COURT HAS MADE THAT REALLY
5  CLEAR. I AGREE WITH THE UNITED STATES. I READ IT AGAIN.
6           IT'S CLEAR THAT, MR. DUREN, I CAN'T SECOND-GUESS THE
7  PROBABLE CAUSE DETERMINATION MADE BY THE GRAND JURY, AND
8  THAT'S WHAT -- IF YOU'RE ASKING ME TO LOOK INTO THE PROBABLE
9  CAUSE FOR THE ATTACHMENT OF THAT PROPERTY AND HAVING IT --
10 AND THE ALLEGATIONS THAT IT'S SUBJECT TO FORFEITURE IN THE
11 INDICTMENT, I'M SECOND-GUESSING THE GRAND JURY. THE SUPREME
12 COURT SAID NO, DISTRICT COURTS CAN'T DO THAT.
13          THAT'S WHY I GO BACK AGAIN, ARE ALL OF THE
14 PROPERTIES IDENTIFIED -- ALL THE PROPERTIES, THE FIRST NINE
15 PROPERTIES PURCHASED BEFORE 2008 IDENTIFIED IN THE
16 INDICTMENT?
17          MR. RAPP: THE NINE THAT HE WANTS THE LIS PENDENS --
18          THE COURT: YES. HOLD ON, SEVEN OF THOSE NINE
19 PROPERTIES WERE PURCHASED BEFORE HE WAS HIRED BY HOMELAND
20 SECURITY.
21          MR. RAPP: NO, THAT'S NOT ACCURATE. THOSE WERE
22 PROPERTIES THAT WERE BOUGHT IN 2012.
23          THE COURT: NOT 2007 -- 2006, 2007?
24          MR. RAPP: NO. NO. THE NINE PROPERTIES THAT ARE
25 SUBJECT TO THE LIS PENDENS WERE BOUGHT IN 2012.

1             THE SIMPLEST WAY IS TO LOOK AT, IF YOU HAVE THE
2    GOVERNMENT'S MOTION --
3             THE COURT:  YES.
4             MR. RAPP:  -- EXHIBIT B OF THE AGENT'S DECLARATION
5    HAS A CHART.
6             THE COURT:  YES.
7             MR. RAPP:  THE GREEN PROPERTIES, THOSE 18
8    PROPERTIES, THEY ARE NOT THE SUBJECT OF THE SUPERSEDING
9    INDICTMENT, THE FORFEITURE ALLEGATION.  THEY ARE NOT THE
10   SUBJECT OF A LIS PENDENS.  SEVEN OF THOSE PROPERTIES ARE
11   OWNED FREE AND CLEAR.  HE JUST HAS TO SELL ONE OF THOSE
12   PROPERTIES AND PAY HIS TAX OBLIGATION TO THE CITY OF
13   PHILADELPHIA AND THAT WOULD ALLOW HIM TO ARGUABLY SELL ALL 18
14   OF THESE PROPERTIES FOR ATTORNEY'S FEES OR WHATEVER HE WANTS
15   TO USE IT FOR.
16            HE DOESN'T REACH A MONSANTO HEARING BECAUSE HE HAS
17   THESE ASSETS.  WE'VE ALSO -- THERE IS ALSO A BANK ACCOUNT
18   THAT'S GOT $32,000 IN IT, OR AT LEAST IT DID WHEN WE
19   CONDUCTED OUR INVESTIGATION.  IT'S A FOREIGN BANK ACCOUNT.
20   WE HAVEN'T MADE ANY EFFORT TO SEIZE THAT ACCOUNT.  HE HAS
21   THAT AVAILABLE TO HIM.
22            HE HAS GOT -- HE HAS TO ANSWER ON THESE PROPERTIES
23   BEFORE WE EVEN GET TO THESE NINE PROPERTIES THAT WERE
24   PURCHASED DURING THE TIME PERIOD THAT HE WAS A SPECIAL AGENT
25   WITH HSI AND CONDUCTING SEIZURES.  AND SO -- AND THOSE

1  PROPERTIES ARE TIED TO SPECIFIC COUNTS IN THE INDICTMENT.

2        WE DON'T HAVE TO HAVE THAT DISCUSSION UNTIL HE CAN
3  EXPLAIN WHY HE CAN'T USE THESE OTHER 18 PROPERTIES AND
4  LIQUIDATE THOSE PROPERTIES.  AND ALL HE HAS TO DO IS PAY THE
5  TAX OBLIGATIONS ON THESE PROPERTIES AND HE CAN DO THAT BY
6  SELLING ONE OF THEM, ARGUABLY.

7        MR. KIRBY:  WELL, YOUR HONOR, AS TO THE BANK ACCOUNT
8  IN CROATIA, THAT'S BEEN EMPTIED.

9        THE COURT:  I'M SORRY?

10       MR. KIRBY:  THE BANK ACCOUNT THAT MR. RAPP REFERRED
11 TO IS EMPTIED AND CLOSED.

12       THE COURT:  THAT WASN'T IN HIS DECLARATION.

13       MR. KIRBY:  YOU'RE CORRECT, YOUR HONOR.

14       THE COURT:  HE HAS TO PROVIDE -- HIS DECLARATION
15 SHOULD PROVIDE DEFINITE AND SPECIFIC SHOWING, NOT CONJECTURAL
16 THAT HE IS WITHOUT ASSETS.  THAT WAS NOT IN HIS DECLARATION,
17 NO. 1.

18       NO. 2, IN HIS DECLARATION WAS THE ABSENCE OF MENTION
19 OF THE 18 OTHER PROPERTIES.  THERE ARE OTHER ASSETS NOT
20 RESTRAINED BY THE UNITED STATES.  THEY ARE RESTRAINED BY
21 SOMEONE ELSE.  YOU KNOW, THAT'S NOT -- THERE ARE OTHER
22 ASSETS.  THERE ARE STILL OTHER ASSETS.  IT HAS NOTHING TO DO
23 WITH THE UNITED STATES.  SO HE HAS OTHER ASSETS AVAILABLE.

24       HE NEEDS TO CLEAN THEM UP TO PAY COUNSEL.  HE CAN
25 NOT RELY ON THE FACT THAT THE STATE OR THE CITY OF

1  PHILADELPHIA HAS SOME RESTRAINT ON HIS SELLING THE 18
2  PROPERTIES TO SUGGEST HE HAS NO OTHER SOURCES OF INCOME WHEN
3  HE DID NOT EVEN PLACE THAT IN HIS DECLARATION.
4    AND THEN THERE IS THE CROATIA BANK ACCOUNT, NO
5  MENTION. I'M NOT PREPARED TO ACCEPT YOUR REPRESENTATION ON
6  THAT, SIR. THERE ARE OTHER PROPERTIES NOT TIED UP BY THE
7  UNITED STATES. I ACCEPT A LIS PENDENS TIES UP PROPERTY. IT
8  RESTRAINS ALIENATION IN A SENSE. BUT THERE ARE OTHER
9  PROPERTIES AVAILABLE TO HIM. AND UNLESS I'M SATISFIED THAT
10 HE HAS NO OTHER ASSETS, THEN I DON'T GET TO THE SECOND
11 QUESTION.
12   AND THEN THE SECOND QUESTION MAY BE MOOT WITH
13 RESPECT TO A NUMBER OF THOSE PROPERTIES BECAUSE THOSE ON
14 WHICH THE GRAND JURY HAS ACTED ARE BEYOND MY PURVIEW HERE. I
15 CAN'T CONSIDER THOSE AS TO WHETHER OR NOT THEY WERE PROCEEDS
16 OF UNLAWFUL ACTIVITY OR PROPERTIES INVOLVED IN OR THE
17 RELATIONSHIP BETWEEN THE PROPERTY, THE ALLEGATION OF
18 FORFEITURE AND THE CRIMINAL ACTS.
19   ALTHOUGH I HAVE TAKEN THE TIME TO REVIEW THE
20 INDICTMENT, I WOULD -- I HAVEN'T REVIEWED THE INDICTMENT WITH
21 RESPECT TO EACH AND EVERY PROPERTY, AND I HAVE MY TAKE ON
22 THAT, BUT THE SUPREME COURT SAYS I DON'T GO THERE.
23   MR. KIRBY: YES, YOUR HONOR.
24   THE COURT: SO WITHOUT A SHOWING THAT THE DEFENDANT
25 HAS NO OTHER ASSETS UNRESTRAINED BY THE UNITED STATES, THEN

1  THERE IS NO REASON TO APPROACH THE RESTRAINED PROPERTIES FOR
2  ANY RELIEF HERE UNDER MONSANTO.
3      SO IN THAT REGARD, THE MOTION IS DENIED, WITHOUT
4  PREJUDICE.
5      MR. KIRBY:  THANK YOU, YOUR HONOR.
6      THE COURT:  ALL RIGHT.  ANYTHING ELSE?
7      MR. RAPP:  I WOULD JUST ADD THAT WE'RE ON TRACK TO
8  GO TO TRIAL.  WE HAVE PROVIDED THE DEFENSE A DRAFT OF OUR
9  PROPOSED JURY QUESTIONNAIRE.  IF THE COURT MIGHT RECALL, THE
10 LAST TIME WE WERE HERE, WE HAD A DISCUSSION ABOUT THE JURY
11 QUESTIONNAIRE.
12     THE COURT:  YES.  WHAT IS THE STATUS OF THAT?
13     MR. RAPP:  WELL, WE'VE PROVIDED THE DEFENSE OUR
14 DRAFT, AND WE'RE EXPECTING THAT IF THEY HAVE ANY SUGGESTIONS,
15 IF THERE ARE QUESTIONS THAT THEY HAVE CONCERNS ABOUT, THEY
16 CAN GET BACK TO US AND WE CAN HAVE A MEET-AND-CONFER ON THAT.
17 BUT I JUST WANT THE COURT TO KNOW THAT WE PROVIDED THAT TO
18 THE DEFENSE AND WE'RE PROCEEDING DOWN THAT TRACK.
19     THE COURT:  ALL RIGHT.  MR. KIRBY.
20     MR. KIRBY:  YES, YOUR HONOR.
21     THE COURT:  WHAT'S THE STATUS OF THE JURY
22 QUESTIONNAIRE?
23     MR. KIRBY:  YOUR HONOR, I WAS OUT OF TOWN THIS PAST
24 WEEK ON ANOTHER CASE, SO I HAVEN'T REALLY REVIEWED IT.  BUT I
25 WILL REVIEW IT, AND WE CAN HAVE A STATUS IF YOUR HONOR WOULD

```
                                                                12
1    LIKE.
2              THE COURT:  WILL WE BE ON TRACK WITH RESPECT TO THE
3    JURY ADMINISTRATOR'S -- DID YOU HAVE A DISCUSSION WITH THE
4    JURY ADMINISTRATOR, OR DID -- MR. MCDOWELL, DID THE JURY
5    ADMINISTRATOR GIVE US A TIME FRAME ON WHICH TO HAVE THE
6    QUESTIONNAIRES BACK IN ORDER TO GET THEM OUT TIMELY?
7              THE CLERK:  I BELIEVE WE TALKED ABOUT THAT AT THE
8    LAST HEARING.
9              THE COURT:  DIDN'T WE DISCUSS THAT?
10             MR. RAPP:  WE DID, JUDGE.  I BELIEVE THAT WE
11   ACTUALLY HAVE A TELEPHONIC CONFERENCE ON THAT JURY
12   QUESTIONNAIRE AT THE END OF JULY, AND I THINK IT'S AT THAT
13   POINT THE COURT WAS GOING TO RESOLVE ANY ISSUES WITH THE JURY
14   QUESTIONNAIRE.  AND AFTER THAT, IT WAS GOING TO BE SENT
15   OUT.
16             THE COURT:  ALL RIGHT.  THANK YOU.  THAT CONFERENCE
17   IS THE 27TH OF JULY AT 11:30.
18             MR. KIRBY:  YES, YOUR HONOR.
19             THE COURT:  WE'LL DISCUSS THE MATTER THEN.
20             MR. KIRBY:  AND WE'LL MEET AND CONFER WITH MR. RAPP
21   IN THE MEANTIME.
22             THE COURT:  ALL RIGHT.  VERY WELL.
23             ANYTHING ELSE?
24             MR. KIRBY:  NO, YOUR HONOR.
25             MR. RAPP:  NOT FROM THE UNITED STATES.  THANK YOU.
```

COMPUTER-AIDED TRANSCRIPTION

1     THE COURT: ALL RIGHT. WE'RE IN RECESS.

2           (PROCEEDINGS CONCLUDED AT 1:58 P.M.)

3                         --o0o--

4                     C E R T I F I C A T I O N

5        I HEREBY CERTIFY THAT I AM A DULY APPOINTED,
QUALIFIED AND ACTING OFFICIAL COURT REPORTER FOR THE UNITED
6  STATES DISTRICT COURT; THAT THE FOREGOING IS A TRUE AND
CORRECT TRANSCRIPT OF THE PROCEEDINGS HAD IN THE
7  AFOREMENTIONED CAUSE; THAT SAID TRANSCRIPT IS A TRUE AND
CORRECT TRANSCRIPTION OF MY STENOGRAPHIC NOTES; AND THAT THE
8  FORMAT USED HEREIN COMPLIES WITH THE RULES AND REQUIREMENTS
OF THE UNITED STATES JUDICIAL CONFERENCE.
9
       DATED: SEPTEMBER 23, 2019, AT SAN DIEGO,
10 CALIFORNIA.

11                              S/CAMERON P. KIRCHER
                                CAMERON P. KIRCHER
12

13

14

15

16

17

18

19

20

21

22

23

24

25