UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TYRONE CEDRIC DUREN,<br><br>　　　　　　Defendant. | Case No. 16-CR-2892-JAH<br><br>ORDER ON STIPULATION RE:<br>31241 Old River Road, Bonsall, CA 92003 Parcel # 126-350-17-00 |

　　　　WHEREAS, on or about October 3, 2013, Tyrone Cedric Duren ("Duren") entered into a Purchase Money Deed of Trust agreement ("Deed of Trust") dated October 3, 2013, with The Behar Family Trust (the "Beneficiary"), under which The Behar Family Trust lent Duren funds to purchase the real property commonly described as 31241 Old River Road, Bonsall, CA 92003 Parcel # 126-350-17-00 (the "Bonsall Property").

　　　　WHEREAS, on or about October 3, 2013, Tyrone Cedric Duren and The Behar Family Trust executed a Note on the Deed of Trust in the amount of $370,000.

　　　　WHEREAS, on October 16, 2013, the Deed of Trust was recorded as Document No. 2013-0621541, in San Diego County.

　　　　WHEREAS, on July 31, 2019, the Court ordered the Bonsall Property to be sold via interlocutory sale (doc. 223)

　　　　WHEREAS, on September 3, 2019, Duren's interest in the Bonsall Property was forfeited (doc. 226).

　　　　WHEREAS, the government and the Behar Family Trust agree that as holder of the Note and as beneficiary of the Deed of Trust, the Behar Family Trust's interest in the

Bonsall Property is superior to the government's interest arising out of this action and that the Deed of Trust holds a first priority position in the chain of title to the Bonsall Property.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Upon the interlocutory sale of the Bonsall Property or upon the sale of the Property following forfeiture of it, the balance due under the Note and Deed of Trust, which shall include accrued interest, fees and costs, will be paid to The Behar Family Trust before any sales proceeds are paid or distributed to plaintiff. The payment to The Behar Family Trust shall be an in full settlement and satisfaction of any and all claims by The Behar Family Trust in and to the Bonsall Property. The Behar Family Trust will not pursue against the United States any other rights that it may have under the Deed of Trust and corresponding Note.

2. The parties agree to execute further documents, to the extent necessary, to implement the terms of this stipulation. Each party agrees to bear its own costs and attorney's fees associated with the stipulation.

DATED: September 24, 2019

Hon. JOHN A. HOUSTON
United States District Judge