WILLIAM P. BARR
United States Attorney General

MARK J. WENKER
Special Assistant U.S. Attorney
Arizona State Bar Number 018187
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
mark.wenker@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| United States of America, | Case No. 16-CR-02892-JAH |
|---|---|
| Plaintiff, | |
| vs. | |
| Tyrone Cedric Duren, | REPLY IN SUPPORT OF MOTION TO DISMSS PETITION |
| Defendant, | |
| Ernesto Sanchez-Besneirigoyen, | |
| Petitioner. | |

Petitioner Ernesto Sanchez-Besneirigoyen's petition (doc. 261) should be dismissed because, first, he lacks standing and, second, he failed to state a claim. In his response, petitioner argues at great length that he has standing. For instance, petitioner extensively relies upon *United States v. Farley*, 919 F. Supp. 276 (S.D. Ohio 1996), which only held the claimant had standing.[1] Petitioner did not contend or explain how his petition states a

---

[1] Similarly, petitioner cites and quotes numerous cases dealing with banking deposits (Petition, pp. 9-11), which have unique, well-developed law pertaining to bailments in the banking industry. They are inapposite to the present facts.

claim. Even if the petitioner has standing (which he does not), his petition fails to state a claim and therefore should be dismissed.

## I. THE FACTS CONTAINED IN THE PETITION ARE ASSUMED TO BE TRUE. THE SEIZED MONEY IS RELATED TO, OR PROCEEDS OF, DRUG TRAFFICKING

Despite what is asserted in his petition, petitioner now states that he does not concede that the money at issue was drug proceeds. Petition, p. 5, lns. 15-6. For purposes of a motion to dismiss, the facts set forth in the petition "are assumed to be true." Fed. R. Crim. P. 32.2(c)(1)(A). The verified petition sets forth facts establishing that the money Duren stole from the van is related to drug trafficking and petitioner has presented no evidence to the contrary. According to petitioner, his van had a hidden compartment in the roof, an unnamed person took the van to an unknown location and loaded bags of cash of an unstated amount in the hidden compartment, petitioner and Aragon received a phone call from an unknown person who told them where they could find the van, they retrieved the van and began driving the van with the concealed money back to Mexico, etc. These and other facts in the petition, which must be assumed true, corroborate Duren's admission that the money was drug trafficking proceeds.

Notably, petitioner does not allege how much money was concealed in the hidden roof compartment. This too corroborates that the money Duren took from petitioner was drug trafficking proceeds. DTOs intentionally do not inform their money and drug couriers, like petitioner and Aragon, how much money or the quantity and type of drugs they are transporting.

Moreover, Duren's admission at his plea allocution that the money he stole was drug trafficking proceeds carries "a strong presumption of verity." *See Doe v. Woodford*, 508 F.3d 563, 571 (9th Cir. 2007)(citation omitted). The verified petition not only quotes, but also fails to refute, Duren's admission and, therefore, for purposes of this motion the money that petitioner and Aragon were transporting must be assumed to be drug trafficking proceeds. *See United States v. Spencer*, 2019 WL 2270689 (S.D. Ohio May 28, 2019).

In *Spencer*, the court dismissed a petition for, among other reasons, failure to state a claim. The government seized $13,613.52 from an LLC's bank account, the defendant pled guilty and admitted the seized money was drug trafficking proceeds and/or it facilitated drug trafficking, and the petitioner claimed an interest in the seized money. The petitioner attached various LLC, banking and IRS documents to her petition, but she did not dispute or refute that defendant admitted in his plea agreement that the funds were drug proceeds or they facilitated drug trafficking. The court granted the motion to dismiss for failure to state a claim, stating "Notably, the Petitioner does not dispute the fact that the subject property is drug proceeds or that the US Bank account was used to facilitate drug trafficking."  2019 WL 2270689 at *4.

As all of the facts alleged in the petition must be assumed true and petitioner failed to dispute Duren's admission that the stolen money was drug trafficking proceeds, for purposes of this motion the seized money must be considered drug money.

## II. ONE CANNOT MAKE A CLAIM TO ILLEGAL PROCEEDS, INCLUDING DRUG MONEY

Petitioner contends he has an interest in the stolen money. However, one can never acquire a property right in drug proceeds. *United States v. Salinas*, 65 F.3d 551, 554 (6th Cir.1995); *United States v. Dusenbery*, 223 F.3d 422, 425 (6th Cir. 2000)(citations omitted); *see also United States v. Brandel*, 2019 WL 2110504, at *8 (D. Nev. May 14, 2019) (one cannot own illegal proceeds); *United States v. $45,140.00 Currency*, 839 F. Supp. 556, 558 (N.D. Ill. 1993)("if money constitutes the proceeds of a drug transaction, it is illegal to possess"); *United States v. Tilley*, 18 F.3d 295, 300 (5th Cir. 1994)("The possessor of proceeds from illegal drug sales never invested honest labor or other lawfully derived property to obtain the subsequently forfeited proceeds.")

Congress, too, has dictated that one cannot make a claim to drug money: "[a]ll right, title and interest in property" obtained via the illicit means "vests in the United States upon the commission of the act giving rise to forfeiture." 21 U.S.C. § 853(c); *see also* 21 U.S.C. § 881(a)(6) ("The following shall be subject to forfeiture to the United States and *no property right shall exist in* [drug trafficking proceeds or money used or intended to facilitate drug trafficking]) (emphasis added).

Because petitioner has no property interest in drug trafficking proceeds, his petition fails to state a claim and should be dismissed. Fed. R. Crim. P. 32.2(c)(1)(A).

## III. THE PETITION FAILS TO STATE A CLAIM AS THERE WAS NO BAILMENT

### A. A Bailment Cannot be Created for an Illegal Purpose, Whether Drug Trafficking or Bulk Cash Smuggling

Petitioner asserts an interest in the stolen drug money because he was a bailee and Marcos Aragon was the bailor of the money. Petitioner's claim fails because under California law he and Aragon could not, and did not, create a bailment.

A bailment cannot be created for an illegal purpose, such as drug trafficking or transportation and laundering of drug trafficking proceeds. "Since a bailment is a contract, it must comply with the requisites of a valid contract, including parties capable of contracting, assent, consideration, *and legality*." 9 Cal. Jur. 3d Bailments § 2 (emphasis added). A valid contract requires, among other things, a lawful object. 14 Cal. Jur. 3d Contracts § 3; CAL. CIV. CODE § 1550. If the object of a contract is unlawful, in whole or in part, then the contract is void. CAL. CIV. CODE § 1598; *Armendariz v. Found. Health Psychare Servs., Inc.*, 6 P.3d 669, 775, 24 Cal. 4th 83, 124 (2000) ("If the central purpose of the contract is tainted with illegality, then the contract as a whole cannot be enforced."). Petitioner and Aragon failed to create a valid, enforceable bailment as the purpose of the contract was to further drug trafficking and the object or property involved was drug trafficking proceeds.

Similarly, even if the seized money was not drug money, petitioner and Aragon could not have created a bailment because they were engaged in other illegal activities. They were attempting to smuggle bulk cash into Mexico. As petitioner admits in his

petition, he and Aragon were carrying concealed money and driving to Mexico when Duren stopped their van. Their illegal conduct, whether drug trafficking or bulk cash smuggling, precludes creation of a valid or enforceable bailment. *See* 9 Cal. Jur. 3d Bailments § 2 (bailment cannot be created for an illegal purpose).

As a bailment for the concealed money was not created, petitioner has no cognizable interest in the money and therefore his petition fails to state a claim and it should be dismissed.

**B. Even if Petitioner and Aragon Were not Engaged in Drug Trafficking or Bulk Cash Smuggling, There was No Bailment**

Even assuming, *arguendo*, that petitioner and Aragon were transporting clean money and they were not attempting to smuggle bulk cash, the petition still should be dismissed for failure to state a claim because there was no bailment. "In order to constitute a bailment, actual possession of the article bailed must be given or delivered to a bailee." *Garcia v. Halsett*, 3 Cal. App. 3d 319, 324, 82 Cal. Rptr. 420, 422 (Cal. Dist. Ct. App. 1970)(*citing Porter v. Los Angeles Turf Club*, 40 Cal. App. 2d Supp. 840, 105 P.2d 956 (Cal. App. Dep't Super. Ct. 1940)). Thus, "Generally there is no bailment if the alleged bailee acquires neither dominion over the property nor any right to control its removal." 8 C.J.S., Bailments, § 15 (*citing*, *inter alia, Porter*, 40 Cal. App. 2d Supp. 840, 105 P.2d 956). As further explained in the government's motion, Aragon retained dominion over the money as he never left it with, or delivered it to, petitioner. Petitioner never acquired dominion and control over the money, so a bailment was never created.

Indeed, petitioner could not have had dominion over the money as he did not have the ability to remove it from the van's hidden compartment. According to the petition, after Duren stopped the van, Aragon had to call another person (presumably Aragon's boss) to get instructions on how to open the hidden compartment. Duren then followed those instructions, opened the hidden compartment, and removed the money. Petition, p. 8, lns. 12-17. Because the money was secured in a hidden compartment and only Aragon (or his boss) could access it, Aragon never delivered the drug money to petitioner and no bailment was created. *See Porter*, 40 Cal. App. 2d Supp. 840, 105 P.2d 956.

*Porter* is instructive. The plaintiff in *Porter* parked her car in the defendant's parking lot, paid the parking fee, locked her car and left with her car keys. Someone then stole parts and accessories from the car and she sued claiming breach of a bailment contract. Judgment was entered in plaintiff's favor. The appellate court reversed and remanded, held that a bailment was not created, and stated: "Since here the plaintiff reserved at all times possession of the car in herself, defendant acquiring no dominion over the vehicle nor any right to control removal of it, there was no bailment." 40 Cal. App. 2d Supp. at 842, at 105 P.2d at 957-58.

Similar to the plaintiff in *Porter*, Aragon never delivered possession of the money to petitioner and petitioner never acquired dominion over the money. The *Porter* plaintiff kept the keys to her car so she never transferred possession of the car; Aragon (or his boss) "kept the keys" to the hidden compartment so Aragon (or his boss) never transferred possession of the money in the hidden compartment to petitioner. Just as the *Porter* defendant did not have control or dominion over the car even though it was parked in

defendant's lot, so too petitioner did not have control or dominion over the money even though it was hidden in the roof of the van he was driving.

Only Aragon (or his boss) had dominion and control over the concealed money and Aragon (or his boss) never delivered it to petitioner. Even if the concealed money was not drug money, no bailment was created. *See Porter*, 40 Cal. App. 2d Supp. 840, 105 P.2d 956; *see also Garcia,* 3 Cal. App. 3d 319, 324, 82 Cal. Rptr. 420, 422. The petition, on its face, therefore fails to state a claim and should be dismissed. *United States v. Hailey*, 924 F. Supp. 2d 648, 657 (D. Md. 2013) (purpose of Rule 32.2(c)(1)(A) is to allow courts to dismiss claims without a hearing if, assuming all facts alleged in the claim are true, claimant is not entitled to relief as a matter of law).

## IV. CONCLUSION

Petitioner asks the Court to enforce a contract for an illegal purpose and to return drug proceeds or bulk cash smuggling money to him. Petitioner lacks standing and because no relief can be granted under allegations he set forth in the petition, the petition should be dismissed for failure to state a claim. *See Pacheco v. Serendensky*, 393 F.3d 348, 352 (2d Cir. 2004) (a motion to dismiss a third party claim in the ancillary proceeding is treated like a Rule 12(b) motion in a civil case; all allegations in the petition are assumed to be true, and the petition may be dismissed if no relief could be granted under petitioner's allegations).

Respectfully submitted this 3rd day of January, 2020.

WILLIAM P. BARR
United States Attorney General

*s/ Mark J. Wenker*

MARK J. WENKER
Special Assistant U.S. Attorney

## CERTIFICATION

I certify that on January 3, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants: John David Kirby, L. Marcel Stewart, Hamilton E. Arendsen, Peter Blair, and Richard M. Barnett.

By: *s/Ray Southwick*