UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>TYRONE CEDRIC DUREN,<br><br>                    Defendant. | Case No.:  16cr02892 JAH<br><br>**NOTICE OF THE COURT'S CONSIDERATION OF IMPOSING AN UPWARD DEPARTURE AND RESTITUTION** |

Upon review of the arguments, proffers, facts and circumstances that are part of the record in this case, the parties are hereby on notice that the Court is considering whether to impose a two (2) level upward departure under Section 5K2.0 of the Sentencing Guidelines for one or more of the following reasons:

1. In light of the Defendant's training, experience, work responsibilities, including as a trainer of other law enforcement officers conducting investigations involving money laundering, a two-level upward adjustment for breach of the public trust under-represents the aggravated misconduct in this case; and/or

2. Defendant's conduct in removing personal and attached property from the Bonsall residence prior to its foreclosure sale and while on bond, after agreeing to its interlocutory sale and knowing the property was alleged to be subject to criminal forfeiture, is not otherwise taken into account under the guidelines; and/or

3. Defendant's conduct in removing personal and attached property from the Bonsall residence prior to its foreclosure sale, after agreeing to its interlocutory sale and knowing the property was alleged to be subject to criminal forfeiture, militates against acceptance of responsibility and/or reflects that the adjustment for acceptance of responsibility is over-represented; and/or

4. The conduct in 2 and 3 above represents uncharged misconduct while on bond and is not otherwise taken into account under the guidelines; and/or

5. Defendant's other post arrest conduct including opening foreign bank accounts after the execution of a search warrant at his home, and/or

6. These offender characteristics, taken together, make this case an exceptional one as each characteristic is present in a substantial degree, even if such offender characteristic or circumstance is not ordinarily relevant to a determination of whether a departure is warranted.

Accordingly, the Court will consider whether there exist aggravating circumstances of a kind, or to a degree, not adequately taken into account by the Sentencing Guidelines in formulating the guidelines that should result in a sentence different from that described in the guidelines. 18 USC § 3553(b)(1); USSG § 5K2.0; Fed. R. Crim. P. 32 (h).

These above facts and circumstances are matters of record in this case. The parties should be prepared to address the above particulars at sentencing. No further briefing will be entertained by the Court.

In addition, the parities should be prepared to address whether federal law permits restitution to the third party-mortgage holder victims of the theft of forfeited property which reduced their equity interest in the property either from proceeds of the interlocutory sale as innocent third parties or from Defendant Duren.

DATED:   July 28, 2020

_____
JOHN A. HOUSTON
United States District Judge