UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 16-C2892-JAH |
| Plaintiff, | AMENDED ORDER OF CRIMINAL FORFEITURE |
| v. | |
| TYRONE CEDRIC DUREN, | |
| Defendant. | |

On September 3, 2019, this Court entered its Preliminary Order of Criminal Forfeiture, which condemned and forfeited to the United States all right, title and interest of Tyrone Cedric Duren ("Defendant") in all properties seized in connection with this case, namely:

**A.** <u>**The Bonsall Property**</u>

**1) 31241 Old River Road, Bonsall, California, 92003**

PARCEL NO. 126-350-17-00

Lot 53 San Luis Rey Fairway Estates Unit No. 1, in the County of San Diego, State of California, according to Map thereof No. 6422, filed in the Office of the County Recorder of San Diego County on July 15, 1969.

(the "Bonsall Property"); and

B. **Philadelphia Properties**

**1)** 3188 South Weikel Street, Philadelphia, Pennsylvania 19134;
**2)** 1937 South Alden Street, Philadelphia, Pennsylvania 19143;
**3)** 2831 West Huntingdon Street, Philadelphia, Pennsylvania 19132;
**4)** 1001 West Sedgley Avenue, Philadelphia, Pennsylvania 19140;
**5)** 3107 Arbor Street, Philadelphia, Pennsylvania 19134;
**6)** 2427 North Gratz Street, Philadelphia, Pennsylvania 19132;
**7)** 50 North Millick Street, Philadelphia, Pennsylvania 19139;
**8)** 1301 South Paxon Street, Philadelphia, Pennsylvania 19143; and
**9)** 6033 North American Street, Philadelphia, Pennsylvania 19120

(collectively "the Philadelphia Properties").

For thirty (30) consecutive days ending on October 3, 2019, the United States published on the Government's forfeiture website, www.forfeiture.gov, notice of the Court's Order and the United States' intent to dispose of the Bonsall Property, in such manner as the Attorney General may direct, pursuant to 18 U.S.C. §§ 981(a)(1)(B) and (C) and 982(a), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

Defendants Tyrone Cedric Duren and Jennifer Lynn Duren were notified of the forfeiture via CM/ECF. Neither Tyrone Cedric Duren nor Jennifer Lynn Duren petitioned the Court within thirty (30) days of the final publication for a hearing to adjudicate the validity of an alleged legal interest in the Bonsall Property.

Zenith Trustee Services, US Holding, LLC, US Holding LLC, City of Philadelphia Department of Revenue, Dan McAllister Treasurer-Tax Collector San Diego County, and Albert M. Behar, Mary E. Behar, and Behar Family Trust were all served with a notice of forfeiture via United States Postal Service First-Class Mail and Certified United States Mail.

On July 31, 2019, the Court granted the request of the United States to conduct an interlocutory sale of the Bonsall Property and retain the net proceeds from the sale (the Substituted *res*) to be available for the Court's final order in this case. On September 24, 2019, the Court approved a stipulation between the United States and Behar Family Trust, by and through Trustees Albert M. Behar and Mary E. Behar ("the Behars"). The

stipulation provided for the United States recognizing the Behars' lienholder interest, including the balance due on the note, and all accrued interest, costs and fees to be paid from the proceeds of the interlocutory sale. The Court was advised by the parties that the interlocutory sale occurred before the sentencing hearing and the Behars' claimed interest in the substituted *res* was satisfied upon the sale of the property pursuant to the stipulation and Court order.

On November 4, 2019, Ernesto Sanchez-Besneirigoyen filed a Motion for Hearing to Adjudicate Validity of Petitioner's Interest in Forfeited Property (Doc. 261); on December 6, 2019, the Government moved to dismiss Sanchez-Besneirigoyen's Petition (Doc. 271); and on January 17, 2020, the Court granted the Government's Motion to Dismiss Sanchez-Besneirigoyen's Petition (Doc. 278).  Pursuant to the order of the Court, Sanchez was found to have no right, title and interest in any of the properties identified in the Superseding indictment.

Thirty (30) days have passed following the final date of notice by publication and no third party, other than Sanchez-Besneirigoyen and the Behars, made a claim or filed a petition to or otherwise declared any interest in the Bonsall Property.

On August 5, 2020, at the Defendant's sentencing, the Court ordered forfeiture against the substituted *res* of the Bonsall Property and on motion by the United States, DENIED forfeiture of the Philadelphia Properties.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that, as a result of the failure of any other third party to come forward or file a petition or claim for relief from forfeiture as provided by law, all right, title and interest of Tyrone Cedric Duren, and Jennifer Lynn Duren,  Zenith Trustee Services, US Holding, LLC, US Holding LLC, City of Philadelphia Department of Revenue, Dan McAllister Treasurer-Tax Collector San Diego County, and any and all third parties are hereby condemned, forfeited and vested in the United States of America in the substituted *res* of the Bonsall Property.

IT IS FURTHER ORDERED that the U.S. Department of Homeland Security, Immigration and Customs Enforcement ("ICE") shall dispose of the substituted *res* according to law.

IT IS FURTHER ORDERED that costs incurred by ICE and any other Governmental agencies incident to the seizure, custody, storage and sale of the Bonsall Property, be the first charge against the substitute *res*.

IT IS FURTHER ORDERED that forfeiture of the Philadelphia Properties is DENIED with prejudice and within 21 days, the Government shall record releases of any *lis pendens* it recorded against the Philadelphia Properties.

MOREOVER, WHEREAS, in the Superseding Indictment in the above-captioned case, the United States sought forfeiture of all right, title and interest in property of Defendant pursuant to 18 U.S.C. §§ 981(a)(1)(B) and (C) and 982(a) and 28 U.S.C. § 2461(c), as charged in the Superseding Indictment, and sought and alleged a forfeiture money judgment; and

WHEREAS, on or about May 30, 2019, Defendant pled guilty before the Court to Counts 14-23, 27-34, and 38 of the Superseding Indictment in open court without a written plea agreement; and

WHEREAS, on May 30, 2019, this Court accepted the guilty plea of Defendant; and

WHEREAS, by virtue of the facts admitted by the Defendant during the plea and the facts presented at the evidentiary hearing and at sentencing, the United States has established a nexus between a forfeiture money judgment of $274,967 in United States Currency and the offenses set forth in Counts 14-23, 27-34, and 38 of the Superseding Indictment; and

WHEREAS, by virtue of the admissions of the Defendant in his guilty plea, and the facts presented by the Government, the Court has determined that $274,967 in United States Currency represents property involved in Defendant's money laundering offenses

and the proceeds that Defendant obtained as a result of the offenses to which Defendant pled guilty; and

WHEREAS, as provided in 21 U.S.C. § 853(p), the Defendant shall pay and forfeit to the United States the amount of $274,967 in United States Currency, which forfeiture shall be included and incorporated as part of the judgment in this case; and

WHEREAS, by virtue of said guilty plea and the Court's findings, the United States is now entitled to an Order of Forfeiture in its favor against the Defendant for the property involved in his money laundering offenses and proceeds received by the Defendant in the amount of $274,967 in United States Currency, pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C) and 982(a)(1), 21 U.S.C. § 853, 28 U.S.C. § 2461(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Defendant TYRONE CEDRIC DUREN shall forfeit to the United States the sum of $274,967 in United States Currency pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C), 982(a)(1), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), as property involved in money laundering and the amount of proceeds the Defendant personally and directly received from his offenses of conviction. The forfeiture is in favor of the United States against Defendant, with interest to accrue thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961 from the date of sentencing; and

2. This Court shall retain jurisdiction for the purpose of enforcing this Order of Forfeiture and collecting and enforcing the forfeiture; and

3. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant and is part of his sentence and included in the judgment; and

4. Pursuant to Rule 32.2(b)(3), the United States may, at any time, conduct discovery to identify, locate, or dispose of directly forfeitable assets and substitute assets against which this Order of Forfeiture may be enforced; and

5. The United States may, at any time, pursuant to Rule 32.2(e), substitute other property owned by the Defendant or property in which he has an interest, even if not

otherwise subject to forfeiture in this case, having a value not to exceed $274,967 in United States Currency to satisfy the forfeiture in whole or in part; and

6. The United States may take any and all actions available to it to collect and enforce this forfeiture; and

7. The United States shall dispose of the proceeds of the money judgment in the amount of $274,967 according to the provisions of the criminal judgment filed concurrently herewith and then as provided by law.

DATED: September 2, 2020

HON. JOHN A. HOUSTON
United States District Judge