AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>TYRONE CEDRIC DUREN (1) | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br><br>Case Number:   3:16-CR-02892-JAH<br><br>John Kirby and L Marcel Stewart<br>Defendant's Attorney |

**USM Number**   59172-298

☒  -  Correction of Sentence for Clerial Mistake (Fed. R. Crim. P. 36)

THE DEFENDANT:

☒   pleaded guilty to count(s)   14-23, 27-34, 38 of the Superseding Indictment

☐   was found guilty on count(s)  
      after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title and Section / Nature of Offense** | **Count** |
|---|---|
| 18:1957(a); 18:981(a)(1)(B),(C), 982(a), 28:2461 - Transactional Money Laundering | 14-23 |
| 18:1001(a)(2) - False Statements | 27-34 |
| 26:7201 – Tax Evasion | 38 |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has been found not guilty on count(s)

☒   Count(s)    Remaining counts    are    dismissed on the motion of the United States.

☒   Assessment :  $100.00 as to each count 14-23, 27-34, 38 for a total of $1,900.00 imposed

☐   JVTA Assessment*: $ -

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒   No fine        ☒   Forfeiture pursuant to order filed    9/2/2020    , included herein.

   IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

August 05, 2020  
Date of Imposition of Sentence

*/s/ John A. Houston*  
HON. JOHN A. HOUSTON  
UNITED STATES DISTRICT JUDGE

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | TYRONE CEDRIC DUREN (1) | Judgment - Page **2** of **7** |
| CASE NUMBER: | 3:16-CR-02892-JAH | |

# **IMPRISONMENT**

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

100 months as to each count 14-23 to run concurrently; Dft sentenced to the custody of the Bureau of Prisons for 60 months as to counts 27-34, 38 (30 months to run concurrently with Counts 14-23, and 30 months to run consecutively to Counts 14-23) for a total of 130 months

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).
☒ The court makes the following recommendations to the Bureau of Prisons:

Residential Drug Abuse Program (RDAP)
FCI Sheridan (Oregon) to facilitate family visits

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant must surrender to the United States Marshal for this district:

☐ at _____ A.M. on _____

☐ as notified by the United States Marshal.

☒ The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:

☒ on or before 11/13/2020 by 2:00 PM

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# **RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____ DEPUTY UNITED STATES MARSHAL

3:16-CR-02892-JAH

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | TYRONE CEDRIC DUREN (1) | Judgment - Page **3** of **7** |
| CASE NUMBER: | 3:16-CR-02892-JAH | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant will be on supervised release for a term of:
Supervised Release 3 years as to each count 14-23, 27-34, 38 to run concurrently for a total of 3 years

## MANDATORY CONDITIONS

1. The defendant must not commit another federal, state or local crime.
2. The defendant must not unlawfully possess a controlled substance.
3. The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.
    ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)
4. ☐ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5. ☒ The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6. ☐ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)
7. ☐ The defendant must participate in an approved program for domestic violence. (check if applicable)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached pages.

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | TYRONE CEDRIC DUREN (1) | Judgment - Page **4** of **7** |
| CASE NUMBER: | 3:16-CR-02892-JAH | |

## STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's supervised release, the defendant must comply with the following standard conditions of supervision.  These conditions are imposed   because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation    officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1. The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

3. The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant must answer truthfully the questions asked by their probation officer.

5. The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

7. The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

13. The defendant must follow the instructions of the probation officer related to the conditions of supervision.

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | TYRONE CEDRIC DUREN (1) | Judgment - Page **5** of **7** |
| CASE NUMBER: | 3:16-CR-02892-JAH | |

## SPECIAL CONDITIONS OF SUPERVISION

1. Not enter or reside in the Republic of Mexico without permission of the court or probation officer and comply with both United States and Mexican immigration laws.
2. Report all vehicles owned or operated, or in which you have an interest, to the probation officer.
3. Submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The offender must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the offender has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.
4. Provide complete disclosure of personal and business financial records to the probation officer as requested.
5. Notify the Collections Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation.
6. Notify the Collections Unit, United States Attorney's Office, before transferring any interest in property owned, directly or indirectly, including any interest held or owned under any other name, or entity, including a trust, partnership or corporation.
7. Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.
8. Refrain from all gambling activities, legal or otherwise.
9. Not enter any gambling establishment without the permission of the probation officer and/or the Court.
10. Attend Gamblers Anonymous meetings as directed by the probation officer.
11. You are to participate in a program of drug or alcohol abuse treatment, including urinalysis and sweat patch testing and counseling as directed by the probation officer. You may be required to contribute to the cost of that treatment based upon your ability to pay as determined by the probation officer.
12. Participate in alcohol abuse counseling at the discretion of the probation officer.

//

AO 245S (CASD Rev. 08/13) Judgment in a Criminal Case

| | |
|---|---|
| DEFENDANT: TYRONE CEDRIC DUREN | Judgment - Page 6 of 7 |
| CASE NUMBER: 16-cr-02892-JAH | |

## RESTITUTION

The defendant shall pay restitution in the amount of __$35,005.00__ unto the United States of America.

Pay restitution in the amount of **$35,005.00**, through to the Clerk, U.S. District Court, to:

| Victim | Amount |
|---|---|
| **IRS - RACS**<br>Attn: Mail Stop 6261, Restitution<br>333 W. Pershing Avenue<br>Kansas City, MO 64108 | $35,005.00 |

Any amount collected by the United States on the forfeiture money judgment order filed concurrently herewith shall first be applied to satisfy the restitution order in favor of the Internal Revenue Service. Any and all payments toward restitution shall be applied against the money judgment as a credit toward, and/or otherwise an off-set on, the balance due on the money judgment.

After considering the factors set forth in 18 U.S.C. § 3664(f)(2), the Court finds that the Defendant has the ability to pay the restitution as set forth herein and pursuant to the following payment schedule:

During the period of incarceration, Defendant shall pay restitution through the Inmate Financial Responsibility Program at the rate of a minimum $25 a month up to 50 percent per quarter of all earnings while in custody. The balance of the restitution shall be paid during the course of supervised release and thereafter.

| | |
|---|---|
| DEFENDANT: TYRONE CEDRIC DUREN<br>CASE NUMBER: 16-cr-02892-JAH | Judgment - Page 7 of 7 |

This payment schedule does not foreclose the United States from exercising all legal actions, remedies, and process available to collect the restitution judgment, including but not limited to remedies pursuant to 18 U.S.C. §§ 3613 and 3664(m)(1)(A).

Defendant shall forward all restitution payments, by bank or cashier's check or money order payable to the "Clerk, U.S. District Court," to:

>Clerk of the Court
>United States District Court
>Southern District of California
>333 West Broadway, Suite 420
>San Diego, CA 92101

Until restitution has been paid, Defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in Defendant's economic circumstances that might affect Defendant's ability to pay restitution no later than thirty days after the change occurs.  *See* 18 U.S.C. § 3664(k).

Until restitution has been paid, Defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in mailing or residence address, no later than thirty days after the change occurs.  *See* 18 U.S.C. § 3612(b)(1)(F).

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TYRONE CEDRIC DUREN,<br><br>Defendant. | Case No. 16-C2892-JAH<br><br>AMENDED ORDER OF CRIMINAL FORFEITURE |

On September 3, 2019, this Court entered its Preliminary Order of Criminal Forfeiture, which condemned and forfeited to the United States all right, title and interest of Tyrone Cedric Duren ("Defendant") in all properties seized in connection with this case, namely:

**A. The Bonsall Property**

  **1) 31241 Old River Road, Bonsall, California, 92003**

  PARCEL NO. 126-350-17-00

  Lot 53 San Luis Rey Fairway Estates Unit No. 1, in the County of San Diego, State of California, according to Map thereof No. 6422, filed in the Office of the County Recorder of San Diego County on July 15, 1969.

(the "Bonsall Property"); and

B. **Philadelphia Properties**

1) 3188 South Weikel Street, Philadelphia, Pennsylvania 19134;
2) 1937 South Alden Street, Philadelphia, Pennsylvania 19143;
3) 2831 West Huntingdon Street, Philadelphia, Pennsylvania 19132;
4) 1001 West Sedgley Avenue, Philadelphia, Pennsylvania 19140;
5) 3107 Arbor Street, Philadelphia, Pennsylvania 19134;
6) 2427 North Gratz Street, Philadelphia, Pennsylvania 19132;
7) 50 North Millick Street, Philadelphia, Pennsylvania 19139;
8) 1301 South Paxon Street, Philadelphia, Pennsylvania 19143; and
9) 6033 North American Street, Philadelphia, Pennsylvania 19120

(collectively "the Philadelphia Properties").

For thirty (30) consecutive days ending on October 3, 2019, the United States published on the Government's forfeiture website, www.forfeiture.gov, notice of the Court's Order and the United States' intent to dispose of the Bonsall Property, in such manner as the Attorney General may direct, pursuant to 18 U.S.C. §§ 981(a)(1)(B) and (C) and 982(a), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

Defendants Tyrone Cedric Duren and Jennifer Lynn Duren were notified of the forfeiture via CM/ECF. Neither Tyrone Cedric Duren nor Jennifer Lynn Duren petitioned the Court within thirty (30) days of the final publication for a hearing to adjudicate the validity of an alleged legal interest in the Bonsall Property.

Zenith Trustee Services, US Holding, LLC, US Holding LLC, City of Philadelphia Department of Revenue, Dan McAllister Treasurer-Tax Collector San Diego County, and Albert M. Behar, Mary E. Behar, and Behar Family Trust were all served with a notice of forfeiture via United States Postal Service First-Class Mail and Certified United States Mail.

On July 31, 2019, the Court granted the request of the United States to conduct an interlocutory sale of the Bonsall Property and retain the net proceeds from the sale (the Substituted *res*) to be available for the Court's final order in this case. On September 24, 2019, the Court approved a stipulation between the United States and Behar Family Trust, by and through Trustees Albert M. Behar and Mary E. Behar ("the Behars"). The

stipulation provided for the United States recognizing the Behars' lienholder interest, including the balance due on the note, and all accrued interest, costs and fees to be paid from the proceeds of the interlocutory sale. The Court was advised by the parties that the interlocutory sale occurred before the sentencing hearing and the Behars' claimed interest in the substituted *res* was satisfied upon the sale of the property pursuant to the stipulation and Court order.

On November 4, 2019, Ernesto Sanchez-Besneirigoyen filed a Motion for Hearing to Adjudicate Validity of Petitioner's Interest in Forfeited Property (Doc. 261); on December 6, 2019, the Government moved to dismiss Sanchez-Besneirigoyen's Petition (Doc. 271); and on January 17, 2020, the Court granted the Government's Motion to Dismiss Sanchez-Besneirigoyen's Petition (Doc. 278).  Pursuant to the order of the Court, Sanchez was found to have no right, title and interest in any of the properties identified in the Superseding indictment.

Thirty (30) days have passed following the final date of notice by publication and no third party, other than Sanchez-Besneirigoyen and the Behars, made a claim or filed a petition to or otherwise declared any interest in the Bonsall Property.

On August 5, 2020, at the Defendant's sentencing, the Court ordered forfeiture against the substituted *res* of the Bonsall Property and on motion by the United States, DENIED forfeiture of the Philadelphia Properties.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that, as a result of the failure of any other third party to come forward or file a petition or claim for relief from forfeiture as provided by law, all right, title and interest of Tyrone Cedric Duren, and Jennifer Lynn Duren,  Zenith Trustee Services, US Holding, LLC, US Holding LLC, City of Philadelphia Department of Revenue, Dan McAllister Treasurer-Tax Collector San Diego County, and any and all third parties are hereby condemned, forfeited and vested in the United States of America in the substituted *res* of the Bonsall Property.

IT IS FURTHER ORDERED that the U.S. Department of Homeland Security, Immigration and Customs Enforcement ("ICE") shall dispose of the substituted *res* according to law.

IT IS FURTHER ORDERED that costs incurred by ICE and any other Governmental agencies incident to the seizure, custody, storage and sale of the Bonsall Property, be the first charge against the substitute *res*.

IT IS FURTHER ORDERED that forfeiture of the Philadelphia Properties is DENIED with prejudice and within 21 days, the Government shall record releases of any *lis pendens* it recorded against the Philadelphia Properties.

MOREOVER, WHEREAS, in the Superseding Indictment in the above-captioned case, the United States sought forfeiture of all right, title and interest in property of Defendant pursuant to 18 U.S.C. §§ 981(a)(1)(B) and (C) and 982(a) and 28 U.S.C. § 2461(c), as charged in the Superseding Indictment, and sought and alleged a forfeiture money judgment; and

WHEREAS, on or about May 30, 2019, Defendant pled guilty before the Court to Counts 14-23, 27-34, and 38 of the Superseding Indictment in open court without a written plea agreement; and

WHEREAS, on May 30, 2019, this Court accepted the guilty plea of Defendant; and

WHEREAS, by virtue of the facts admitted by the Defendant during the plea and the facts presented at the evidentiary hearing and at sentencing, the United States has established a nexus between a forfeiture money judgment of $274,967 in United States Currency and the offenses set forth in Counts 14-23, 27-34, and 38 of the Superseding Indictment; and

WHEREAS, by virtue of the admissions of the Defendant in his guilty plea, and the facts presented by the Government, the Court has determined that $274,967 in United States Currency represents property involved in Defendant's money laundering offenses

and the proceeds that Defendant obtained as a result of the offenses to which Defendant pled guilty; and

WHEREAS, as provided in 21 U.S.C. § 853(p), the Defendant shall pay and forfeit to the United States the amount of $274,967 in United States Currency, which forfeiture shall be included and incorporated as part of the judgment in this case; and

WHEREAS, by virtue of said guilty plea and the Court's findings, the United States is now entitled to an Order of Forfeiture in its favor against the Defendant for the property involved in his money laundering offenses and proceeds received by the Defendant in the amount of $274,967 in United States Currency, pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C) and 982(a)(1),  21 U.S.C. § 853, 28 U.S.C. § 2461(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Defendant TYRONE CEDRIC DUREN shall forfeit to the United States the sum of $274,967 in United States Currency pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C), 982(a)(1), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), as property involved in money laundering and the amount of proceeds the Defendant personally and directly received from his offenses of conviction.  The forfeiture is in favor of the United States against Defendant, with interest to accrue thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961 from the date of sentencing; and

2. This Court shall retain jurisdiction for the purpose of enforcing this Order of Forfeiture and collecting and enforcing the forfeiture; and

3. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant and is part of his sentence and included in the judgment; and

4. Pursuant to Rule 32.2(b)(3), the United States may, at any time, conduct discovery to identify, locate, or dispose of directly forfeitable assets and substitute assets against which this Order of Forfeiture may be enforced; and

5. The United States may, at any time, pursuant to Rule 32.2(e), substitute other property owned by the Defendant or property in which he has an interest, even if not

otherwise subject to forfeiture in this case, having a value not to exceed $274,967 in United States Currency to satisfy the forfeiture in whole or in part; and

6. The United States may take any and all actions available to it to collect and enforce this forfeiture; and

7. The United States shall dispose of the proceeds of the money judgment in the amount of $274,967 according to the provisions of the criminal judgment filed concurrently herewith and then as provided by law.

DATED: September 2, 2020

HON. JOHN A. HOUSTON
United States District Judge