UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>TYRONE CEDRIC DUREN<br><br>                              Defendant. | Case No.: 3:16-cr-02892-JAH<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**(ECF No. 370)** |

Defendant Tyrone Cedric Duren ("Defendant") filed a *pro se* motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based on a combination of his medical conditions, the conditions of confinement at FCI Sheridan, and the risks allegedly posed to him by coronavirus. (ECF No. 358). The Court denied his motion citing a failure to establish extraordinary and compelling reasons warranting relief, and alternatively, that a sentence reduction is inconsistent with the factors set forth in § 3553(a). (ECF No. 369). On September 17, 2024, Defendant filed a motion for reconsideration of the Court's order denying compassionate release arguing (1) BOP statistics on coronavirus within their facilities are inaccurate and infection rates in broader society are more reliable; (2) his BOP medical records are inaccurate; (3) the combination of illnesses results in an immunosuppressed state, which places him at greater risk of death or serious injury if he

contracts coronavirus; (4) Defendant is unable to safely receive additional coronavirus vaccines; (5) his hypertension remains unmanaged in BOP custody; and (6) the Court only considers the singular effect of each condition and does not consider the health risks in the aggregate. (ECF No. 370 at 2-7).

"No precise 'rule' governs the district court's inherent power to grant or deny a motion to reconsider a prior ruling in a criminal proceeding." *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013); *see also United States v. Martin*, 226 F.3d 1042, 1047 n. 7 (9th Cir. 2000) ("As the Second Circuit noted in *United States v. Clark*, post-judgment motions for reconsideration may be filed in criminal cases"). In evaluating motions for reconsideration in criminal cases, courts apply the standard that governs civil motions. *See United States v. Mendez*, No. CR-07-00011-MMM, 2008 WL 2561962, at *1 (C.D. Cal. June 25, 2008); *see also United States v. Erazo Hernandez*, No.: 3:12-CR-4965-DMS-2, 2021 WL 347697, *1 (S.D. Cal. Feb. 2, 2021). Rule 60(b) provides that a court may relieve a party from the effect of a judgment or order "for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Civil Local Rule 7.1(i)(1) provides that a party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Contrary to his assertions, the Court took into consideration Defendant's illnesses individually and in combination with the conditions of confinement at FCI Sheridan. (ECF No. 369 at 9-10). Defendant otherwise provides no compelling reason to accept his claims and discount BOP statistics and his medical records as unreliable or inaccurate. Defendant

fails to provide any basis for compassionate release that the Court has not already considered, and he does not persuade the Court that the risk of contracting coronavirus is so significant that a sentence reduction is warranted.

Even if the Court were to accept Defendant's arguments regarding his medical conditions, BOP medical records, and BOP coronavirus statistics as true, he fails to demonstrate that a sentence reduction is consistent with § 3553(a). The Court's Order denying compassionate release found that "the nature and circumstances of the offense, and the need to deter future criminal conduct and adequately reflect the seriousness of the offense warrants" the above the Guideline sentence range imposed. (*Id.* at 12). The Court specifically found that Defendant's use of a government vehicle, his position of trust and connection to traffickers to commit the charged conduct, and the offense occurring during the course of his employment amounted to a "significant abuse of trust" that "not only speaks poorly for [Defendant], but it damages the image of other law enforcement officers[.]" (*Id.* at 11 (citing Tr. Aug. 5, 2020, ECF No. 323 at 20)). Defendant does not address the Court's findings as to the § 3553(a) factors.

For the reasons set forth above, the Court **DENIES** Defendant's motion for reconsideration of the Court's Order denying his motion for compassionate release.

**IT IS SO ORDERED.**

DATED: October 4, 2024

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE